IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                              CASE NO. 23-3182-JWL

(FNU) HARRED, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Brian M. Waterman, is a state prisoner housed at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. Plaintiff filed this § 1983 action alleging that he has received constitutionally deficient health care at EDCF.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical

---

[1] Prior to filing the instant complaint on July 26, 2023, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Waterman v. Westhoff,* Case No. 18-3035 (D. Kan.) (dismissed for failure to state a claim for relief); *Waterman v. Tippie*, Case No. 18-3295 (D. Kan.) (dismissed on defendants' motion to dismiss for failure to state a claim for relief); and *Waterman v. Cherokee County Jail*, Case No. 18-3092 (D. Kan.), Doc. 273 (order of the Tenth Circuit Court of Appeals denying petition for writ of mandamus as frivolous and assessing a strike).

1

harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "The 'imminent danger' exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted). Allegations of past injury or harm are not sufficient to satisfy the imminent danger requirement. *Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012); *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury to Plaintiff. Plaintiff alleges that he may have an "immune deficiency" and that some blood tests were "cancelled." He does not claim to have any symptoms, other than stating that he was "found to be missing two bags of blood" in January of 2022. Plaintiff further alleges that he has a torn right shoulder that has not been treated since September of 2022 and that causes him pain. This type of "vague and utterly conclusory assertions" are insufficient to demonstrate that serious physical harm is imminent. *Hafed*, 635 F.3d at 1180.

Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 27, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated on this 27th day of July, 2023, in Kansas City, Kansas.**

<pre>
                         S/  John W. Lungstrum
                         JOHN W. LUNGSTRUM
                         UNITED STATES DISTRICT JUDGE
</pre>