IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

    **Plaintiff,**

    v.                                       CASE NO. 23-3182-JWL

**(FNU) HARRED, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

      Plaintiff, Brian Michael Waterman, who is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, brings this pro se civil rights case. The Court entered a Memorandum and Order (Doc. 2) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and attachments and found no showing of imminent danger of serious physical injury.

      The Court granted Plaintiff until August 27, 2023, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 2.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order but has filed a Motion for Leave to Proceed in forma pauperis (Doc. 4) and a Response (Doc. 5) to the three-strikes order.

      In the Complaint, Plaintiff included two counts, both for violation of his Eighth Amendment rights. Plaintiff alleged that he may have an "immune deficiency" and that some blood tests were "cancelled." He did not claim to have any symptoms, other than stating that he was "found to be missing two bags of blood" in January of 2022. In the second count, Plaintiff

alleged that he has a torn right shoulder that has not been treated since September of 2022 and that causes him pain.  The Court found that Plaintiff had not demonstrated that serious physical harm is imminent.

In Plaintiff's Response, he does not provide any additional information about his possible immune deficiency mentioned in Count I of his Complaint.  However, as to Count II, Plaintiff alleges that since filing the Complaint, he was given a cellmate who also has a bottom bunk restriction, but prison officials have refused to separate them.  Moreover, they allegedly convinced "Medical" to remove Plaintiff's restriction.  He was then seen by Medical two days later, and his restriction was reinstated.  The restriction was not followed by Unit Team Scolari, and Plaintiff re-injured his shoulder pulling himself up into the top bunk.  Plaintiff asserts that the re-injured shoulder is "constantly throbbing," with pain shooting down to his elbow.  Despite the nurse again informing Unit Team members of Plaintiff's bottom bunk restriction, the restriction continues to be ignored.  Plaintiff further claims that Medical has ordered the use of extra length handcuffs on him, but unit team members refuse to use them, causing him "extreme pain."  Finally, Plaintiff alleges that he has received no treatment at EDCF for his injured shoulder.

Specific allegations that defendants have displayed deliberate indifference toward a plaintiff's serious medical needs and denied him adequate medical treatment can be sufficient to facially establish the PLRA's imminent danger exception to the three-strikes rule.  *Boles v. Colorado Dep't of Corr.*, 794 F. App'x 767, 771 (10th Cir. 2019) (citing *Dopp v. Larimer*, 731 F. App'x 748, 751 (10th Cir. 2018); *Davis. v. GEO Grp. Corr., Inc.*, 696 F. App'x 851, 855 (10th Cir. 2017); *Fuller v. Myers*, 123 F. App'x 365, 367 (10th Cir. 2005); *Hunt v. Uphoff*, 199 F.3d 1220, 1222 (10th Cir. 1999)).  In considering whether a prisoner has met the imminent danger exception, the Tenth Circuit has said that "we require only that [the plaintiff's] allegations facially satisfy the

threshold showing that the imminent-danger exception applies." *Boles,* 794 F. App'x at 770 (citing *see Fuller*, 123 F. App'x at 367–68). Taking Plaintiff's averments as true and giving him the benefit of the doubt as a pro se litigant, *see Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 793-94 (10th Cir. 2012), the Court concludes that he has sufficiently pled that he is in imminent danger of suffering serious physical harm.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 4) is **conditionally granted**, pending Plaintiff's submission of the financial information required by 28 U.S.C. § 1915(a)(2) and receipt of the initial partial filing fee, if any, assessed by the Court based on that information.

**IT IS SO ORDERED**.

Dated September 15, 2023, in Kansas City, Kansas.

>    **S/  John W. Lungstrum**
>    **JOHN W. LUNGSTRUM**
>    **UNITED STATES DISTRICT JUDGE**