IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

    **Plaintiff,**

    v.                                                **CASE NO. 23-3182-JWL**

**(FNU) HARRED, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Brian Michael Waterman, a state prisoner incarcerated at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the Matter before the Court

In the Complaint (Doc. 1), Plaintiff includes two counts, both for violation of his Eighth Amendment rights. Plaintiff alleges in Count I that he was "found to be missing two bags of blood" in January of 2022 while at Hutchison Correctional Facility and that doctors visited him over his "immune deficiency." *Id*. at 4. After he was transferred to EDCF, Chronic Care Provider Flores ordered blood tests in April of 2023. Plaintiff alleges that these blood tests were "cancelled" by Flores and Dr. Harred, placing his life in great danger. *Id*. He further claims that HSA Steward has refused him all chronic care while he has been in segregation. *Id*. In addition, Plaintiff asserts that Unit Manager Buchanan has been "trashing" all of his grievances. *Id*.

1

In the Count II, Plaintiff alleges that he has had a torn right shoulder muscle since September of 2022 and has been refused any treatment by Dr. Harred and HSA Steward. *Id*. at 6, 7. He states that he suffers pain day and night. *Id*. at 6.

Plaintiff included some additional factual allegations in a Response (Doc. 10) to the Court's order initially denying him leave to proceed in forma pauperis. He further sought to amend the Complaint to include these allegations. However, the Court denied his motion to amend, informing Plaintiff that he needed to file a complete amended complaint on court-approved forms if he wanted to add allegations to the Complaint. (*See* Memorandum & Order dated September 26, 2023, Doc. 12). Plaintiff has not filed an amended complaint.

Plaintiff names as defendants (fnu) Harred, doctor at EDCF; (fnu) Steward, HSA at EDCF; (fnu) Flores, healthcare provider at EDCF; (fnu) Buchanan, Unit Manager at EDCF; and Centurion. He seeks injunctive relief in the form of an order to be treated by an outside medical provider and emergency transfer for health and safety, as well as compensatory damages totaling $3,500.00 and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

#### A. The Complaint fails to state a claim based on denial of medical care.

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller*

4

*v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). "A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

Plaintiff's claims are subject to dismissal because he fails to allege sufficient supporting facts. He does not describe his alleged immune deficiency or state whether the condition has been diagnosed by a doctor as mandating treatment, whether he has received any treatment, and what treatment he believes is required. Further, he does no more than make the conclusory assertion that the condition is life-threatening. Similarly, with the shoulder injury, Plaintiff fails to allege that the condition has been diagnosed by a doctor as mandating treatment, what medical care he has received, and how it was constitutionally inadequate. In neither instance does he sufficiently demonstrate an excessive risk of serious harm that any individual disregarded.

### B. Defendant Centurion is subject to dismissal.

Plaintiff names Centurion as a defendant. Centurion is a private corporation that contracts with the state to provide medical care to the prisoners at EDCF. A private party that violates the constitutional rights of another while acting under color of state law is subject to suit under § 1983. However, in the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). Plaintiff must allege an official policy of Centurion that is the "moving force" behind a violation of his constitutional rights. *Monell*, 436 U.S. at 694-95. Plaintiff has failed to allege the requisite causative custom or policy. Centurion is therefore subject to dismissal.

### C. The Complaint fails to state a claim based on failure to respond to grievances.

Plaintiff mentions in Counts I and II that his grievances are being thrown away or ignored. (Doc. 1, at 5, 6.) If he is attempting to state a constitutional claim against the defendants based on

their failure to abide by KDOC grievance procedures, or their failure to investigate or resolve grievances in a manner satisfactory to Plaintiff, such claims are not actionable under § 1983. The Tenth Circuit has held that there is no independent constitutional right to state administrative grievance procedures and that the voluntary provision of an administrative grievance process does not create a liberty interest in that process. *Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017); *Von Hallcy v. Clements*, 519 F. App'x 521, 523-24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Redick v. Coy*, 2022 WL 1026892 *3 (D. Kan. 4/6/2022). In addition, an alleged violation of Kansas regulations or the inmate rule book is not a deprivation of a federal right for which recovery is possible under § 1983. *See West,* 487 U.S. at 48 ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States").

The alleged lack of a response to Plaintiff's grievances does not, by itself, give rise to a constitutional violation. A prison official's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under § 1983); *Greer v. DeRobertis,* 568 F. Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); *see also Shango v. Jurich,* 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment).

"Instead, '[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Boyd*, 443 F. App'x at 332 (quoting *Flick v. Alba*, 932 F. 2d 728, 729 (8th Cir. 1991)); *Sawyer v. Green*,

7

316 F. App'x 715, 717 n.3 (10th Cir. 2008) (holding officials' lack of response to prisoner's grievances did not constitute a constitutional violation because "[p]rocedurally, nothing more is required than [the inmate's] ability to raise his constitutional claims in the courts, which he obviously has done here by filing a § 1983 complaint.").

To the extent Plaintiff seeks relief arising from the defendants' alleged failures to abide by grievance procedures and adequately respond to or investigate Plaintiff's grievances, the claims are not actionable under § 1983 and are therefore subject to dismissal.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3182-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **November 17, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **November 17, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated October 17, 2023, in Kansas City, Kansas.**


<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**