IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.                              CASE NO. 23-3182-JWL

(FNU) HARRED, et al.,

    Defendants.

# **O R D E R**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On October 17, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 13) granting Plaintiff until November 17, 2023, in which to show cause why his complaint should not be dismissed or to file a proper second amended complaint on court-approved forms. Plaintiff has filed a Motion to Order Warden Jesse Ho[w]es and Unit Manager Williams to Stop Denying Plaintiff Access to the Courts (Doc. 14).

Plaintiff's motion asserts that since October 7, 2023, Warden Howes and Unit Manager Williams (neither of whom are defendants to this action) have denied him access to his legal materials (paper, pen, court forms, and all other legal work from the court concerning this case). He states that Howes was deputy warden at EDCF when Plaintiff filed this lawsuit and is now the warden at Lansing Correctional Facility ("LCF"), where Plaintiff is being held in segregation. Plaintiff further alleges that Williams is refusing to let him have any legal papers while in segregation. He states that he has filed a grievance over the situation. Plaintiff seeks to have the

1

Court order that Plaintiff be provided with all legal work pertaining to this case. He further seeks an extension of time to respond to the MOSC.

First, Plaintiff has failed to meet his obligation to notify the Court of his current address. Court records show Plaintiff as residing at EDCF. If Plaintiff was transferred to LCF on October 7, the only mail regarding this case that Plaintiff should have received is the MOSC, which was mailed to him at EDCF on October 17. His receipt of the MOSC would naturally be delayed if he no longer resided at EDCF.

As for Plaintiff not having access to his legal papers while in segregation at LCF, the Court does not typically interfere with the day-to-day operations of the facility. The Court will direct the Clerk to provide Plaintiff with another copy of the MOSC and another set of forms for submitting an amended complaint, if he chooses to do so. The Court will also grant Plaintiff an extension of time to respond to the MOSC and/or submit an amended complaint.

To state a claim for denial of access to the courts, Plaintiff "must demonstrate actual injury from interference with his access to the courts" by showing that defendants "frustrated or impeded his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir.

1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not alleged that he suffered an actual injury due to the limitations on access to his legal materials. If Plaintiff believes he has a court access claim, he should file an action after fully exhausting the facility's grievance procedures. Plaintiff's current motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Order Warden Jesse Howes and Unit Manager Williams to Stop Denying Plaintiff Access to the Courts (Doc. 14) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff's is granted until **December 1, 2023,** in which to file a response to the MOSC and/or a proper amended complaint on court-approved forms.

The clerk is directed to send Plaintiff another copy of the MOSC (Doc. 13) and § 1983 forms and instructions.

**IT IS SO ORDERED**.

**Dated November 1, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
