Brian Waterman
Name

LCF P.O. Box 2

Lansing KS 66043
Address

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

Brian Michael Waterman, Plaintiff
(Full Name)

V.

Doctor Haried, Defendant(s)

CASE NO. 23-3182-JWL
(To be supplied by the Clerk)

**AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983**

## A. JURISDICTION

1) Brian Waterman (Plaintiff), is a citizen of KS (State) who presently resides at Lansing Correctional Facility (Mailing address or place of confinement.)

2) Defendant Dr. Haried (Name of first defendant) is a citizen of Eldorado, KS (City, State), and is employed as Doctor (Position and title, if any). At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

acting in official and individual capacity

3) Defendant **Sarah Madawick** is a citizen of
   (Name of second defendant)

**Eldorado, KS**, and is employed as
(City, state)

**Health Service Administrator**. At the time the
(Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

**acting in official and Individual capacity**

(Use the back of this page to furnish the above information for additional defendants.)
**on back.**

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

**42 U.S.C 1988 attorney fees. § 9 of the Kansas Constitution Bill of rights cruel and or unusal punishment. 28 USC 1915(9)**

B. NATURE OF THE CASE

1) Briefly state the background of your case:

In July 2022 I injuried my shoulder a partial Tear. An MRI was ordered in Oct. 22. It was finally done April, 2023. Rotation an Movement of the shoulder are painful, grinding an poping of the bones in shoulder. Dispite Having a bone spur in left Knee, plantra fasciits in both feet, torn Muscle. UT Little had nurse Knipp discontinue my bottom bunk restriction, UT Sedavi an UTM Buchanan ordered me on top bunk causing me to reinjury shoulder. Orthopedic in Aug, 2023 ordered P.T. which still has been followed, leaving me with a painful shoulder. refused extra length handcuffs at EDCF.

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                2

Defendant(3) nurse Knipp, Eldorado, KS, nurse. Yes acting under color of state law. Official, Individual Capacity.

Defendant(4) Nicole Scolari, Eldorado KS, Unit Team. Yes acting under color of state law. Official and Individual Capacity.

Defendant (5) FNU Little, Eldorado KS, unit Team, Yes acting under color of state law, official an Individual capacity.

Defendant (6) FNU Buchanan, Eldorado KS, unit Manager, Yes acting under color of state law. Official an Individual Capacity.

Defendant(7) Jesse Howes, Lansing KS, warden, Yes acting under color of state law. Official and Individual Capacity.

Defendant (8) FNU Shaw, Lansing KS, property officer. Yes acting under color of state law. Official and Individual Capacity.

Defendant(9) FNU Jaku, Lansing KS, guard, Yes acting under color of state law. Official and Individual Capacity.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

   A) (1) Count I: Under the 8th amendment cruel and or unusual punishment with the §9 of the Kansas Constitutional Bill of rights, for a deliberate indifference may be proven by showing that prison officials intentionally

   (2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.): From July 2022 till November 1st 2023 physical therapy has not been done. That my right shoulder hurts considerably throughout day an night along with my neck, numerous grievances have been filed in June and July, August 2023 to staff and Jeff Zuma. No remedy given.

   B) (1) Count II: 1st amendment retaliation constitutional violation for filing 42 USC 1983 on EDCF staff and medical staff. It is well settled that prison officials may not

   (2) Supporting Facts: Property officer Shaw has had my legal box since at least 23rd of October an refused to send it or inform A2 unit Team.

A)(1) Count 1: denied, delayed access to or interfered with an inmates necessary medical care. Estelle v. Gamble 429 U.S. 97, 104 (1976) Jones v. Hannigan, 959 F. Supp. 1400, 1406 (D. Kan. 1997) Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). That Dr. Haried and HSA Madgwick deliberately delayed my MRI from Jan 2023 to April, 2023 Must be considered with the substantial delay in scheduling the appointment with the onsite orthopedic who comes once a week, I wasn't seen until August 23rd, 2023, prolonging treatment to my torn muscle. May of 2023 the MRI shown the tear to the right shoulder muscle. In July 2022 I was seen and injections were ministered to my right shoulder, which did not help. At HCF. due to being left with a torn muscle causing me to shrug and roll my shoulder around caused a neck injury, which a MRI was ordered by the orthopedic in Aug. 2023. PT has also been prescribed by a specialist orthopedic but has not been followed at EDCF nor Lansing Correctional Facility. The ortho specialist stated the partial tear will not heal until the muscle is strenghthend. The liggiments are loose around the shoulder muscle, and bones. Causing the pain with rotation of the shoulder and popping and grinding of the bones in the shoulder. Furthermore after the MRI showed in May of 2023 the tear in my right shoulder and was documented by EDCF medical staff Nurse Knipp knowing I had this diagnosis discontinued my bottom bunk restriction in Aug, 2023 for UT. Little. UT. Scolari, and UTM. Buchanan forced me on top bunk so Nick Shealdon could have bottom bunk. Threatened me with a slam cell, no phone, tablet, commissary, or property if I did not comply. Even after being informed of the torn muscle, by me and a different nurse. There actions caused me to reinjure my shoulder shooting pain down to my elbow, climbing up and getting down from top bunk. The lengthty delay and interference with such serious medical needs has left me in considerable pain for more than a year."Were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disreguard it" Verdicia v. Adams 327 F.3d 1188, 1193 (10th Cir. 2003) The substantial harm may be based on "an intermediate" injury such as pain experienced while waiting for treatment and analgesics" Al-Turki v. Robinson, 762 F.3d 1188, 1193 (10th Cir. 2014) Sparks v. Singh 690 Fed. App. 598 (10th Cir. 2017) The unit Team had a duty not to place two bottom bunk restricted inmates together in the same cell. At HCF due to this injury medical staff ordered extra length hand cuffs, which EDCF did not follow. Numerous form-9s were placed along with medical requests. Even after medical advised A2 unit Team Scolari of the order only once or twice was this order followed. Once again Interference with serious medical care caused me considerable pain when being handcuffed behind my back for showers 3x a week coming and going, medical appts, or my cell mates. Squeezing my shoulders together which shot pain throughout my shoulder to my neck. KDOC non-medical and medical have a history of delaying medical to inmates that result in permenant damage, and considerable pain. See Howard v. Cline, 2012 Kan. App. Unpub. Lexis 21. Were inmate Howards deliberate delay resulted in him not being able to receive HCV medical treatment.

—1—

Doctor Haried nor HSA Madgwick are following up on inmates treatment, charts, or medical care, even after I informed them in May, June, July, August, September. The arguement does not stand "We buried our heads in the sand, therefore we can not be deliberately Indifferent because we did not know what was going on above ground medical care is our Job". Because they merely refused to verify underlying facts that they strongly suspected to be true or decline to confirm inferences of risk that they strongly suspected to exist (Farmer 511 US at 843 n. 8.) The fact that none of either Dr. Haried nor HSA Madgwicks nurses follow any medical orders, and deliberately go against prescribed orders that result in pain and unwanton infliction to the inmate. That this rogue staff are reckless in medical care. Any lay person would easily recognize the necessity for non-delayed medical care for a torn Muscle. Any lay person could recognized that an inmate with a torn Muscle, plantra fasciits in both feet, bone spurs in left knee, arthritis in both shoulders should not have his bottom bunk restriction removed, See Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000) Farmer v. Brennan 511 U.S. 825, 834 (1994) And physical theraphy has still not been started.

-2-

(count II)B)". retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." Requena, 893 F.3d at 1211)

On October 7th, 2023 I was placed in crisis medical cell over anxiety caused by my pills siqular which have been discontinued. In retaliation all my personal property was left in a four man cell with three other inmates until Oct 23, 2023. Allowing them to steal my radio, fan, canteen, cups, bowls, CL headphones, All my hygiene, personal cloths, prescribed eye glasses. KDOC staff are trained before they work here knowing not to leave inmates property in a cell he does not live in.

   Had it not been for this 42 U.S.C 1983 on EDCF unit team and unit managers my property would've been immediately packed up, and not left to be stolen. That Warden Jesse Hoses a month prior to becoming warden here was deputy warden at EDCF. This conflict has carried over to Lansing. As it is not a well-settled policy to leave an inmates personal property behind for weeks to be stolen. Officer Jaku left my property in B6-205, then the next one and so forth. As count is done 3x a day obviously my name was taken off, and the officer informed of the reason. for several KDOC employees to ignore packing my property clearly produces that this was more than mere negligence. @ "This challenged action would not have occurred 'but for' a retaliatory motive" Baughman v. Saffle, 24 F. App'x 845, 848 (10th Cir. 2001) Smith v. Maschner, 899 F.2d 940, 945-50 (10th Cir. 1990)

   To futher produce elements of retaliation my entire legal box has been denied to me, while in segregation which is 18x12x6. Following IMPP 12-120 (1)(c)(1) and IMPP 12-120(1)(c)(3) That segregation inmates are allowed a 18x12x6 box of legal work. This has also resulted in this court screening my 42 U.S.C 1983 without allowing me to amend my complaint. This was done to deny me right of access to the courts. Keeping my court forms, paper, envelopes, pen from me to hinder my "efforts to pursue" a non-frivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349 (1996) That my cellmate has provided me with pen and paper to complete this amended complaint sent by the courts on October 17th 2023. As of November 1st 2023 my legal work has still not been handed over to me with my filings to the courts and notes concerning my torn shoulder. A grievance has been filed over this. form-9s to the captains office, B6 unit team, property officer Shaw.

   A2 unit team Reed, unit manager williams, Restricted housing administrator tell me my legal work can not be kept from but refuse to go pick it up from property. "LCF prison staff in retaliation are frustrating and impeded on my efforts to pursue a non frivolous legal claim concerning conditions of confinement" Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010) This claim results from continued constitutional violations of the orginal action.

—1—

C) (1) Count III: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☐. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

      Plaintiffs: Brian Waterman

      Defendants: Cherokee County Jail

   b) Name of court and docket number 17-CV-3092-JWB

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Dismissed

   d) Issues raised pretrial detainee punishment

Injunitive relief; That all personal property be replaced by KDOC. Radio, fan, CL 5 Headphones, spliter, soap & body wash, shampoo, Bick green razors, mirror, lotion, finger nail clippers, 2 cups, two bowls w/lid. two Blue Hanes boxers XL. Possible Legal transcripts, Motions, Evidence in criminal case 16-CR-000124.

e) Approximate date of filing lawsuit __2018__

f) Approximate date of disposition __2023__

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

to receive medical treatment P.T. bottom bunk restriction, extra length hand cuffs. Did not want to file this suit. Did everything not too. All efforts to resolve this medical issue was denied and ignored repeatedly.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

compensatory $3500.00, punitive $3500.00 Injuntive relief my legal work ordered to not be stripped from while pursuing this case. And all necessary medical treatment be provided immidiately. Immediate transfer to larned or Elsworth for medical care, to prevent retaliation

_Brian Waterman 126456_
Signature of Plaintiff

_____
Signature of Attorney (if any)

_____

_____
(Attorney's full address and telephone number)

5

XE-2 8/82            CIVIL RIGHTS COMPLAINT §1983