## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

     Plaintiff,

     v.                            CASE NO.  23-3182-JWL

(FNU) HARRED, et al.,

     Defendants.

### MEMORANDUM AND ORDER

This matter is a civil rights action pursuant to 42 U.S.C. § 1983.  The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed.  (*See* Memorandum and Order to Show Cause, Doc. 13) ("MOSC").  Before the Court for screening is Plaintiff's Amended Complaint (Doc. 17) ("AC").  Plaintiff has also filed a Motion for Preliminary Injunction (Doc. 16) and a Motion to Appoint Counsel (Doc. 18).  The Court's screening standards are set forth in detail in the MOSC.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action.  He is currently incarcerated at the Lansing Correctional Facility ("LCF") in Lansing, Kansas.  However, the allegations forming the basis of his claims occurred at the El Dorado Correctional Facility ("EDCF").  The Court granted Plaintiff leave to proceed *in forma pauperis*.

In the AC, Plaintiff includes two counts.  Plaintiff alleges a violation of the Eighth Amendment in Count I.  He states that he has had a partially torn right shoulder from an injury in July of 2022.  He states that rotation and movement of the shoulder is painful.  Despite having

other physical issues, Unit Team Little ordered the discontinuation of his bottom bunk restriction, and Unit Team Scolari and Buchanan ordered him onto the top bunk.  Plaintiff alleges that this caused him to reinjure his shoulder.  He asserts that an MRI in May, 2023, confirmed the tear, and "orthopedic" ordered physical therapy in August of 2023,[1] but the order has not been followed. Plaintiff adds that he was refused extra length handcuffs at EDCF and that he has filed numerous grievances in June, July, and August but has received no remedy.  (Doc. 17, at 2, 4.)

In the Count II, Plaintiff alleges retaliation under the First Amendment.  He states that he was placed in segregation in a crisis medical cell at LCF on October 7, 2023, and in retaliation, all of his property was left in his previous cell until October 23.  Plaintiff alleges that this allowed other inmates to steal his property.  He asserts that had it not been for this lawsuit, his property would have been removed immediately.  *Id*. at 7.  He further claims that Property Officer Shaw has had his legal box since at least October 23, 2023, and has refused to send it to him.  *Id*. at 4. Plaintiff states that he has filed a grievance about the situation.

Plaintiff names as defendants (fnu) Harred, doctor at EDCF; Sarah Madgwick, Health Services Administrator at EDCF; (fnu) Knipp, nurse at EDCF; Nicole Scolari, Unit Team at EDCF; (fnu) Little, Unit Team at EDCF; (fnu) Buchanan, Unit Manager at EDCF; Jesse Howes, Warden at LCF; (fnu) Shaw, Property Officer at LCF; and (fnu) Jaku, guard at LCF.  He seeks injunctive relief in the form of an order for all legal work to be returned to him, all necessary medical treatment be provided immediately, and immediate transfer to Larned State Correctional Facility or Ellsworth Correctional Facility.  He further seeks compensatory and punitive damages of $3,500.00 each.

---

[1]  Plaintiff later alleges that "from July 2022 till November 1st 2023 physical therapy has not been done." (Doc. 17, at 4.)

## II.  Additional Information Needed

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report.  Once the Report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

## III.  Motions

Plaintiff has filed two motions.  The first is a Motion for Preliminary Injunction (Doc. 16). Plaintiff seeks immediate transfer and physical therapy based on substantially the same allegations contained in his Amended Complaint.

The Court will only grant a preliminary injunction after the plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest.  *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009).  Further, there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

"Further, because the purpose of preliminary injunctions is to preserve the relative positions of the parties until trial, they are specifically disfavored if they alter the status quo, are

mandatory (as opposed to prohibitory), or afford the movant all the relief that could be recovered after a full trial." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005)). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* (quoting *Schrier*, 427 F.3d at 1259).

Here, Plaintiff requests a mandatory injunction that would alter the status quo and provide him with the primary relief he could recover after a trial. Moreover, he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal and has not demonstrated a likelihood of imminent irreparable harm. For these reasons, the Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. Thus, Plaintiff's motion is denied.

In his Motion to Appoint Counsel (Doc. 18), Plaintiff alleges that his legal filings are not being returned to him promptly and are not being filed properly by LCF staff. He asserts that if counsel is not appointed, the Court must take some other action. This is Plaintiff's second request for appointment of counsel.

The Court has considered Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his

strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that:

The KDOC shall submit the *Martinez* Report by **January 27, 2024.**  Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint.  If the Amended Complaint survives screening, the Court will enter a separate order serving defendants and setting an answer deadline.

(1)     KDOC officials are directed to undertake a review of the subject matter of the Amended Complaint:

        a.      To ascertain the facts and circumstances;

        b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

        c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(2)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the KDOC officials wish to file any exhibits or

portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(3)     Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(4)     Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(5)     No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 16) and Motion to Appoint Counsel (Doc. 18) are **denied**.

Copies of this order shall be transmitted to Plaintiff, to counsel for the KDOC, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated November 27, 2023, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**