UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

GORDON HARRED, *et al.*,

    Defendants.

Case No. 23-3182-DDC-RES

**ORDER**

This matter comes before the court on Plaintiff's Motion to Stay Proceeding. ECF No. 45. Defendants Gordon Harrod, Kelly Knipp, Sarah Madgwick, (fnu) Buchannan, Nicole Scolari, and (fnu) Little have filed a response opposing the Motion. ECF No. 47. Plaintiff's reply brief was due by June 12, 2024, but Plaintiff did not file a reply brief by that deadline, and no reply is on file as of the date of this order. *See* ECF No. 46 (imposing a briefing schedule). For the reasons explained below, the Motion to Stay is denied.

Plaintiff, who proceeds pro se and is incarcerated, requests that the Court stay this civil proceeding because of the procedural status of his criminal case. ECF No. 45. Specifically, on March 28, 2024, the Kansas Supreme Court denied a petition for review of the Kansas Court of Appeals' decision affirming in part and reversing in part the judgment of the district court in Plaintiff's criminal case. ECF No. 45-1; *see also State v. Waterman*, 540 P.3d 378, 407 (2023), *review denied* (Mar. 28, 2024). The Kansas Court of Appeals vacated Plaintiff's sentence and remanded the case to the district court for resentencing and to hold a hearing on Plaintiff's pro se motion for a new trial. *Id.* As the Kansas Court of Appeals explained, "[i]f on remand the district court denies the motion [for a new trial], finding no ineffective assistance of counsel, a new trial

is unnecessary and the district court can resentence Waterman using a correct criminal history score.  But if the district court grants the motion for new trial, finding ineffective assistance of counsel, a new trial must be held and trial counsel appointed." *Id.*  Plaintiff indicates that he will be transferred to Columbus, Kansas for these proceedings and that this transfer will burden all parties and the Court unless a stay is granted.  ECF No. 45 at 1.  While he does not specify when the stay should be lifted, he estimates that the state court process should not take "more than 90 days to finish up." *Id.*

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  The Tenth Circuit, however, is clear that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

In support of the Motion, Plaintiff cites to *Stohr v. Scharer*, No. 17-1018-JWB, 2018 WL 2427427 (D. Kan. May 30, 2018), which addresses factors the Court considers when determining whether to stay a civil case in light of a pending criminal case.  These factors include:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the [non-moving party] in proceeding expeditiously weighed against the prejudice to [the non-moving party] caused by the delay; (4) the private interests of and burden on the [moving party]; (5) the interests of the courts; and (6) the public interest.

*Id.* *2.  None of the parties individually address these factors.

The Motion provides few factual details that could support a 90-day stay of this case. Plaintiff notifies the Court of the existence of criminal proceedings and asserts that Plaintiff's transfer to another facility would burden the parties and the Court. *See generally* ECF No. 45. These conclusory statements are insufficient to establish that a wholesale stay is warranted. Regardless, the Court will briefly address the six above factors, which weigh against a stay for the reasons explained below.

*First*, the issues in this civil case do not appear to overlap with the issues in the criminal case. This factor is "the most important issue at the threshold to determine whether to grant a stay." *Id.* This is because the risk of self-incrimination is more likely when issues in a criminal case significantly overlap with those in a civil case. *Garcia v. City of Leavenworth, Kan.*, No. 19-2049-JAR-KGG, 2019 WL 3302306, at *2 (D. Kan. July 23, 2019). Here, Plaintiff alleges violations of his Eight Amendment rights stemming from inadequate medical care while he was incarcerated, in violation of 42 U.S.C. § 1983. *See generally* ECF No. 38 (screening order describing the claim that remains). In contrast, Plaintiff's criminal case involves convictions for attempted first-degree murder, aggravated kidnapping, and aggravated burglary after Plaintiff "stormed into the home of Bob Hopkins and repeatedly stabbed him." *Waterman*, 540 P.3d at 385. Plaintiff has not identified any overlapping issues between the cases, and the Court cannot discern any either.

Even if there were overlapping issues, the Court does not find this civil lawsuit presents a serious risk of self-incrimination given the procedural stage of the criminal case. The Kansas Court of Appeals remanded the case for resentencing and directed the district court to hold a hearing on Plaintiff's pro se motion for a new trial. *Id.* at 407. Notably, it did not order a new trial and expressly stated that if the district court denied the motion, "a new trial is unnecessary and the

district court can resentence Waterman using a correct criminal history score[.]" *Id.* In sum, it is unknown at this time whether the district court will grant Plaintiff a new trial, and Plaintiff does not allege how there is a risk of self-incrimination in the absence of a new criminal trial. This factor weighs against a stay.

*Second*, some courts have found the filing of an indictment or other criminal charge is a factor that weighs in favor of a stay. *See, e.g., Howell v. Watkins*, No. 22-CV-00269-CMA-NYW, 2022 WL 1165774, at *2 (D. Colo. Apr. 20, 2022), *report and recommendation adopted*, No. 22-CV-00269-CMA-NYW, 2022 WL 1451903 (D. Colo. May 9, 2022). The rationale for this factor weighing in favor of a stay is that "(1) the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and (2) the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Howell v. Watkins*, No. 22-CV-00269-CMA-NYW, 2022 WL 1165774, at *2 (D. Colo. Apr. 20, 2022) (internal quotations and citations omitted), *report and recommendation adopted*, No. 22-CV-00269-CMA-NYW, 2022 WL 1451903 (D. Colo. May 9, 2022).

These concerns are not present here where Plaintiff has been convicted and has yet to be granted a new trial. Moreover, there is not significant (if any) overlap between the civil case and the criminal case, as explained above. In the absence of overlapping issues, "[t]his factor does not impact the Court's decision regarding a stay of the proceedings in light of the determination . . . that the is no overlap between the civil and criminal proceedings." *Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, No. 1:20-CV-00080-JMC, 2021 WL 7287673, at *2 (D. Wyo. Oct. 21, 2021). This factor weighs against a stay.

4

*Third*, the Court recognizes that parties have a recognized interest in expeditious civil proceedings, including completion of discovery. *See, e.g., Stohr*, 2018 WL 2427427, at *3. Granting a stay would only further delay the ultimate resolution of this case, which again appears to have no overlap with Plaintiff's criminal case. This factor weighs against a stay.

*Fourth*, Plaintiff states only that his transfer to another facility "in the middle of critical stages would burden both parties and the courts." ECF No. 45 at 1. But Plaintiff provides no examples of why this is true. While the Court recognizes that Plaintiff may experience certain time constraints because of the remaining criminal proceedings and his transfer, the Court can address these concerns by entering a scheduling order that provides deadlines to allow all parties ample time to fully discover this case and to allow Plaintiff time to participate in his remaining criminal proceedings.

Beyond the circumstances specified in the Motion, Plaintiff does not allege that he has other private interests that weigh in favor of a stay, such as a need to protect himself against potential self-incrimination or revealing his criminal defense strategy, an interest in avoiding the consequences of asserting his Fifth Amendment rights, or a desire to avoid expanding the range of criminal discovery.[1] But again, where the issues in the cases do not overlap—and given the procedural posture of the criminal case—it is difficult to see how matters in this case could expose Plaintiff to potential self-incrimination, expose a criminal defense strategy, expand the range of criminal discovery, or prompt Plaintiff to exercise his Fifth Amendment rights in the context of

---

[1]    *See, e.g., Trial Laws. Coll.*, 2021 WL 7287673, at *3; *MacKay v. Drug Enf't Admin.*, 664 F.3d 808, 820 (10th Cir. 2011) ("[t]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."); *Stohr*, 2018 WL 2427427, at *3 (recognizing that a party might be prejudiced by invoking his Fight Amendment rights because the opposing party counsel seek an adverse inference against him).

this civil case.  Again, Plaintiff does not argue that any of these circumstances are present.  This factor is, at best, neutral.

*Fifth*, the Court has an interest in efficiently managing its caseload, which generally weighs against a stay.  *Garcia*, 2019 WL 3302306.  As previously stated, the Court can address Plaintiff's concerns by imposing lengthier scheduling order deadlines to account for Plaintiff's transfer to another facility and remaining criminal proceedings.  In the event the state district court grants Plaintiff a new criminal trial, he is free to move for targeted extensions of any scheduling order deadline.

*Sixth* and finally, the public has a general interest in seeing civil disputes resolved in an efficient and timely manner.  *Stohr*, 2018 WL 2427427, at \*3.  Here, where the allegations go toward the care and treatment of an inmate, the public has a greater interest in seeing these allegations resolved in a timely manner, which weighs against granting a stay.

Because the above factors weigh against granting a stay, Plaintiff's Motion is denied.  As explained above, the Court separately will enter a scheduling order imposing deadlines that take into account Plaintiff's remaining criminal proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Stay Proceeding, ECF No. 45, is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 18, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

6