UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

GORDON HARRED, *et al.*,

    Defendants.

Case No. 23-3182-DDC-RES

## ORDER

This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's Motion for Legal Work to Remain in [his] Custody, ECF No. 49, and on his Motion to Prevent Assault or Harassment, ECF No. 50. The Court rules without awaiting further briefing because neither Motion presents an entitlement to the relief Plaintiff requests. For the reasons explained below, the Motions are denied.

### I. MOTION FOR LEGAL WORK TO REMAIN IN PLAINTIFF'S CUSTODY, ECF No. 49

Plaintiff requests that the Court "order Cherokee County Sherriff's department to return me to RDU with all of my legal work, including case law." ECF No. 49 at 1.[1] He further states that "Captain Michelle Tippe tried to keep my legal work after sentencing on January 4, 2022, when I had legal actions in this court pending." *Id.* Although not entirely clear, it appears Plaintiff anticipates being transferred to the custody of the Cherokee County Sherriff's Department to await resentencing. *See* ECF No. 45 at 1 (Plaintiff's motion to stay, stating that he anticipates being

---

[1] Plaintiff does not explain what he means by RDU. The Court interprets this as the Reception & Diagnostic Unit at El Dorado Correctional Facility ("EDCF"), which conducts the intake process at the El Dorado facility.

transferred to Columbus, Kansas, which is in Cherokee County); *see also State v. Waterman*, 540 P.3d 378, 407 (2023) (remanding for resentencing and to hold a hearing on Plaintiff's pro se motion for a new trial), *review denied* (Mar. 28, 2024).  The Court construes his Motion as seeking an order directing the Cherokee County Sheriff's department to allow Plaintiff access to his legal work.

To the Court's knowledge, Plaintiff currently is housed at the Ellsworth Correctional Facility.  ECF No. 48 (Plaintiff's June 4, 2024 Notice of Change of Address stating that Plaintiff is housed at Ellsworth Correctional Facility).  While there are multiple Defendants in this litigation, Defendant has not sued the Cherokee County Sheriff or individuals associated with the Cherokee County Sheriff's department in this lawsuit.  Plaintiff does not explain any legal basis for why the Court can or should enter an order in this civil case compelling actions from a nonparty, such as the Cherokee County Sheriff's department.

Moreover, Plaintiff does not allege that he is currently being deprived of any access to any legal work.  *See generally* ECF No. 49.  He alleges that an individual—who again is not a named party in this lawsuit—"tried to keep my legal work after sentencing on Jan. 4th, 2022, when I had legal actions in this court pending."  ECF No. 49.  There is no allegation that this attempt actually deprived Plaintiff of any legal work, much less legal work related to this lawsuit.  While Plaintiff states he had pending litigation in this court in 2022, this lawsuit was not filed until July 26, 2023.  ECF No. 1 at 2.

In sum, Plaintiff seeks prospective relief based on speculative reasons from nonparties.  There is simply no live issue for the Court to resolve involving parties that are currently before this Court, and therefore, Plaintiff's Motion is denied.

## II.     MOTION TO PREVENT ASSAULT OR HARASSMENT, ECF No. 50

Plaintiff originally sued a large number of Defendants. *See generally* ECF Nos. 1 (original complaint), 17 (amended complaint). On April 19, 2024, however, the Court entered a Memorandum and Order that screened the amended complaint and dismissed Plaintiff's retaliation claim and dismissed multiple Defendants. ECF No. 18. The remaining Defendants are: a physician at EDCF, an EDCF unit manager, an EDCF health service administrator, an EDCF nurse, and two EDCF unit team leaders. *See generally id.* The only remaining claim in this case is an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 (Count I), stemming from alleged inadequate medical care and treatment for Plaintiff's shoulder injury. *Id.* at 2. Again, Plaintiff is currently housed at Ellsworth Correctional Facility, not at EDCF. *See* ECF No. 48 (notice of change of address).

The Motion appears to concern two separate requests. *First*, it appears that Plaintiff seeks a court order directing the Kansas Department of Corrections and/or EDCF to "prevent assault or harassment while at El Dorado RDU," as the title of the Motion suggests. ECF No. 50 at 1. Plaintiff explains that while he has been housed at El Dorado Correctional Facility "black suits 'sort' have assaulted me and harassed me." ECF No. 50 at 1. It further states that because of this ongoing litigation, "[t]hese KDOC employees may try to assault me or have other inmates do it in retaliation." *Id.* As an initial matter, the Court notes that Plaintiff is currently residing at an entirely different facility, and it is unclear when or if he will be transferred back to EDCF.

Moreover, Plaintiff does not explain that any alleged conduct by the "black suits" involves the present Defendants. In *Cherokee County Jail*, which is a separate case filed by Plaintiff in this District, the court cautioned Plaintiff that it could not grant relief as to individuals or circumstances unrelated to the case at hand. 18-3092-JWB, ECF No. 375 at 2 ("Plaintiff cannot bring motions

3

in this case that are entirely unrelated to this case."). The same is true here. Plaintiff's Motion appears to concern unnamed entities that are not parties to this case and potentially a retaliation claim that was dismissed from this lawsuit. ECF No. 38.

*Second*, Plaintiff also suggests further harassment by virtue of alleged inadequate medical care. He notes that he has "doctors appointments for this week for my shoulder, knees, and feet" and suggesting "[i]f the courts and defendants agree, this RDU trip could be one day or less and me return to ECF so my medical can be adequately dealt with and resolution of this case." ECF No. 50 at 1.

As an initial matter, it is not clear what relief Plaintiff seeks from the Court with respect to his upcoming medical appointments. The coordination and scheduling of doctors' appointments and prisoner transport generally are not issues for this Court to resolve. Rather, "prison management functions should be left to the broad discretion of prison administrators in order to enable them to manage prisons safely and effectively." *Session v. Carson*, No. 18-CV-00239-PAB-KLM, 2019 WL 5790665, at *5 (D. Colo. May 9, 2019) (denying a motion for injunctive relief concerning three nonparty Colorado Department of Correction officials because plaintiff did not meet the high standard that applied to the relief requested) *report and recommendation adopted*, No. 18-CV-00239-PAB-KLM, 2019 WL 4727634 (D. Colo. Sept. 27, 2019); *see also Koch v. BOP*, No. 21-CV-00781-LTB-GPG, 2021 WL 11684151, at *3 (D. Colo. July 7, 2021) (citing *Citizens Concerned for Separation of Church & State v. Denver,* 628 F.2d 1289, 1299 (10th Cir. 1980) and noting, on screening, that "courts should interfere with the management of prisons only under exceptional and compelling circumstances"), *report and recommendation adopted*, No. 21-CV-00781-LTB-GPG, 2021 WL 11684149 (D. Colo. July 30, 2021).

In this case, Plaintiff has not presented a proper legal or factual basis for the Court to grant relief with respect to Plaintiff's upcoming medical appointments. To the extent the Motion could be read as seeking injunctive relief—which again is not clear—Plaintiff has not satisfied the applicable legal standard. *See generally Session*, 2019 WL 5790665, at *4-6 (explaining that "[t]o the extent Plaintiff's allegations are true, the Court is not unsympathetic to Plaintiff's assertions regarding his desire for additional medical care for his hernia and knee; however, the Court cannot find that Plaintiff's medical state demonstrates exceptional and compelling circumstances warranting Court intervention in prison management at this time, especially against non-parties."). For these reasons, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Legal Work to Remain in [his] Custody, ECF No. 49, is **DENIED**.

**IT IS FURTHER ORDERED** that Motion to Prevent Assault or Harassment, ECF No. 50, is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 18, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

5