IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN WATERMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-CV-03182 |
| GORDON HARROD, et al., | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR MEDICAL CARE

COME NOW Defendants Gordon Harrod, MD, Kelly Knipp, and Sarah Madgwick (collectively, "Medical Defendants"), through counsel John Hicks of Norris Keplinger Hicks and Welder, LLC and (fnu) Buchanan, Nicole Scolari, and (fnu) Little (collectively, "KDOC Defendants"), through counsel Whitney L. Casement of Stevens & Brand, L.L.P., and provide the following response in opposition to Plaintiff's Motion for Medical Care.

In short, because Plaintiff is now in the custody of a county jail, the State defendants have no authority or jurisdiction to determine the medical care Plaintiff receives. Moreover, his claims for injunctive relief may be entirely moot if he is successful in his upcoming hearing on his Motion for a New Trial in his criminal case, currently set for July 26, 2024 in Cherokee County District Court. (See attached Commitment).

### A. Introduction

Plaintiff is an inmate at Cherokee County Jail ("CCJ") and seeks a preliminary injunction requiring Defendants to provide medical services to Plaintiff at CCJ. Specifically, Plaintiff alleges that he has been denied medical care from providers at CCJ and, additionally, has been denied a pillow at CCJ. However, CCJ is a county jail and, as such, is not under the jurisdiction of the

Kansas Department of Corrections ("KDOC"). Therefore, none of these named Defendants, who are employed by the KDOC and/or the KDOC's contracted healthcare provider, have authority or ability to provide medical care to Plaintiff at CCJ.

### A. Arguments and Authorities

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A court may grant a party a preliminary injunction only when monetary or other traditional legal remedies are inadequate, and "the right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quotations omitted).

A movant must prove four factors to obtain a preliminary injunction or restraining order: (1) the movant "is substantially likely to succeed on the merits; (2) [the movant] will suffer irreparable injury if the injunction is denied; (3) [the movant's] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016) (citing *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009)). *See also* Fed. R. Civ. Proc. 65. In seeking an injunction, the movant must "make[ ] a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 724.

For the reasons set forth herein, Plaintiff's Motion for Medical Care must fail as Plaintiff fails to prove that he is entitled to a preliminary injunction and should be denied by this Court.

I. <u>Plaintiff is Unlikely to Succeed on the Merits as these Defendants Have not Failed to Provide Medical Treatment to Plaintiff at CCJ.</u>

Here, Plaintiff alleges he has been denied treatment at CCJ related to his shoulder pain. Specifically, Plaintiff alleges that an unnamed healthcare provider at CCJ refused to see Plaintiff and that Plaintiff has been denied a pillow at CCJ.

However, these named Defendants have no authority or involvement at CCJ, and, as such, cannot provide treatment within the jail. *See Jordan v. Sosa*, 654 F.3d 1012, 1030 (10th Cir. 2011) (dismissing prisoner's appeal as moot where the prisoner had "not sued defendants who are actually situated to effectuate any prospective relief that this court might afford him."); *Norton v. Parsons*, No. 23-4055, 2024 WL 358239, 2024 U.S. App. LEXIS 2109, at *4 (10th Cir. Jan. 31, 2024) ("if a 'prisoner's claims for . . . injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief.'") (quoting *Jordan v. Sosa*, 654 F.3d at 1027). Therefore, Plaintiff cannot support his Motion, and, consequently, Plaintiff is unlikely to succeed on the merits of his claim.

II. <u>Plaintiff has not Proved He will Suffer Irreparable Harm if Injunction is Denied.</u>

Plaintiff will not suffer irreparable harm absent a preliminary injunction. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Here, Plaintiff alleges that he has been denied access healthcare for his shoulder pain. However, Plaintiff has failed to prove that his injury is certain, great, and actual in relation to these Defendants. As discussed above, none of these Defendants have authority to provide health services to Plaintiff at CCJ. Therefore, Plaintiff has failed to prove that he will suffer an irreparable

harm absent a preliminary injunction. Thus, this factor does not weigh in favor of granting Plaintiff's Motion.

   III.   The Balance of Harm Weighs in Favor of Denying the Motion for Injunction.

The harm to Defendants likely outweighs the harm to Plaintiff. This element looks to prove that the threatened injury to the movant outweighs damages that the proposed injunction may cause to opposing parties. *Greater Yellowstone Coalition*, 321 F. 3d at 1255.

Here, Plaintiff has failed to make a clear and unequivocal showing that his alleged injury outweighs the significant harm to Defendants should an injunction issue. If the proposed injunction issues, Defendants will have no ability to provide the ordered care as these Defendants do not have authority to provide the proposed treatment. Therefore, Defendants would suffer great harm if Plaintiff's Motion was granted.

   IV.   The Injunction would be Adverse to the Public Interest.

The last factor does not weigh in favor of granting Plaintiff's Motion. Here, Plaintiff wholly failed to address whether the public interest would be affected by the outcome of his Motion. In *Wichita Wire*, where the plaintiff failed to present evidence concerning this factor, the court found that the irreparable harm to the defendant "outweighed the potential harm, if any, to the public." *Wichita Wire, Inc.*, 11 Kan. App. 2d 459 (1986). Here, Plaintiff has failed to present evidence relevant to this factor. Furthermore, it is averse to the public to require Defendants to provide medical care to an inmate that is no longer in their custody as it places an impossible burden on Defendants. Therefore, the last factor likely weighs in favor of Defendants.

**B. Conclusion**

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Medical Care as he has failed to prove that he is entitled to a preliminary injunction.

| | |
|---|---|
| **STEVENS & BRAND, L.L.P.** | **NORRIS KEPLINGER HICKS & WELDER, LLC** |
| /s/ *Whitney L. Casement* | /s/ *John Hicks* |
| Whitney L. Casement #25466 | John Hicks, jh@nkfirm.com, #20474 |
| 4848 SW 21st Street, Suite 201 | 11551 Ash Street, Suite 200 |
| Topeka, KS 66604 | Leawood, KS 66211 |
| Tel: 785-408-8000 | Tel: (913) 663-2000 |
| Fax: 785-408-8003 | Fax: (913) 663-2006 |
| WCasement@StevensBrand.com | Counsel for Defendants Gordon Harrod, MD |
| Counsel for KDOC Defendants | Kelly Knipp, and Sarah Madgwick |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, the above and foregoing document was transmitted via regular mail to:

Brian Waterman

Cherokee County Jail

915 E. Country Road

Columbus, Kansas 66725

                                                      /s/ *John Hicks*
                                          **Attorney for Defendants Gordon Harrod, MD, Kelly Knipp, and Sarah Madgwick**

ELECTRONICALLY FILED
2024 Jun 25 AM 8:07
CLERK OF THE CHEROKEE COUNTY DISTRICT COURT
CASE NUMBER: 2016-CR-000124
PII COMPLIANT

IN THE DISTRICT COURT OF CHEROKEE COUNTY, KANSAS

State of Kansas

v.                                                                              Case No. CK-*2016*-CR-*124*

*Brian Waterman*

## COMMITMENT-COUNTY JAIL

TO: David Groves, Sheriff of Cherokee County, Kansas

WHEREAS, ON THIS *21* day of *June*, 2024, an action pending in the District Court of Cherokee County, wherein the State of Kansas and *Brian Waterman* defendant, with counsel *Burton Harding* appeared. It is considered, ordered and adjudged by the Court that the defendant is hereby committed to the Cherokee County Jail in Columbus, Kansas, and is to remain there *Motion Hearing, Friday, July 26, 2024 at 2:00pm, in person.*

Additional conditions of release are as follows: *No Bond*

*June 21, 2024*
Date

Hon. Maradeth Frederick
District Court Judge