**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRIAN WATERMAN,** | ) |
| Plaintiff, | ) |
| v. | )  **Case No. 5:23-CV-3182-JWL** |
| **GORDON HARROD, et al.,** | ) |
| Defendants. | ) |

---

**DEFENDANTS GORDON HARROD, MD, KELLY KNIPP, AND SARAH MADGWICK'S JOINT ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW, Defendants Gordon Harrod, MD. Kelly Knipp, and Sarah Madgwick (collectively, "Medical Defendants"), by and through the undersigned counsel, and for their Joint Answer to Plaintiff's Amended Complaint, state as follows:

**A.  Jurisdiction**

1.      Upon information and belief and in response to paragraph A(1), the Medical Defendants admit that Plaintiff is a citizen of Kansas. They are uncertain where Plaintiff currently resides.

2.      In response to paragraph A(2), the Medical Defendants state that Gordon Harrod, MD, is a citizen of El Dorado, Kansas. The remaining allegations contained in paragraph A(2) are denied and the Medical Defendants specifically deny that Defendant Harrod committed any wrongdoing in his treatment of Plaintiff.

3.      In response to the first paragraph A(3), the Medical Defendants state that Sarah Madgwick, is a citizen of El Dorado, Kansas. The remaining allegations contained in paragraph A(3) are denied and the Medical Defendants specifically deny that Defendant Madgwick committed any wrongdoing in her treatment of Plaintiff.

26185471.v2

4.      In response to the second paragraph A(3)[1], Defendants state that Kelly Knipp is a citizen of El Dorado, Kansas. The remaining allegations contained in paragraph A(3/4) are denied and Defendants specifically deny that defendant Knipp committed any wrongdoing in her treatment of Plaintiff.

5.      The allegations of the first paragraph A(4) are not directed towards these Medical Defendants and, therefore, no response is required. To the extent that a response is required, the Medical Defendants deny the same.

6.      The allegations of paragraph A(5) are not directed towards these Medical Defendants and, therefore, no response is required. To the extent that a response is required, the Medical Defendants deny the same.

7.      The allegations of paragraph A(6) are not directed towards these Medical Defendants and, therefore, no response is required. To the extent that a response is required, the Medical Defendants deny the same.

8.      The allegations of paragraph A(7) are not directed towards these Medical defendants and, therefore, no response is required. To the extent that a response is required, the Medical Defendants deny the same.

9.      The allegations of paragraph A(8) are not directed towards these Medical Defendants and, therefore, no response is required. To the extent that a response is required, the Medical Defendants deny the same.

10.      The allegations of paragraph A(9) are not directed towards these Medical Defendants and, therefore, no response is required. To the extent that a response is required, the Medical Defendants deny the same.

---

[1] There are two paragraph A(3) in Plaintiff's Amended Complaint.

11. The allegations in the second paragraph A(4)[2] relating to jurisdiction assert legal conclusions so that no response is required. To the extent that a response is required, the Medical Defendants deny the same.

### B. Nature of the Case

12. The Medical Defendants deny the allegations contained in paragraph B(1).

### C. Cause of Action

13. The Medical Defendants deny the allegations of paragraph C(1).

14. The Medical Defendants deny the allegations of paragraph C(1)(A)(1).

15. In response to paragraph C(1)(A)(2) of Plaintiff's Amended Complaint, the Medical Defendants hereby incorporate by reference, as though fully stated herein, their responses to all previous paragraphs in Plaintiff's Amended Complaint. The Medical Defendants specifically deny that they committed any wrongdoing in their treatment of Plaintiff.

16. The Medical Defendants deny the allegations of paragraph C(1)(B)(1).

17. In response to paragraph C(1)(B)(2) of Plaintiff's Amended Complaint, the Medical Defendants hereby incorporate by reference, as though fully stated herein, their responses to all previous paragraphs in Plaintiff's Amended Complaint. The Medical Defendants specifically deny that they committed any wrongdoing in their treatment of Plaintiff.

---

[2] There are two paragraphs A(4) in the Amended Complaint, including one relating to a defendant and one relating to jurisdiction.

### D.  **Previous Lawsuits and Administrative Relief**

18.     The Medical Defendants are without sufficient information to admit or deny the allegations contained in paragraph D(1) and the subparagraphs included therein and, therefore, deny the same.

### **2) Request for Relief**

19.     Defendants deny the allegations contained in paragraph D(2)(1).

### **Jury Demand**

Defendants Gordon Harrod, MD, Kelly Knipp, and Sarah Madgwick demand a trial by jury on all issues herein.

### **Affirmative Defenses**

1.     Any and all allegations not specifically admitted above are denied in their entirety.

2.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against these Medical Defendants.

3.     These Defendants affirmatively state that the fault of all parties to the occurrence, whether or not parties to this action, must be compared in this action pursuant to Kansas law.

4.     Plaintiff is not entitled to any relief under 42 U.S.C. 1983, 28 U.S.C. 1343, or any other statute cited in his Amended Complaint.

5.     Plaintiff has not been denied any rights protected by the United States Constitution or any portion of the United States Code.

6.     The Medical Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of these Medical Defendants.

26185471.v2

7.     Any injuries or damages sustained by Plaintiff were the direct and unavoidable consequence of Plaintiff's pre-existing medical conditions and were not caused or contributed to be caused by the negligence or fault of these Medical Defendants.

8.     In the alternative, any injuries or damages sustained by Plaintiff were directly and proximately caused or contributed to by the negligence or fault of Plaintiff and the Plaintiff's claims are barred or diminished as a result thereof.

9.     In the further alternative, any injuries or damages sustained by Plaintiff were directly and proximately caused or contributed to by the negligence or fault of other persons over whom these Medical Defendants had no control and for whom these Medical Defendants bear no legal responsibility.

10.     These Medical Defendants affirmatively state that any potential recovery against them should be reduced and/or limited by the Kansas statutes applicable to claims against health care providers.

11.     Plaintiff may have failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act. 42 U.S.C. 1997e(a). Accordingly, his Amended Complaint is subject to dismissal on that basis.

12.     This Court lacks subject matter jurisdiction as, even if Plaintiff's allegations were able to be proven, the allegations against these Medical Defendants would amount to mere negligence at best, which is not recognized as a deprivation of Plaintiff's constitutional rights.

13.     Plaintiff's allegations regarding his medical treatment do not constitute deliberate indifference.

14.     Kansas law provides tort and other remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

26185471.v2

15.     The Medical Defendants aver that, at all times in treating Plaintiff, they exercised the same degree of care, skill and diligence as other health care providers would have exercised under similar circumstances and that at no time did these Medical Defendants act toward Plaintiff with deliberate indifference to a serious medical need.

16.     The Medical Defendants plead the affirmative defenses of contributory negligence and assumption of risk.

17.     The Medical Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Kansas Department of Corrections.

18.     The Medical Defendants plead the affirmative defense that Plaintiff has failed to mitigate his own damages.

19.     The Prison Litigation Reform Act amendment to 42 U.S.C. 1997e(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, and fails to state a claim upon which relief can be granted, or seeks money damages from a defendant which is entitled to immunity.

20.     These Medical Defendants affirmatively state that they are immune from liability under the Kansas Tort Claims Act K.S.A. 75-6104.

21.     Plaintiff's Amended Complaint fails to state a claim for which relief can be granted as to punitive damages.

22.     These Medical Defendants assert that an award of punitive damages in this action would violate these Medical Defendants' state and federal constitutional rights.

23.     These Medical Defendants reserve the right to plead any additional affirmative defenses as they become known or available.

26185471.v2

**WHEREFORE,** having fully answered, Defendants Gordon Harrod, MD, Kelly Knipp, and Sarah Madgwick respectfully request this Honorable Court dismiss the Plaintiff's Complaint, enter judgment in favor of Defendants, and for any and all other relief as this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/Katrina L. Smeltzer*
Katrina L. Smeltzer, #26623
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
816.627.5332
816.627.5532 (Fax)
ksmeltzer@sandbergphoenix.com

*Attorney for Defendants Gordon Harrod, MD, Kelly Knipp, and Sarah Madgwick*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July 2024, the foregoing was filed electronically with the Clerk of the Court and mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

**LEGAL MAIL**

Brian Waterman, 126456
Cherokee County Jail
915 E. Country Road
Columbus, KS 66725
*Pro Se Plaintiff*

*/s/ Katrina L. Smeltzer*

26185471.v2