# UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN,
                Plaintiff,

v.                                                    Civil Case No. 23-03182-DDC-RES

GORDON HARROD, et al.,
                Defendants.

## KDOC DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants (fnu) Buchanan, Nicole Scolari, and (fnu) Little (the "KDOC

Defendants"), through counsel Whitney L. Casement of Stevens & Brand, L.L.P., file this

Answer to Amended Complaint. Any allegation not expressly admitted herein is

denied.

## A.  JURISDICTION

1.      Upon information and belief and in response to paragraph A(1), the

KDOC Defendants admit that Plaintiff is a citizen of Kansas. Denied that he currently

resides at Lansing Correctional Facility.

2.      KDOC Defendants have insufficient information to admit or deny the

allegations in paragraph A(2). As such, the allegations are denied.

3.      KDOC Defendants have insufficient information to admit or deny the

allegations in paragraph A(3) on page 2 of the Amended Complaint. As such, the

allegations are denied.

1

4.    KDOC Defendants have insufficient information to admit or deny the allegations in paragraph A(3) on page 3 of the Amended Complaint. As such, the allegations are denied.

5.    Paragraph A(4) on page 2 of the Amended Complaint contains only legal conclusions to which no response is required.

6.    In response to paragraph A(4) on page 3 of the Amended Complaint KDOC Defendants admit that Defendant Scolari is employed at El Dorado Correctional Facility and was acting under color of state law at all times referenced in the Amended Complaint.

7.    In response to paragraph A(5), KDOD Defendants admit that Defendant Little is employed at El Dorado Correctional Facility and was acting under color of state law at all times referenced in the Amended Complaint.

8.    In response to paragraph A(6), KDOD Defendants admit that Defendant Buchanan is employed at El Dorado Correctional Facility and was acting under color of state law at all times referenced in the Amended Complaint.

9.    KDOC Defendants have insufficient information to admit or deny the allegations in paragraph A(7). As such, the allegations are denied.

10.    KDOC Defendants have insufficient information to admit or deny the allegations in paragraph A(8). As such, the allegations are denied.

11.     KDOC Defendants have insufficient information to admit or deny the allegations in paragraph A(9). As such, the allegations are denied.

## B.  NATURE OF THE CASE

1.     KDOC Defendants deny the allegations in paragraph B(1).

## C.  FIRST CAUSE OF ACTION

1.     To the extent paragraph C(1)(A)(1)-(2) contain allegations which require a response, KDOC Defendants deny the allegations.

2.     To the extent paragraph C(1)(B)(1)-(2) contain allegations which require a response, KDOC Defendants deny the allegations.

## D.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.     KDOC Defendants have insufficient information to admit or deny the allegations in paragraph D(1). As such, the allegations are denied.

## E.  REQUEST FOR RELIEF

1.     To the extent paragraph E(1) contains allegations to which a response is required, the same are denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against KDOC Defendants.

2.     Plaintiff's claims are barred, in whole or part, by the equitable doctrine of unclean hands.

3.    Plaintiff's claims are barred, in whole or part, by the equitable defense of estoppel.

4.    Plaintiff's claims are barred, in whole or part, defenses of waiver and release.

5.    Plaintiff's claims are barred, in whole or part, because Plaintiff lacks damages caused in whole or part by any wrongful action of Defendants.

6.    Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by Eleventh Amendment sovereign immunity.

7.    Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by qualified immunity.

8.    Plaintiff's claims are barred by the applicable statute of limitations.

9.    Plaintiff's claims are barred by failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.

10.    Plaintiff failed to mitigate his monetary damages.

11.    Plaintiff's claims for injunctive relief are moot.

12.    Plaintiff has not pleaded and cannot prove the requisite standard for an award of punitive damages.

13.    KDOC Defendants affirmatively state that the fault of all parties to the occurrence, whether or not parties to this action, must be compared in this action pursuant to Kansas law.

4

14.     The KDOC Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of KDOC Defendants.

15.     Any injuries or damages sustained by Plaintiff were the direct and unavoidable consequence of Plaintiff's pre-existing medical conditions and were not caused or contributed to be caused by the negligence or fault of KDOC Defendants.

16.     In the alternative, any injuries or damages sustained by Plaintiff were directly and proximately caused or contributed to by the negligence or fault of Plaintiff and the Plaintiff's claims are barred or diminished as a result thereof.

17.     In the further alternative, any injuries or damages sustained by Plaintiff were directly and proximately caused or contributed to by the negligence or fault of other persons over whom KDOC Defendants had no control and for whom KDOC Defendants bear no legal responsibility.

18.     This Court lacks subject matter jurisdiction as, even if Plaintiff's allegations were able to be proven, the allegations against KDOC Defendants would amount to mere negligence at best, which is not recognized as a deprivation of Plaintiff's constitutional rights.

19.     Kansas law provides tort and other remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

20.     KDOC Defendants plead the affirmative defenses of contributory negligence and assumption of risk.

21.     KDOC Defendants did not personally participate in any alleged constitutional violations.

22.     KDOC Defendants deferred to medical providers in determining treatment and restrictions necessary for Plaintiff.

23.     The Prison Litigation Reform Act amendment to 42 U.S.C. 1997e(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, and fails to state a claim upon which relief can be granted or seeks money damages from a defendant which is entitled to immunity.

24.     KDOC Defendants affirmatively state that they are immune from liability under the Kansas Tort Claims Act K.S.A. 75-6104.

25.     KDOC Defendants reserve the right to plead any additional affirmative defenses as they become known or available.

WHEREFORE, Defendants respectfully request that this Court deny all of Plaintiff's prayers for relief including any and all claims for damages, interest, costs, and attorneys' fees and expenses, and grant KDOC Defendants such other and further relief as the Court deems just and proper.

## JURY DEMAND

KDOC Defendants request a jury trial on all issues which are triable in this action and further request that such trial be held in Topeka, Kansas.

Respectfully submitted,
**STEVENS & BRAND, L.L.P.**

*/s/ Whitney L. Casement*
Whitney L. Casement #25466
4848 SW 21st Street, Suite 201
Topeka, KS 66604
Tel: 785-408-8000
Fax: 785-408-8003
WCasement@StevensBrand.com
*Counsel for KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the CM/ECF electronic filing system, and a copy sent by U.S. Mail, postage prepaid to:

Brian Waterman #126456
LSCF
1318 KS Hwy. 264
Larned, KS 67550

*/s/ Whitney L. Casement*
Whitney L. Casement

7