UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

v.

GORDON HARRED, *et al.*,

    Defendants.

Case No. 23-3182-DDC-RES

**ORDER**

    This matter comes before the court on Plaintiff's Second Motion to Stay Proceedings. ECF No. 57. Defendants Gordon Harrod, Kelly Knipp, Sarah Madgwick, (fnu) Buchannan, Nicole Scolari, and (fnu) Little have filed a response opposing the Motion.[1] ECF No. 61. Plaintiff's reply brief was due by July 26, 2024, but Plaintiff did not file a reply brief by that deadline, and no reply is on file as of the date of this order.[2] *See* ECF No. 58 (imposing a briefing schedule). For the reasons explained below, the Motion to Stay is denied.

    Plaintiff previously filed a motion to stay this case because of the procedural status of his state-court criminal case. ECF No. 45. The Court denied that motion on June 18, 2024, and less than two weeks later, on July 1, 2024, Plaintiff filed the present Motion to Stay. ECF Nos. 51 and 57. Plaintiff, who proceeds pro se and is incarcerated, now requests that the Court stay this case

---

[1] The Court utilizes the spelling of Defendants' names as used by Defendants themselves.

[2] The Court rules without further delay because Plaintiff's Motion does not present an entitlement to the relief he seeks, and delaying a ruling would only serve to potentially cause confusion or further delays in this case.

because Plaintiff is experiencing ongoing issues receiving and sending filings transmitted via U.S. Mail, among other things.[3]  *See generally* ECF No. 57.

As an initial matter, by filing a second motion to stay within 14 days of the Court's denial of the original motion to stay, Plaintiff's motion effectively seeks reconsideration of the Court's denial of the original motion to stay.  D. Kan. Rule 7.3 lists the limited bases for seeking reconsideration of a court order.  "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  Plaintiff's present Motion does not address this standard.  In this limited instance, the Court considers the merits of the Motion because some of Plaintiff's arguments concern circumstances arising since the Court's prior order and could fall into the second category—the availability of new evidence.  In the future, if Plaintiff believes he is entitled to seek reconsideration of a court order, he must do so in compliance with the time and standards set forth in D. Kan. Rule 7.3, rather than filing multiple motions seeking the same relief.

In considering Plaintiff's Motion on its merits, the Court finds it should be denied.  The Court has "broad discretion to stay proceedings as an incident to its power to control its own

---

[3]  The Motion makes numerous accusations concerning the Kansas Department of Corrections ("KDOC"), Cherokee County, Michelle Tippie (identified by Plaintiff as a captain, and identified by Defendants as the jail administrator at the Cherokee County Jail), and the Cherokee County Jail—including speculations that some of these entities are conspiring against him and are generally corrupt. *See, e.g.,* ECF No. 57 at 2. ("Most likely the KDOC at Larned State Corr. did something with my Writ of Certiorari to the United States Supreme Court[] in May of 2024.").  As Defendants note, Plaintiff has been released from KDOC custody and is currently housed at the Cherokee County Jail, which is independent from the KDOC. ECF No. 61 at 2. The Court has reviewed these arguments, many of which are conclusory or amount to speculative allegations concerning these entities' motives regarding Plaintiff's mailings.  Other allegations involve purported sexual misconduct wholly unrelated to Plaintiff and by individuals who are not named Defendants in this litigation.  Moreover, these allegations do not tie directly to Plaintiff's claims in this litigation regarding his medical care.  They also do not present a separate basis to stay this case.

docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  The Tenth Circuit is clear that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Judges in this District have often evaluated five factors relevant to weighing the parties' interests in deciding whether to stay all proceedings.  These include:

> (1) [the opposing party's] interests in proceeding expeditiously with the action and the potential prejudice to [the opposing party] of a delay; (2) the burden on [the moving party]; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest.

*Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2012 WL 12837278, at *2 (D. Kan. Mar. 8, 2012) (applying the above factors to determine whether to stay a case as to certain codefendants after another defendant was subject to a bankruptcy stay).  Plaintiff, as the party moving for a stay, bears the burden to establish a stay is warranted.  *See id.* at *1 (noting that the moving party "must make out a clear case of hardship or inequity, if there is even a fair possibility that the stay will damage another party" (internal quotations and brackets omitted)).

The Court begins with the second factor—the burden on the movant if the stay is denied—because the bulk of the Motion concerns matters relevant to this factor. Highly summarized, Plaintiff makes arguments concerning mail delays he has experienced, noting that he has not received copies of filings in this case and that the facility where Plaintiff is currently housed has refused to provide Plaintiff with envelopes. ECF No. 57 at 1.  The Court notes that three orders issued on June 18, 2024, were returned as undeliverable because they appear to have arrived at the

3

Ellsworth Correctional Facility *after* Plaintiff's transfer to the Cherokee County Jail. *See* ECF No. 63 (indicating ECF Nos. 51-53 were returned). On July 17, 2024, the Clerk's Office remailed those orders to Plaintiff at the Cherokee County Jail. *Id.* Ultimately, it appears that there is a reasonable explanation as to these mail delays, which have now been resolved.

Additionally, despite Plaintiff's concerns about his outgoing mail and his claim that he is being denied access to envelopes, he has filed two pending motions and a reply brief since his transfer—all of which were mailed from the Cherokee County Jail. *See* ECF Nos. 55 (envelope noting the filing was sent from the Cherokee County Jail); ECF No. 57 at 4 (same); ECF No. 65 at 6 (same). Plaintiff does not identify any motion or other filing that he has been unable to file *in this case* since his transfer to the Cherokee County Jail, as opposed to purported challenges in his criminal case. *See, e.g.*, ECF No. 57 at 2 ("KDOC has already been throwing my legal mail away in my criminal case[.]"). The fact that Plaintiff is still actively filing and briefing motions in this case suggests that his interests would be seriously impacted if this case moves forward.

That said, the Court acknowledges that incarcerated pro se litigants often face mail delays, and the Court can accommodate these issues on a case-by-case basis if and when they arise. For example, the Court previously directed Defendants, as the parties represented by counsel, to contact the Cherokee County Jail regarding Plaintiff's allegations concerning his limited access to filings in this case. ECF No. 58. Defendants state that they have done so, contacting Ms. Tippie—whom they identify as the jail administrator at the Cherokee County Jail—and informing her of Plaintiff's claims of limited access to mail. ECF No. 61 at 2. Defendants also state that they mailed a copy of the Court's prior order, ECF No. 58, to Ms. Tippie. *Id.* In sum, navigating mail issues is not an uncommon circumstance in cases involving pro se incarcerated litigants. These

circumstances do not, however, present a compelling reason to stay an entire case. On this record, this factor weighs against a stay.

Plaintiff also references his ongoing criminal proceedings, noting his court date in that case and suggesting he has had challenges receiving filings in that case. *See generally* ECF No. 57. To the extent Plaintiff argues that he has an interest in staying this case because of his ongoing criminal proceedings, the Court previously addressed this issue and finds no basis to reconsider its prior order. In ruling on the prior motion to stay, the Court considered the relevant factors in evaluating whether to stay a civil case in light of a pending criminal case, many of which overlap with the above factors. *See generally* ECF No. 51 (discussing the factors set out in *Stohr v. Scharer*, No. 17-1018-JWB, 2018 WL 2427427 (D. Kan. May 30, 2018)). The Court's prior analysis and conclusions still apply here with equal force, particularly in the absence of other arguments from the parties.

With regard to the first factor—Defendants' interests—the Court previously found that Defendants have a recognized interest in expeditious civil proceedings, including the completion of discovery, and it further found that granting a stay would only delay the ultimate resolution of this case. ECF No. 51 at 5. Defendants renewed those same interests in their Joint Opposition to this Motion. *See generally* ECF No. 61. This factor continues to weigh against any stay.

The third factor—convenience to the Court—weighs against a stay. The Court previously found that it has an interest in efficiently managing its caseload and that interest remains. ECF No. 51.

Finally, for the fourth and fifth factors—interest of persons not parties to the litigation and the public interest—the Court noted that the public has a general interest in seeing civil disputes resolved in an efficient and timely manner. *Id.* at 6. It also noted that "where the allegations go

5

toward the care and treatment of an inmate," as is the case here, "the public has a greater interest in seeing these allegations resolved in a timely manner, which weighs against granting a stay." *Id.* No party has addressed the interests of persons not parties to the litigation, and the Court finds that it is neutral on this record. In the absence other arguments from the parties, these factors still weigh against granting a stay.

Because the above factors weigh against granting a stay, the Court denies the Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Stay Proceeding, ECF No. 57, is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 31, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge