# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

(FNU) HARRED, ET AL.,

    Defendants.

Case No. 23-3182-DDC-RES

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's Motion for Medical Care. ECF No. 55. Plaintiff requests that nonparty "Cherokee County Jail be ordered to treat all my medical needs concerning this case, which KDOC is financial[ly] responsible for without delay." *Id.* at 2. The Motion also requests that Plaintiff "be allowed to amend and add Cherokee County, Capt. Tippie and [their] medical providers if treatment is not immediately administered." *Id.* Defendants Gordon Harrod, Kelly Knipp, and Sarah Madgwick (collectively the "Medical Defendants") and (fnu) Buchanan, Nicole Scolari, and (fnu) Little (collectively the "KDOC Defendants") oppose the Motion. ECF No. 59. Plaintiff also filed a reply brief in further support of his Motion. ECF No. 65.

---

[1] The Magistrate Judge issues a Report and Recommendation because the undersigned construes the Motion as seeking injunctive relief. *See* 28 U.S.C. § 636(b)(1) (explaining that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief" but that a judge may also designate a magistrate judge to submit a report and recommendation regarding motions for injunctive relief and other motions that are dispositive in nature); D. Kan. Rule 72.1(d)(1) (explaining that magistrate judges must submit reports and recommendations on motions seeking injunctive relief).

The Magistrate Judge does not construe the present motion, titled "Motion for Medical Care," as seeking to amend the pleadings because Plaintiff's references to an amendment are contingent on "if" these nonparties continue to provide allegedly inadequate medical care. ECF No. 59. To the extent Plaintiff is seeking leave to amend, the Court denies the Motion for noncompliance with D. Kan. Rule 15.1(a), which requires that a motion to amend (1) "set forth a concise statement of the amendment or leave sought" and (2) attach the proposed pleading, among other things.

As to the remainder of the Motion, the Magistrate Judge recommends the District Judge deny it for the reasons explained below.

## I.  BACKGROUND

Plaintiff is a three-strikes litigant who has filed multiple cases in this District. *See Waterman v. Harred*, No. 23-3182-JWL, 2023 WL 6037884, at *1 (D. Kan. Sept. 15, 2023) (explaining that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) but that in this case, the Prison Litigation Reform Act's imminent-danger exception to the three-strikes rule applied). He brings this pro se civil rights suit under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights stemming from certain alleged inadequate medical care while he has been incarcerated. *See generally* ECF No. 38 (screening order describing the remaining claim).

Highly summarized, the amended complaint and the *Martinez* report detail events occurring while Plaintiff was housed at the Hutchinson Correctional Facility, the El Dorado Correctional Facility ("EDCF"), and the Lansing Correctional Facility. *See generally* ECF Nos. 17, 24. The remaining Defendants include: (1) the Medical Defendants, who are individuals described in the amended complaint as being associated with EDCF but who are identified in the *Martinez* report as being employed by Centurion of Kansas, LLC; and (2) the KDOC Defendants,

who are individuals employed at EDCF. *See generally* ECF No. 17 (amended complaint); ECF No. 24 at 4 (*Martinez* report). Plaintiff has named all Defendants in their individual and official capacities. ECF No. 17.

On June 24, 2024, the clerk's office docketed Plaintiff's notice of change of address, which indicates that Plaintiff was transferred to the Cherokee County Jail in conjunction with ongoing state criminal proceedings. *See* ECF No. 54. Defendants explain that because Plaintiff is "now in the custody of a county jail," Defendants do not have any "authority or jurisdiction to determine the medical care Plaintiff receives." ECF No. 59 at 1. The Cherokee County Jail is not a party to this case, and the operative facts in this case all concern alleged events that occurred at facilities other than the Cherokee County Jail.

The present Motion requests "to have medical care provided to me at Cherokee County Jail over my right shoulder and neck" and notes instances in which the Cherokee County Jail has allegedly provided inadequate medical care. ECF No. 55 at 2. The conclusion section of the Motion requests that "Cherokee County Jail be ordered to treat all my medical needs concerning this case, which KDOC is financial[ly] responsible for without delay." *Id.*

**II.  DISCUSSION**

The Motion itself does not affirmatively move for or reference injunctive relief. *See generally* ECF No. 55. Nevertheless, the Court construes the Motion as seeking injunctive relief because Plaintiff seeks an order compelling the Cherokee County Jail to treat all of his medical needs. Defendants also construe the Motion as seeking a preliminary injunction and have briefed the issues relevant to that applicable legal standard. *See* ECF No. 59 (response brief).

As discussed below, Plaintiff seek injunctive relief either against parties that cannot provide that relief or against a nonparty in this litigation. Moreover, Plaintiff fails to address or

establish any of the factors necessary for a preliminary injunction. For these reasons, the Magistrate Judge recommends that the District Judge deny this Motion.

### A. The Entity or Parties Plaintiff is Seeking to Preliminarily Enjoin

Plaintiff's Motion is unclear from what entity or parties he is seeking injunctive relief. Defendants appear to construe the Motion as seeking injunctive relief as to Defendants, either directly or indirectly in that Plaintiff seeks to compel Defendants to exercise control over the Cherokee County Jail. *See id.* at 3 ("However, these named Defendants have no authority or involvement at [Cherokee County Jail], and as such, cannot provide treatment within the jail."). The Motion also may be construed as seeking injunctive relief directly as to the Cherokee County Jail, a nonparty. Specifically, the Motion requests that "Cherokee County Jail be ordered to treat all my medical needs concerning this case," rather than requesting that the Court compel Defendants to provide the medical care Plaintiff seeks. ECF No. 55 at 2.

Plaintiff's allegations only involve conduct at the Cherokee County Jail. The Motion states that a Cherokee County Jail provider refused to see Plaintiff on June 14, 2024, that a nurse also refused to see him, that he had an orthopedic doctor appointment that has taken years to set up and that physical therapy still needs to be set up. ECF No. 55 at 1. The Motion also states that Plaintiff is being denied a pillow, which causes his shoulder to ache. *Id.*

The Motion does not allege that any named Defendant in this lawsuit or Defendants collectively have any control over the current conditions of Plaintiff's confinement at Cherokee County Jail. Indeed, Plaintiff appears to concede that they do not. *See id.* ("As I have been fully released from KDOC custody, ECF Unit Team Davis stated KDOC cannot house me, and has no jurisdiction over me."); *see also* ECF No. 65 at 1 (reply brief stating that "KDOC had me released all the way out of [its] custody, so not to have to be liable for medical or claim lack of jurisdiction").

4

As Defendants note, because Plaintiff is in the custody of the Cherokee County Jail, the KDOC Defendants have no authority to determine the medical care he receives at Cherokee County Jail. ECF No. 59 at 1. And there are no allegations that the Medical Defendants have any authority to determine anything related to Cherokee County Jail. In sum, Plaintiff provides no legal or factual basis from which the Court could conclude it has the authority to compel Defendants to provide the medical care Plaintiff seeks at an unrelated facility.

Moreover, the injunctive relief Plaintiff seeks exceeds the scope of his amended complaint in that it concerns the alleged medical care and treatment Plaintiff is *currently* receiving at a nonparty facility that appears to be unrelated to the named Defendants. A judge in this District addressed a similar issue in *Grissom v. Palm*, in which the plaintiff had filed a civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events occurring during his incarceration at EDCF. No. 19-3178-SAC, 2020 WL 1862570, at *1 (D. Kan. Apr. 14, 2020). That plaintiff was subsequently transferred to the Hutchinson Correctional Facility ("HCF") and sought a temporary restraining order restraining HCF staff from placing Plaintiff in tight, regular-sized handcuffs. *Id.* at *1. But HCF was a nonparty. The court found that "[b]ecause Plaintiff has not named HCF staff as defendants nor alleged that they are in active concert with anyone described in Rule 65(d)(2)(A) or (B), the Court is without authority to restrain HCF staff." *Id.* (collecting cases reaching similar conclusions); *see also Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921-DDC-KGS, 2016 WL 3685355, at *13 (D. Kan. July 12, 2016) ("Plaintiff asks the court to block the United States District Court in Kansas City from destroying evidence, but the District Court is not a party to this case. The court thus has no authority to issue an injunction against it under Fed. R. Civ. P. 65."). That same analysis applies here and is another reason why Plaintiff's Motion should be denied.

### B.     Standards for Injunctive Relief.

Even if Plaintiff had sought injunctive relief against the proper entities related to allegations in this ongoing litigation, Plaintiff does not address the applicable legal standard to obtain injunctive relief or explain why he is entitled to that relief, either in his opening Motion or in response to Defendants' arguments that he had failed to meet any standards for obtaining a preliminary injunction. *See generally* ECF Nos. 55, 65. Notably, Plaintiff is familiar with the process for seeking injunctive relief. He previously filed a motion for a preliminary injunction in this case,[2] and he has filed similar motions in multiple other cases in the District. *See* ECF No. 16; *see also Waterman v. Groves* ("*Groves III"*), No. 20-3154-SAC, 2021 WL 4318067, at *1 (D. Kan. Sept. 23, 2021) (denying a motion seeking injunctive relief); *Waterman v. Tippe* (*Tippe II*), No. 21-3097-SAC, 2021 WL 4318069, at *10 (D. Kan. Sept. 23, 2021) (same); *Waterman v. Tippie* (*Tippe I*), No. 18-3092-JWB-KGG, 2021 WL 3510203, at *2 (D. Kan. Aug. 10, 2021) (same); *Waterman v. Groves* ("*Groves II"*), No. 18-3092-JWB-KGG, 2021 WL 764569, at *4 (D. Kan. Feb. 26, 2021) (same); *Waterman v. Groves* ("*Groves I"*), No. 18-3092-JWB-KGG, 2020 WL 5118584, at *2 (D. Kan. Aug. 31, 2020) (same).

Plaintiff's prior motion for preliminary injunction, which was filed before Plaintiff's transfer to the Cherokee County Jail, sought "immediate transfer and physical therapy based on substantially the same allegations contained in his Amended Complaint." *Waterman v. Harred*, No. 23-3182-JWL, 2023 WL 8188683, at *2 (D. Kan. Nov. 27, 2023) (describing the motion).

---

[2]     That motion addressed the substantial likelihood of success on the merits, irreparable injury if the injunction was denied, the balance of interests, and whether the injunction would be adverse to the public interest. ECF No. 16 at 3-4.

The previously assigned district judge set out the applicable legal standard when ruling on Plaintiff's prior motion for a preliminary injunction:

> The Court will only grant a preliminary injunction after the plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further, there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).
>
> "Further, because the purpose of preliminary injunctions is to preserve the relative positions of the parties until trial, they are specifically disfavored if they alter the status quo, are mandatory (as opposed to prohibitory), or afford the movant all the relief that could be recovered after a full trial." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005)). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* (quoting *Schrier*, 427 F.3d at 1259).

*Id.* That district judge denied Plaintiff's motion, reasoning that:

> Here, Plaintiff requests a mandatory injunction that would alter the status quo and provide him with the primary relief he could recover after a trial. Moreover, he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal and has not demonstrated a likelihood of imminent irreparable harm. For these reasons, the Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. Thus, Plaintiff's motion is denied.

*Id.*

The present motion is similar but seeks even broader relief. Plaintiff's request for injunctive relief requests not just physical therapy but that the Court direct nonparty Cherokee County Jail to "treat all [Plaintiff's] medical needs concerning this case." ECF No. 55. Plaintiff offers no reason as to why the Court now should reach a different conclusion than the previously presiding district judge, particularly since the present Motion requests even more expansive injunctive relief.

Unlike Plaintiff's prior motion, the present Motion fails to address any of the requirements for securing a preliminary injunction, which also requires denial of the Motion. *See Pennington v. Meyers*, No. 21-2591-DDC-JPO, 2022 WL 656163, at *12 (D. Kan. Mar. 4, 2022) (denying a motion for a preliminary injunction where the motion "addresses none of the requirements for securing a preliminary injunction"). Specifically, Plaintiff does not explain why: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of a preliminary injunction; (3) the balance of equities weighs in his favor; or (4) an injunction is in the public interest.

At most, the Motion makes arguments as to how Plaintiff might have a claim against the Cherokee County Jail stemming from the alleged inadequate medical care. But again, this is not a claim asserted in this lawsuit against a party in this lawsuit. In sum, the undersigned Magistrate Judge reaches the same conclusions as the previously presiding district judge with respect to the present Motion, which seeks substantially similar—and significantly broader injunctive relief—as to the conduct of a nonparty.

Plaintiff already has been put on notice that the Court cannot grant injunctive relief unrelated to the claims in a pending case, including claims relating to ongoing current grievances regarding the facility where he is housed. *See Tippe II*, 2021 WL 4318069, at *10 (explaining that

"Plaintiff's complaint in this motion is completely unrelated to his claims in this case and cannot serve as proper grounds for granting a preliminary injunction in this action" and further cautioning Plaintiff "to refrain from filing motions regarding his day-to-day grievances with staff at the CCJ when they are unrelated to the claims in this case"); *Groves II*, 2021 WL 764569, at *5 ("Plaintiff's complaints in this motion are completely unrelated to the remaining claims within the consolidated cases and cannot serve as proper grounds for granting a preliminary injunction in this action."); *Groves I*, 2020 WL 5118584, at *2 ("Plaintiff's various—unrelated—gripes concerning stomach pain, appointment of counsel, other inmates being bitten by spiders, jailhouse politics, dismissed defendants, or his own medical assessments of other inmates has no place in the present motion. . . . These complaints are completely unrelated to the remaining counts within the consolidated cases and could only serve as improper grounds for granting a preliminary injunction."); *Tippie I*, 2021 WL 3510203, at *3 (denying motions for a preliminary injunction because they were unrelated to Plaintiff's claims and instead sought to have kiosk communications restored and a transfer from the Cherokee County Jail, among other relief requested).[3]

For these reasons, the Magistrate Judge recommends that the District Judge deny Plaintiff's Motion for Medical Care, ECF No. 55.

---

[3] In other instances, judges have cautioned Plaintiff regarding his frequent motions aimed at parties and alleged conduct unrelated to his pending case. For example, in *Waterman v. Cherokee County Jail*, 18-3092-JWB, the district judge cautioned Plaintiff after he filed a motion requesting that the "federal courts take immediate action" in response to events that had recently occurred at the facility where he was housed. *Id.* at ECF No. 354 at 2. The district judge denied the motion and noted that the Hutchinson Correctional Facility and the employees identified in the motion were not named defendants and that "Plaintiff cannot bring motions in this case that are entirely unrelated to this case." *Id.* at ECF No. 357 at 1. The undersigned has also cautioned Plaintiff as to a motion that "appears to concern unnamed entities that are not parties to this case and potentially a retaliation claim that was dismissed from this lawsuit." ECF No. 53 at 4. Plaintiff is specifically reminded that proceeding pro se does not excuse Plaintiff from ensuring that any motion filed with the Court is support by law and fact, and any violation of this requirement could subject Plaintiff to sanctions.

\*   \*   \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If it fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated: August 30, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge