UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

GORDON HARRED, *et al.*,

    Defendants.

Case No. 23-3182-DDC-RES

## ORDER

This matter comes before the Court on Plaintiff's Motion for Indigent Subpoenas. ECF No. 72. For the reasons explained below, the Motion is denied without prejudice to refiling.

Plaintiff proceeds pro se and in forma pauperis ("IFP"). The Court may direct the United States Marshals Service to serve an IFP plaintiff's subpoena. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1056517, at *3 (D. Kan. Mar. 19, 2021) (noting that most courts have construed the IFP statute, specifically 28 U.S.C. § 1915(d), to authorize the court to direct the Marshals Service to serve an indigent party's subpoena). The Court may also screen a proposed subpoena to determine if the materials sought are within the scope of discovery. *Id.* at *1 ("The court has 'an inherent power to manage and control discovery' and may screen a pro se party's request for a subpoena to determine if the materials sought are within the scope of discovery.").

When screening a subpoena, the Court applies Federal Rule of Civil Procedure 26(b), governing the scope of discovery. *Id.*; *see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003) (explaining that scope of discovery under a subpoena is the same as Rule 26(b)). Rule 26(b)(1) requires that discovery be both "relevant to any party's claim or defense and proportional to the needs of the case[.]"

Proportionality generally requires that the benefits of the discovery must be in line with the burden of discovery and the value of a case. *See Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273-74 (6th Cir. 2021) (explaining the goal of proportional discovery); *see also* Fed. R. Civ. P. 45(d)(1) (stating that a party seeking documents through a subpoena must take reasonable steps to avoid imposing an undue burden or expense on the entity subject to the subpoena).

Plaintiff, however, has not submitted any proposed subpoenas, and it is unclear to whom or to what entity Plaintiff proposes the subpoenas should be directed, or at what address or addresses they should be served. Although Plaintiff generally describes the type of material he seeks, the lack of any proposed subpoenas complicates the Court's ability to assess the relevance and proportionality.

For these reasons, the Court denies the Motion without prejudice. Plaintiff may file a renewed motion, limited to three pages. The renewed motion must explain how the requested information is relevant to the remaining claims or defenses in this case. The renewed motion also must be accompanied by any proposed subpoenas.[1] The proposed subpoenas must clearly and legibly list to whom the subpoena is directed and where the subpoena should be served. The proposed subpoenas additionally must clearly and legibly list each specific category of documents and information that Plaintiff seeks.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Indigent Subpoenas, ECF No. 72, is **DENIED** without prejudice to refiling in compliance with the directives outlined above.

---

[1] Blank copies of AO 88B – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action can be found here: https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/subpoena-produce-documents-information-or-objects-or-permit.

**IT IS SO ORDERED.**

Dated: October 10, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge
