# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN,
               Plaintiff,

v.                                                                        Civil Case No. 23-03182-DDC-RES

GORDON HARROD, et. al.,
               Defendants.

## RESPONSE TO MOTION TO STOP RETALIATION

Defendants (fnu) Buchanan, Nicole Scolari, and (fnu) Little (the "KDOC Defendants"), through counsel Whitney L. Casement of Stevens & Brand, L.L.P., file this Response to Plaintiff's Motion to Stop Retaliation (Doc. 70). KDOC Defendants ask that the Court deny Plaintiff's Motion, decline to stay discovery, and decline to consider any new claims that are not a part of this litigation.

As an aside, Plaintiff's motion does not comply with the Court's rules for redacting financial account numbers and should sealed or otherwise removed from the docket. Defendants will follow up with this response by filing a motion requesting the Court to seal Plaintiff's motion (Doc. 70), unless otherwise directed by the Court.

Plaintiff's motion claims that various Kansas Department of Corrections ("KDOC") officials are harassing and retaliating against him. He claims KDOC officials have given him custody level points, refused to give him extra envelopes and paper, stolen his money, refused him clean clothes that fit, and denied him access to the law library in retaliation "over this civil suit." He requests discovery be suspended and "to stop the retaliation at EDCF."

To the extent Plaintiff is claiming that KDOC officials are harassing him or retaliating against him, he cannot raise such claims in this lawsuit. *See Brown v. Gray*, No. 06-3003-JTM,

2011 U.S. Dist. LEXIS 29392, at *9 (D. Kan. Mar. 22, 2011) ("The PLRA also prohibits a plaintiff from adding factual claims against a defendant that arose after the suit was filed.") (citing See 42 U.S.C. § 1997e(a)).

As for Plaintiff's request to stay discovery, the Court should deny his request because he has once again failed to present a compelling reason to stay discovery. Motions for stay of discovery are generally disfavored in the District of Kansas. Absent some compelling reason, the court will not stay discovery. *See Steil v. Humana Health Care Plans, Inc.*, CIVIL ACTION No: 99-2541-KHV, 2000 U.S. Dist. LEXIS 7878, at *1-2 (D. Kan. May 31, 2000). In addition, courts have broad discretion regarding the control of discovery. *Id.* (quoting *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990)). As noted in the Court's previous Memorandum and Order on July 31, 2024 (Doc. 66), courts consider the following factors in determining a request to stay discovery:

> (1) [the opposing party's] interests in proceeding expeditiously with the action and the potential prejudice to [the opposing party] of a delay; (2) the burden on [the moving party]; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest.

(citing *Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2012 WL 12837278, at *2 (D. Kan. Mar. 8, 2012)). In addition, the Court's previous Order acknowledged that the burden is on Plaintiff, as the requesting party, to show the need for a stay. *Id.* (citing *Spears*, No. 11-2273-CM, 2012 WL 12837278, at *1).

If the stay is denied, the burden on Plaintiff would not be significant. According to EDCF General Order 05-102 (attached), he has access to the law library at EDCF. The General Order states that "Residents on restriction status shall only have access to the legal reference library by form 9 request." So even if he is on restriction status, he has access to the law library. In

addition, according to IMPP 12-127D (attached), residents have the ability to purchase from the canteen, or if indigent obtain a limited amount of, paper, envelopes, pencils, and pens.

Plaintiff noted in a form 9 attached to his motion that he requested 10 envelopes for the five different cases he is litigating. The form 9 response states "We do not supply extra envelopes." (Doc. 70-1 at 1). It is clear from this form 9 that he is not being denied paper, envelopes, and other writing supplies. Rather, he appears to have run out of writing supplies provided to him or does not have the ability to purchase them from the canteen, due to his many lawsuits. "[W]hile a state must provide indigent inmates with some writing paper and envelopes at state expense for use in legal correspondence, a state need not provide indigent inmates with unlimited writing paper and envelopes at state expense." *Guinn v. Zavaras*, Civil Action No. 95-S-2912, 1996 U.S. Dist. LEXIS 16103, at *11 (D. Colo. Mar. 22, 1996) (noting the inmate had six pending civil actions).

Since filing his motion claiming he does not have access to envelopes and paper, Plaintiff has filed a Motion for Indigent Subpoenas (Doc. 72). So, if he was having some issue with accessing paper, that issue seems to have resolved itself. In addition, as noted in the Court's November 1, 2023 Order denying Plaintiff's Motion to Order Warden Jesse Ho[w]es and Unit Manager Williams to Stop Denying Plaintiff Access to the Courts, "the Court does not typically interfere with the day-to-day operations of the facility." (Doc. 15 at 2).

Comparatively, it would be prejudicial to Defendants to stay discovery in this action. Plaintiff has made several requests to stay discovery in this case, citing reasons similar to that in his current motion (*e.g.*, lack of access to envelopes). In those previous instances, he did indeed have access to envelopes, despite his representations to the contrary. Plaintiff should not be permitted to continue his attempts to delay the conclusion of this action. As previously

3

acknowledged by the Court in multiple orders, "Defendants have a recognized interest in expeditious civil proceedings, including the completion of discovery, and it further found that granting a stay would only delay the ultimate resolution of this case." *See e.g.,* (Doc. 66, Memorandum and Order at 5).

As for the public interest factor, the Court's previous acknowledgement, that the public has a general interest in seeing civil disputes resolved in an efficient and timely manner, especially in cases involving the care and treatment of an inmate, applies with equal weight here. (Doc. 66, Memorandum and Order at 5-6).

For these reasons, Plaintiff's pending motions should be denied. Particularly, the Court should decline to stay discovery in this case and should decline to address new claims that are not a part of the current case. Plaintiff's Motion to be Housed in Humane Condition (Doc. 69) suffers from similar weaknesses to his Motion to Stop Retaliation, in addition to problems with ripeness and standing due to the speculative nature of the motion and, thus, it should also be denied.

Respectfully submitted,
**STEVENS & BRAND, L.L.P.**

*/s/ Whitney L. Casement*
Whitney L. Casement #25466
4848 SW 21st Street, Suite 201
Topeka, KS 66604
Tel: 785-408-8000
Fax: 785-408-8003
WCasement@StevensBrand.com
*Counsel for KDOC Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of October 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the CM/ECF electronic filing system, and a copy sent by U.S. Mail, postage prepaid, to:

> Brian Waterman #126456
> Cherokee County Jail
> 915 E. County Rd.
> Columbus, KS 66725

*/s/ Whitney L. Casement*
Whitney L. Casement
