**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

    Case No. 23-3182-DDC-RES

GORDON HARROD, *et al.*,

    Defendants.

## ORDER

This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's three motions: Motion to be Housed in Humane Condition, ECF No. 69; Motion to Stop Retaliation, ECF No. 70; and Motion to Dismiss Retaliation, ECF No. 77. Defendants (fnu) Buchanan, Nicole Scolari, and (fnu) Little filed a response brief addressing the first- and second-filed motions. ECF No. 75. Defendants Gordon Harrod, Sarah Madgwick, and Kelly Knipp filed a response brief addressing the second-filed motion. ECF No. 76. The Court rules without awaiting further briefing because it would reach the same conclusion regardless of additional briefing.

For the reasons explained below, the Court denies Plaintiff's Motion to be Housed in Humane Condition and his Motion to Stop Retaliation. The Court grants Plaintiff's Motion to Dismiss Retaliation insofar as the Motion appears to withdraw most of the issues listed in Plaintiff's Motion to Stop Retaliation.

## I.    Motion to Dismiss Retaliation, ECF No. 77

Plaintiff states that he seeks to "dismiss retaliation claim except for stealing $74.06 in funds upon release" and goes on to list additional details regarding the alleged events related to the funds. *See generally* ECF No. 77. There is not, however, a pending retaliation claim in this case. *See*

ECF No. 38 (screening order dismissing Plaintiff's only retaliation claim).  Although somewhat unclear, the Court construes the Motion as seeking to withdraw most of the allegations made in his Motion to Stop Retaliation, ECF No. 70, which Plaintiff had contended constituted retaliation. To that end, the Motion is granted.

**II.      Motion to be Housed in Humane Condition & Motion to Stop Retaliation, ECF Nos. 69 & 70**

Plaintiff's Motion to be Housed in Humane Condition requests that the "courts order the defendants to ensure my safety while back in [their] custody at Eldorado."  ECF No. 69 at 2.  At the time Plaintiff filed the Motion, he was housed in the Cherokee County Jail but alleged that he would face issues upon his transfer to the El Dorado Correctional Facility ("EDCF").  Plaintiff filed his Motion to Stop Retaliation just days later, after he was transferred to EDCF.  That Motion states Plaintiff is filing it "for good cause against the defendants to stop retaliation at EDCF."  ECF No. 70 at 1.  The Motion then lists Plaintiff's recent grievances at the facility, including that his dandruff shampoo was taken and that staff refused to give him paper and envelopes.[1]  *Id.*  The Motions are both unclear as to the relief requested or the basis for any such relief.

Although Plaintiff's filings are entitled to liberal construction because he proceeds pro se, he must still comply with the Federal Rules of Civil Procedure.  *See Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002) ("Although we liberally construe pro se pleadings, Murray's pro se status does not relieve him of the obligation to comply with procedural rules.").  Federal Rule of Civil Procedure 7(b) governs motions and requires that a motion must "state with particularity the grounds for seeking the order" and "state the relief sought."  Fed. R. Civ. P.

---

[1]      The Motion does not describe how many pieces of paper or envelopes were refused or why.  The record before the Court indicates Plaintiff has had significant access to paper and envelopes.  Since September 30, 2024, Plaintiff has filed five motions, a notice of change of address, and an objection to an order from the Magistrate Judge.  ECF Nos. 69-72, 74, 77-78.

8(b)(1)(B)-(C); *see also* D. Kan. Rule 7.1(a) (requiring that any motion "must contain" a "statement of the specific relief sought," a "concise statement of the facts" and the "argument . . . relied upon"). The particularity requirement ensures that both the Court and opposing parties receive notice of both the relief requested and the reasoning in order to give opposing parties a meaningful opportunity to respond to the motion. *See Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("By requiring notice to the court and the opposing party of the basis for the motion, rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that the court can comprehend the basis of the motion and deal with it fairly." (internal quotations omitted)); *see also* 5 Benjamin Spencer, *Federal Practice and Procedure* § 1192 (4th ed. June 2024 update) (explaining that most courts focus on whether any party has been prejudiced by a lack of particularity and whether the court can comprehend the basis for the motion and fairy deal address the basis).

In this case, Plaintiff's Motions do not state with particularly the grounds for seeking relief and it is unclear what relief Plaintiff seeks. The Court interprets the Motions as a continuation of Plaintiff's practice of reflexively filing motions concerning ongoing grievances regarding his current conditions of confinement—largely or wholly unrelated to the claims in the case. The Court addressed this pattern of conduct in greater detail in the Report and Recommendation. ECF No. 67 at 8-9 (stating in part that the Court cannot grant relief "unrelated to the claims in a pending case, including claims relating to ongoing current grievances regarding the facility where he is housed."). The Court specifically cautioned Plaintiff that these types of filings, which he has filed in other cases in the District, can subject Plaintiff to sanctions. ECF No. 67 at 9 n.3 ("Plaintiff is specifically reminded that proceeding pro se does not excuse Plaintiff from ensuring that any

motion filed with the Court is support by law and fact, and any violation of this requirement could subject Plaintiff to sanctions.").

The Motions fail to allege with particularity the relief sought and the grounds for such relief, as required by Rule 7(b) and the corresponding Local Rule. To the extent the Motions seek injunctive relief regarding the current conditions of Plaintiff's confinement, Plaintiff does affirmatively move for or reference injunctive relief. As the Court has previously observed, Plaintiff is familiar with the process and standards for seeking injunctive relief because of a previous filing in this case and similar motions in multiple other cases in this District. *See* ECF No. 67 (citing examples). It is not apparent that Plaintiff seeks injunctive relief because he never uses those words. But even if he did seek such relief, the Motions do not address the legal standard or any relevant factors the Court considers when evaluating whether to grant injunctive relief. The Court has previously explained these standards and the relevant factors, none of which Plaintiff addresses. *See, e.g.,* ECF No. 67 at 7.

Defendants interpret at least the Motion to Stop Retaliation as a motion to amend the pleadings. *See generally* ECF Nos. 75 and 76. Plaintiff states that "a count of Retaliation might need to be added," ECF No. 70, but Plaintiff already alleged a retaliation claim in this lawsuit and that claim was dismissed on April 19, 2024. *See* ECF No. 38 (screening order dismissing Plaintiff's only retaliation claim).

Plaintiff does not expressly move for leave to amend or comply with the requirements for amendments to the pleadings. ECF No. 70. The Court previously informed Plaintiff that any motion to amend must comply with D. Kan. Rule 15.1(a), which requires that a motion to amend must (1) "set forth a concise statement of the amendment or leave sought" and (2) attach the proposed pleading, among other things. *See also* ECF No. 67 at 2 (explaining the requirement and

4

quoting the rule).  Again, it is not apparent that Plaintiff is moving for leave to file an amended pleading, but even if he were, the Court would deny the Motions for lack of compliance with D. Kan. Rule 15.1.

Finally, the Motion to Stop Retaliation also contains a sentence stating: "I also [ask] that discovery be suspended or counsel now be provided as I will be here at least 8 weeks or longer.  I can't e-file [their] attorneys."  ECF No. 70 at 3.  Based on the title of the Motion, it is unclear if Plaintiff is affirmatively asking for either the appointment of counsel or a full stay of this litigation. But assuming he is, the Motion is denied.

With regard to any request for counsel, Plaintiff has filed two previous motions for the appointment of counsel, both of which were denied.  ECF Nos. 12, 19.  Those motions explained that there is not a "right to appointment of counsel in a civil case" and explained the legal and factual standards for appointment of counsel.  ECF No. 19 at 4-5.  Plaintiff's motion does not address those standards, the Court's previous orders denying counsel, or explain why appointment of counsel is warranted now.

Similarly, Plaintiff previously filed a motion to stay this litigation, which included a citation to a legal standard regarding the factors courts can consider in evaluating a request to stay litigation.  ECF No. 45.  The Court denied that motion in a six-page order that explained the applicable legal standards and why Plaintiff's motion did not meet the standards to stay this litigation. ECF No. 51.  Again, Plaintiff does not address the applicable legal standards or provide any factual basis from which the Court could conclude that a stay is warranted here.  At most, Plaintiff alleges that he will be housed at a facility that does not support e-filing, but this is not a reason to appoint counsel or stay discovery as many pro se incarcerated litigants face the same

challenges.  Based on the volume of Plaintiff's filings, any such challenges have not impacted Plaintiff's ability to file documents with the Court.

While Plaintiff's filings are entitled to liberal construction, Plaintiff has not made clear the nature of the relief he seeks—be that injunctive relief, an amendment to the pleadings, or something else—or the grounds for the relief he seeks.  Moreover, these motions are largely duplicative of motions he previously filed in this litigation, which were carefully considered and denied.  Plaintiff does not address those orders; he does not address the applicable legal standards explained in those orders; and he does not include any factual allegations that would entitle him to relief.  For these reasons, Plaintiff's Motions are denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to be Housed in Humane Condition, ECF No. 69, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stop Retaliation, ECF No. 70, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Retaliation, ECF No. 77, is **GRANTED** insofar as it appears the Motion seeks to eliminate most of the listed issues of alleged retaliation as described in Plaintiff's Motion to Stop Retaliation, ECF No. 70.

**IT IS SO ORDERED.**

Dated: October 31, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge