## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

      **Plaintiff**,

v.

(FNU) HARRED, et al.,

      **Defendants**.

Case No. 23-3182-DDC-RES

## MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Rachel E. Schwartz's Report and

Recommendation (Doc. 67).  Judge Schwartz recommends that our court deny plaintiff's Motion

for Medical Care (Doc. 55).  Doc. 67 at 3–4.  Plaintiff Brian Waterman[1] received notice of his

right to file an objection to the Report and Recommendation within 14 days of its service under

28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b).  Doc. 67 at 10.  The

Report and Recommendation also explained that Mr. Waterman, to secure appellate review of

Judge Schwartz's Report and Recommendation, must file any objections within the fourteen-day

period.  *Id.*

The Clerk sent a copy of the Report and Recommendation to Mr. Waterman by regular

mail.  *See* Doc. 67.  Service of the Report and Recommendation was accomplished by "mailing it

to [plaintiff's] last known address—in which event service [was] complete upon mailing."  Fed.

---

[1]      Because Mr. Waterman appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court can't assume the role of his advocate.  *Id.*

R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).

Mr. Waterman hasn't objected to the Report and Recommendation. Nor has plaintiff sought an extension of time to file an objection. And so, now, the court now can review and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination for the portions of the report and recommendation to which a party specifically objects); Fed. R. Civ. P. 72 advisory committee's note (b) to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Aragon v. U-Haul Co. of Colo.*, 550 F. Supp. 3d 933, 934 (D. Colo. 2021) (citing *Summers*, 927 F.2d at 1167). But, here, a development emerged after Judge Schwartz's Report and Recommendation had issued. So, the court reviews the Report and Recommendation in some detail, even absent a specific objection.

Judge Schwartz recommended denying Mr. Waterman's motion for two reasons. Doc. 67 at 3–4. *First*, Mr. Waterman either sought relief from the KDOC defendants—seeking that they compel Cherokee County Jail to provide medical care—or from the Cherokee County Jail itself, a nonparty to this litigation. *Id.* at 4. Either way, Judge Schwartz recommended that the court deny the motion. *Id.* at 4–5. As she carefully explained, the court had no authority to compel KDOC to provide medical care at an unrelated facility. *Id.* And the county facility was not a party to the litigation. *Id.* at 4. So Mr. Waterman's motion exceeded the scope of his Complaint.

*Id.* at 4–5.  *Second*, Mr. Waterman failed to establish the requirements mandated by the preliminary injunction standard.  *Id.* at 8.

At the time Mr. Waterman filed, he was housed at Cherokee County Jail and wasn't in the custody of the Kansas Department of Corrections (KDOC).  *See* Doc. 55 at 1; Doc. 54 (notice of change of address to Cherokee County Jail).  Now, there's another new wrinkle.  After Judge Schwartz's Report and Recommendation had issued, Mr. Waterman was transferred from the county jail back to KDOC custody.  *See* Doc. 71 (notice of change of address for Mr. Waterman to El Dorado Correctional Facility).

But Judge Schwartz's ultimate recommendation—denying the motion for a preliminary injunction—is still fully intact.  Mr. Waterman utterly failed to establish the elements of the preliminary injunction standard, as Judge Schwartz explicitly noted.  *See* Doc. 67 at 6–8.  Having reviewed the Report and Recommendation, the court determines that Judge Schwartz's analysis and conclusions are sound.

A party moving for a preliminary injunction "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  And preliminary relief "is an extraordinary remedy"—"the exception rather than the rule."  *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (internal quotations marks and citation omitted).  Plaintiff "fails to address any of the requirements for securing a preliminary injunction, which . . . requires denial of the Motion."  Doc. 67 at 8.[2]

---

[2]     The court properly could deny Mr. Waterman's motion (and Judge Schwartz's Report and Recommendation on it) as moot.  Mr. Waterman's allegations in his motion "only involve conduct at the Cherokee County Jail."  Doc. 67 at 4; *see also* Doc. 55.  Cherokee County Jail still isn't a party to this action, and Mr. Waterman isn't housed at the Cherokee County Jail anymore.  Mr. Waterman doesn't

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and

Recommendation (Doc. 67) issued by United States Magistrate Judge Rachel E. Schwartz on

August 30, 2024, is **AFFIRMED**.

      **IT IS SO ORDERED.**

      **Dated this 31st day of October, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

allege Cherokee County Jail provided inadequate medical care in his Amended Complaint.  So, as Judge Schwartz properly identified, "this is not a claim asserted in this lawsuit against a party in this lawsuit." Doc. 67 at 8.  And where "the prisoner's claims for . . . injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011).  So, Mr. Waterman's motion for preliminary injunctive relief for medical care in Cherokee County Jail is moot.  *See Sandoval v. Cnty. of Otero*, No. 19-00797-KG/SCY, 2020 WL 1593282, at *2 (D.N.M. Mar. 27, 2020) (denying plaintiff's motion for preliminary injunction as moot because he was no longer incarcerated at the facility from which he requested relief); *Rachel v. Troutt*, No. 14-655-R, 2016 WL 4531148, at *1 (W.D. Okla. Aug. 3, 2016) (denying plaintiff's motion for preliminary injunction as moot against doctor at facility where plaintiff was no longer incarcerated).