**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRIAN MICHAEL WATERMAN,

  Plaintiff,

  v.

GORDON HARROD, *et al.*,

  Defendants.

Case No. 23-3182-DDC-RES

**ORDER**

This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's third Motion for Appointment of Counsel. ECF No. 83. For the reasons explained below, the Motion is denied without prejudice. If Plaintiff's case survives summary judgment motions, the Court will impose a deadline by which Plaintiff may file a renewed motion for appointment of counsel. Any motions filed before this timeframe may be denied as premature and for noncompliance with this Order.

**I.  BACKGROUND**

This is Plaintiff's third motion for appointment of counsel. *See* ECF Nos. 8, 18, 83. On September 26, 2023, the previously presiding District Judge denied Plaintiff's first motion for appointment of counsel without prejudice to refiling at a later stage of the proceedings. ECF No. 12 at 2-3. At that time, the Court denied the motion because: "The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments." ECF No. 12 at 2.

Approximately two months after that ruling, Plaintiff filed his second motion for appointment of counsel.  ECF No. 18.  The previously presiding District Judge denied that motion without prejudice, again finding that appointment of counsel was unwarranted for the same reasons previously articulated.  ECF No. 19.  Specifically, the Court again found "that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments."  ECF No. 19 at 5.

On November 13, 2024, Plaintiff filed the present Motion before the Court.  ECF No. 83.

## II.    DISCUSSION

"There is no constitutional right to appointed counsel in a civil case."  *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse,* 417 F.2d 504, 505 (10th Cir. 1969)).  In cases where a plaintiff has been granted in forma pauperis status ("IFP"), such as this one, "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  When deciding whether to appoint counsel, the Court considers: (1) the merits of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The Court may also consider "whether the party has made a diligent effort to retain an attorney."  *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020) (citation omitted).  Plaintiff bears the burden to convince the Court that the case has sufficient merit to warrant appointment of counsel.  *Hill*, 393 F.3d at 1115.

The Motion fails to convince the Court that appointment of counsel is warranted under the above three factors, which are either neutral or weigh against appointment of counsel at this stage of the proceedings.

Plaintiff does not address the first factor—the merits of his claims.  Regardless, the Court cannot say at this stage that Plaintiff's case is any more or less meritorious than other cases filed by pro se litigants in this District.  The Court conducted an initial screening of the amended complaint and found that Plaintiff's Eighth Amendment deliberate indifference claim survived statutory screening.  *See* ECF No. 38.  Numerous other IFP plaintiffs file complaints that survive statutory screening, but typically, that alone does not provide the Court with enough information to determine the case has sufficient merit for the Court to appoint counsel.  *See, e.g., Rogers v. English*, No. 19-3145-JAR-ADM, 2021 WL 4940914, at *4 (D. Kan. Oct. 22, 2021) (explaining that the remaining claim had survived a screening order by one district judge, a ruling on a dispositive motion by a different district judge, and a motion for reconsideration of that ruling, which was decided by a third district judge, and concluding that because plaintiff's "case has now been thoroughly vetted by three different presiding judges" the court had "little trouble" concluding the claim was more meritorious than others).

Rulings on summary judgment motions will aid in evaluating the merits of Plaintiff's claims because summary judgment briefing after the close of discovery necessarily clarifies what supporting evidence was obtained during discovery and whether any claims ultimately may proceed to trial.  Because summary judgment rulings provide significant information to aid in evaluating the merits of an IFP plaintiff's claims, it is not uncommon for the Court to reevaluate appointment of counsel after the summary judgment stage.  *See, e.g., Tahchawwickah v. Brennon*, No. 23-3238-EFM-ADM, 2024 WL 1177238, at *2 (D. Kan. Mar. 19, 2024) (denying a motion

for appointment of counsel without prejudice to refiling "after the district judge rules on all summary-judgment motions and indicates that the case will proceed to trial"); *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (explaining that "[w]hile a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case" (internal quotations omitted)). This is why the Court is denying this Motion without prejudice to refiling after any summary judgment motions are decided. On the present record, however, this factor is, at best, neutral.

Plaintiff also does not address the second factor—the nature and complexity of the factual and legal issues—or explain why the undersigned should reach a different conclusion from the previously presiding District Judge. Although some 42 U.S.C. § 1983 cases may present complex legal or factual issues, this case involves a not-entirely-uncommon fact pattern concerning the adequacy of the medical care and treatment provided to Plaintiff, events for which Plaintiff has at least some personal knowledge. While the Court is not prepared to say that the issues in this case are simple, numerous other incarcerated Plaintiffs are prosecuting Eighth Amendment deliberate indifferent claims in this District and are doing so without the aid of counsel. On this record, the issues presented in this case do not appear to be overly complex, and therefore, this factor weighs against appointment of counsel.

The third factor—Plaintiff's ability to investigate the facts and present his claims—also weighs against appointment of counsel. Again, Plaintiff does not address the previously presiding District Judge's conclusion that Plaintiff appears capable of adequately presenting facts and arguments. Plaintiff's arguments on this point appear to fall into two categories. First, Plaintiff

argues that because he is currently in administrative segregation, his ability to conduct legal research or "review any digital discovery" is hampered. ECF No. 83 at 1.[1] The Motion does not specify the length of time Plaintiff anticipates being housed in administrative segregation. Notably, Plaintiff was recently transferred to the facility where he is currently housed. *See* ECF No. 85 (notice of change of address). Second, Plaintiff states that he will require surgery on his right shoulder, and because of this he "won't be able to write any motions or respond for a while after surgery." *Id.* at 2. The Motion does not specify when the surgery is expected to take place or the anticipated recovery time.

These conditions may constitute good cause for targeted adjustments to scheduling order deadlines if Plaintiff can show he cannot meet deadlines despite diligent efforts, but they do not present a reason to appoint counsel. To the contrary, the record shows Plaintiff has actively litigated his case despite the challenges he has faced by virtue of his incarceration and medical conditions. He has filed numerous motions (ECF Nos. 4, 8, 9, 14, 16, 18, 20, 22, 37, 45, 49, 50, 55, 57, 69, 70, 77, 82, 83). He has filed an amended complaint in response to a show-cause order (ECF No. 17), attempted an interlocutory appeal (ECF No. 26), lodged objections to a Magistrate Judge's order (ECF No. 74), and then withdrew those objections (ECF No. 78). In sum, the undersigned agrees with the previously presiding District Judge's conclusion that Plaintiff has an adequate ability to investigate the facts and to present his claims.

---

[1] The Motion also states that "unit Team Fox refuses me any paper or pen, any of my property, hygiene supplies. An inmate gave me a pen. I'm using the back of KDOC forms to write on. That's all that's available to me." ECF No. 83 at 2. Plaintiff is currently housed at the Hutchinson Correctional Facility. *Id.* (signature block). The Court notes he has made similar claims of lack of access to stamps, envelopes, and/or paper at other facilities including the Cherokee County Jail and the El Dorado Correctional Facility. ECF Nos. 57, 70. In at least one instance, the Court found those claims to be dubious given the sheer number of filings Plaintiff had made during a time when he alleged he lacked access to paper and envelopes. ECF No. 80 at 2 n.1.

In addition to the above factors, this District generally requires all parties seeking appointment of counsel to "confer with (not merely contact) at least five attorneys" before the Court considers appointment counsel. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at \*2 (D. Kan. Sept. 28, 2021). Plaintiff does not address whether he has made any efforts to retain counsel. Even if he had, the Court would still deny the Motion because the above factors weigh against appointment of counsel at this stage.

## III.    CONCLUSION

The Court denies the Motion for the reasons explained above. If Plaintiff's case survives summary judgment motions, the Court will impose a deadline by which Plaintiff may file a renewed motion for appointment of counsel. Any motions filed before this timeframe may be denied as premature and for noncompliance with this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Waterman's Motion for Counsel, ECF No. 83, is **DENIED** without prejudice to refiling if any claims remain pending after the District Judge rules on summary judgment motions.

**IT IS SO ORDERED.**

Dated: November 19, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

6