IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,  )
             )
    Plaintiff,     )
v.            )  Case No. 5:23-cv-03182-JWL
             )
GORDON HARROD, M.D., SARAH  )
MADGWICK, KELLY KNIPP, et al.,  )
             )
    Defendants.   )
             )

**DEFENDANTS GORDON HARROD, M.D., SARAH MADGWICK, KELLY KNIPP'S, BUCANAN, NICOLE SCOLARI, AND LITTLE'S JOINT SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COME NOW Defendants Gordon Harrod, M.D., Sarah Madgwick, and Kelly Knipp (collectively referred to as "Medical Defendants"), and KDOC Defendants Jennell Buchanan, Nicole Scolari, and Zachary Little ("KDOC Defendants") (Medical Defendants and KDOC Defendants hereinafter together referred to as "Defendants"), by and through undersigned counsel, and for their Joint Suggestions in Opposition to Plaintiff's Motion to Amend Complaint, state as follows:

**Introduction**

On July 26, 2023, Plaintiff initiated the present action by filing his Complaint in this Court. *See* Doc. 1. On November 9, 2023, Plaintiff filed his Amended Complaint, alleging that Defendants were deliberately indifferent to his serious medical needs by failing to provide him with timely treatment for an injury sustained to the Plaintiff's shoulder. *See* Doc. 17. He specifically alleges Defendants deliberately delayed his MRI, failed to

administer physical therapy, and removed his bottom bunk restriction. After Plaintiff filed multiple motions unrelated to this action, Plaintiff moved to amend his Complaint a second time on November 12, 2024. *See* Doc. 82. The Court denied Plaintiff's motion for failure to attach the proposed pleading and a failure to comply with the District's local rules. *See* Doc. 86. On November 21, 2024, Plaintiff re-filed his Motion to Amend Complaint, seeking to include additional and unknown parties for alleged actions made after the filing of Plaintiff's initial Complaint. *See* Docs. 89-1.

For the reasons as argued below, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Amend.

## **Argument**

On June 18, 2024, this Court entered a Scheduling Order setting forth the following deadlines:

- **Deadline to Amend Pleadings – July 19, 2024**
- Deadline for Discovery – December 13, 2024
- Deadline for Dispositive Motions – January 24, 2025

*See* Doc. 52.

On November 21, 2024, almost a year-and-a-half after this matter was initiated, Plaintiff filed the present Motion to Amend the Complaint with the intent of an extraordinarily expanded and modified Second Amended Complaint. *See* Doc. 89-1. In his Proposed Second Amended Complaint, Plaintiff seeks to add four additional parties to his initial count of deliberate indifference in which he alleges delayed medical care and a

failure to administer physical therapy. Plaintiff additionally seeks to revive his retaliation claim that was previously dismissed on March 19, 2024. *See* Docs. 89-1, 38.

The Federal Rules of Civil Procedure provide that once an answer has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 179, 83 S. Ct. 227, 228, 9 L. Ed. 2d 222 (1962).

As such, a court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants request this court deny Plaintiff's Motion to Amend Complaint for the following reasons:

I.      Undue Delay

This Court set the deadline to amend the pleadings as July 19, 2024. Plaintiff filed his Motion to Amend Complaint on November 21, 2024. *See* Doc. 52. This motion was filed over three months after the deadline and Plaintiff has failed to provide a reason for

the filing of this motion after the deadline and in fact, does not mention this deadline anywhere within his motion. *See* Doc. 89.

A court can deny a motion to amend a complaint if it is filed after the deadline to amend pleadings, particularly if the movant fails to show "good cause" for the delay. Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order can only be modified for good cause and with the judge's consent. FRCP Rule 16. The party seeking to amend must generally show good cause—for example, learning new facts during discovery. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). "Courts have denied leave to amend . . . where the moving party cannot demonstrate excusable neglect, . . . [such as] where [it] was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

In the present case, plaintiff has not received any discovery responses for which he could claim new evidence and has additionally shown no "good cause" for which plaintiff filed his motion over three months passed the deadline to amend his pleading. Plaintiff does not mention this deadline at all within his motion and makes no attempt to show good cause for his late filing. *See* Doc. 52. Undue delay alone has been held to be reason enough to deny a motion to amend. *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).

II.    *Undue Prejudice*

Allowing the Plaintiff to essentially rewrite his Complaint, add new facts, new claims, and additional defendants at this point would significantly prejudice Defendants and alter the defense requirements for the case because it would require the application of

4

different legal standards and burdens of proof which would necessitate additional discovery. Discovery is set to close a week from the filing of this response and the addition of new parties and claims at this point would provide significant delay as the Scheduling Order would need to be reworked. *See* Doc. 52.

Plaintiff additionally filed his Motion to Amend Complaint months after the deadline to amend his pleadings. Plaintiff has failed to comply with the Scheduling Order and has not sought permission to file such motions out of time or made any attempt to amend the Scheduling Order. As previously mentioned, Allowing the Plaintiff to Amend his Complaint will completely alter the defense requirements for the case and would be extremely prejudicial for Defendants who have complied with the Scheduling Order in good faith.

III.     *Futility of Second Amended Complaint*

Defendants argue that Plaintiff's Motion to Amend should not be granted as the Second Amended Complaint is futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Farmers Bank & Tr., N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941 (D. Kan. Nov. 28, 2011).

Inmates can amend their complaints to include new claims that arise after the initial filing, but they must still exhaust administrative remedies for these new claims before the court can consider them. *May v. Segovia*, 929 F.3d 1223 (2019). The exhaustion requirement is not satisfied by merely notifying prison officials through means other than the formal grievance process. The PLRA's exhaustion requirement is strict, and courts have consistently held that inmates must follow the specific grievance procedures established

by the correctional facility. *Holden v. Dinwiddie*, 343 F. App'x 297 (10th Cir. 2009). Failure to properly complete all required steps of the grievance process, even if the inmate believes they have provided adequate notice through other means, will result in dismissal of the claims for failure to exhaust administrative remedies. *Thomas v. Parker*, 609 F.3d 1114 (10th Cir. 2010).

Plaintiff's Second Amended Complaint includes claims against additional parties for actions that occurred after filing of the initial petition. *See* Doc. 89-1. Plaintiff alleges that Defendants failed to follow up with him on Physical Therapy and he attaches additional defendants with claims of deliberate indifference and retaliation for actions that occurred when Plaintiff was transferred from Larned State Correctional Facility to Hutchison Correctional Facility, which occurred after the filing of the initial Complaint. *See* Doc. 89-1. Among these allegations, there exists no evidence or mention of any grievances filed for the alleged events that occurred after the filing of the initial Complaint. Plaintiff has made no effort to comply with the grievance process for the subsequent claims and thus Plaintiff's claims would not survive a motion to dismiss. Failure to properly complete all required steps of the grievance process, even if the inmate believes they have provided adequate notice through other means, will result in dismissal of the claims for failure to exhaust administrative remedies. *Thomas v. Parker*, 609 F.3d 1114 (10th Cir. 2010).

Additionally, Plaintiff's retaliation claims were dismissed on March 19, 2024 because Plaintiff failed to plead factual evidence of retaliation. An "inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006).

Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Plaintiff's Proposed Second Amended Complaint is comprised of conclusory statements of deliberate indifference and retaliation for which Plaintiff provides no specific facts indicating that any of the actions taken by Defendants were specifically intended to target the Plaintiff. Nor has the Plaintiff alleged any facts indicating the actions alleged in the complaint would not have occurred "but for" the Plaintiff's filing of the initial Complaint. *See* Doc. 89-1.

IV.    Plaintiff cannot join unrelated claims against different defendants.

While the federal rules do allow the joining of claims against the same defendants for the purposes of efficiency, courts discourage the raising of different unrelated claims against    different    defendants    in    the    same    action.    *See* W*hite v. Kan. Dep't of Corr.*, No. 14-3004-JTM, 2016 U.S. Dist. LEXIS 49187, at \*4 (D. Kan. Apr. 12, 2016) (citing Fed. R. Civ. P. 18 and quoting *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D. Kan. 2001)) ("While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."). "Courts require adherence to this rule in prisoner suits because it prevents prisoners from 'dodging' the fee obligation and the three strikes provisions of the Prison Litigation Reform Act. *Id*. (citing *George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)*). As already stated, the new

7

claims of deliberate indifference and retaliation are related to events that occurred well after and are unrelated to the Amended Complaint was filed in November 2023 and, in some cases, involve different defendants. Plaintiff should be required to exhaust administrative remedies and file a new lawsuit regarding these claims, if he wants to raise them. He should not be permitted to bootstrap them onto this lawsuit.

WHEREFORE, Medical Defendants Gordon Harrod, M.D., Sarah Madgwick, and Kelly Knipp and KDOC Defendants Jennell Buchanan, Nicole Scolari, and Zachary Littlerespectfully request the Court enter an Order Denying Plaintiff leave to file Second Amended Complaint, and for any other relief deemed proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Marcus A. Meyer*
Katrina L. Smeltzer, #26623
Marcus A. Meyer, #79198
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816.627.5332
816.627.5532 (Fax)
ksmeltzer@sandbergphoneix.com
mmeyer@sandbergphoneix.com
*Attorney for Defendant Gordon Harrod, MD, Sarah Madgwick and Kelly Knipp*

8

Respectfully submitted,
**STEVENS & BRAND, L.L.P.**

*/s/ Whitney L. Casement*
Whitney L. Casement #25466
4848 SW 21st Street, Suite 201
Topeka, KS 66604
Tel: 785-408-8000
Fax: 785-408-8003
WCasement@StevensBrand.com
*Counsel for KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2024 the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Brian Waterman, 126456
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, Kansas 67504
*Pro Se Plaintiff*

*/s/ Marcus A. Meyer*

9