# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

GORDON HARRED, *et al.*,

    Defendants.

Case No. 23-3182-DDC-RES

## **ORDER**

    This matter comes before the Court on Plaintiff's Second Motion for Indigent Subpoenas. ECF No. 95. Defendants have filed a response opposing the Motion. ECF No. 98. Because of the time-sensitive nature of the relief requested, the Court disallowed a reply brief. ECF No. 96. For the reasons explained below, the Motion is granted insofar as the Court will direct service of subpoenas on the individuals listed in the Motion. ECF No. 96.

    Plaintiff proceeds pro se and in forma pauperis ("IFP"). The Court may direct the United States Marshals Service ("USMS") to serve an IFP plaintiff's subpoena. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1056517, at *3 (D. Kan. Mar. 19, 2021) (noting that most courts have construed the IFP statute, specifically 28 U.S.C. § 1915(d), to authorize the court to direct the Marshals Service to serve an indigent party's subpoena). The Court may also screen a proposed subpoena to determine if the materials sought are within the scope of discovery. *Id.* at *1 ("The court has 'an inherent power to manage and control discovery' and may screen a pro se party's request for a subpoena to determine if the materials sought are within the scope of discovery.").

When screening a subpoena, the Court applies Federal Rule of Civil Procedure 26(b), governing the scope of discovery. *Id.*; *see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003) (explaining that scope of discovery under a subpoena is the same as Rule 26(b)). Rule 26(b)(1) requires that discovery be both "relevant to any party's claim or defense and proportional to the needs of the case[.]" Proportionality generally requires that the benefits of the discovery must be in line with the burden of discovery and the value of a case. *See Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273-74 (6th Cir. 2021) (explaining the goal of proportional discovery); *see also* Fed. R. Civ. P. 45(d)(1) (stating that a party seeking documents through a subpoena must take reasonable steps to avoid imposing an undue burden or expense on the entity subject to the subpoena).

The Court has reviewed the two proposed subpoenas to individuals associated with the Cherokee County Jail, which generally request Plaintiff's medical records and any electronically stored videos of Plaintiff's medical appointments. *See generally* ECF No. 95-1. Defendants argue that the material sought via the subpoenas is not relevant because it has no connection to the medical care Plaintiff received while he was in custody of the Kansas Department of Corrections during the relevant period at issue in the Amended Complaint. *See generally* ECF No. 98.

The Court is not prepared to say that the material sought would be wholly irrelevant to Plaintiff's deliberate indifference claim simply because it concerns subsequent care and treatment Plaintiff received while he was in the custody of the Cherokee County Jail rather than the KDOC. The previously presiding District Judge has explained that "[i]n situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered 'substantial harm' as a result of the delay." ECF No. 34 at 5 (citing *Sealock v. Colorado*, 218 F.3d

2

1205, 1210 (10th Cir. 2000)). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff's more recent medical records and related information could be relevant to at least the issue of whether the alleged inadequate medical care resulted in a substantial harm. In sum, on initial review for the sole purpose of screening the subpoenas to determine whether to authorize service, the Court finds that the bulk of the information sought likely falls within the scope of Rule 26(b). This finding in no way alters the subpoenaed parties' rights under Fed. R. Civ. P. 45.

The Court previously directed Plaintiff to utilize the AO 88B form subpoena when Plaintiff filed a renewed Motion. ECF No. 73 at 1 n.1. Instead, Plaintiff has submitted handwritten proposed subpoenas that contain most of the information the form requires. *See* ECF No. 95-1. For clarity, the Court has utilized the information provided by Plaintiff to populate the subpoenas using the AO 88B forms, which are attached as exhibits to this Order.

The Court has modified the proposed subpoena to Dawn Ackley to make clear that the relevant timeframe listed in Plaintiff's proposed subpoena (June 13, 2024, through September 26, 2024) applies to all categories of documents listed. The Court also has modified a category of information Plaintiff requests from Michelle Tippie to make clear that Plaintiff seeks electronically stored videos of medical appointments, including body camera footage, but that Plaintiff is not requesting the body cameras themselves. The Court also has modified the date of compliance for both subpoenas, listing it as January 13, 2025, to account for delays because of the mail, and the Court has omitted certain non-standard verbiage concerning contempt of court.

For these reasons, the Court grants Plaintiff's Motion insofar as the USMS is directed to attempt to serve the subpoenas attached as exhibits to this Order on Ms. Tippie and Ms. Ackley

3

along with a copy of this Order. The Court also directs the Clerk or Deputy Clerk to sign the subpoenas pursuant to Rule 45(a)(3).

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Indigent Subpoenas, ECF No. 95, is **GRANTED** as detailed above.

**IT IS SO ORDERED.**

Dated: December 17, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge