UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

GORDON HARRED, *et al.*,

    Defendants.

Case No. 23-3182-DDC-RES

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's Motion to Amend Complaint. ECF No. 89. As explained in the Motion, Plaintiff seeks leave to amend "due to ongoing constitutional violations toward plaintiff, new injuries to shoulder by KDOC officials, [and] to seek new relief as conditions have changed." *Id.* at 1. Defendants Gordon Harrod, Kelly Knipp, and Sarah Madgwick (collectively the "Medical Defendants") and Jennell Buchanan, Nicole Scolari, and Zachary Little (collectively the "KDOC Defendants") oppose the Motion. ECF No. 97. Plaintiff has not filed a reply brief, and the time to do so has passed.[1] For the reasons explained below, the Motion is denied.

**I.   BACKGROUND**

Plaintiff is a three-strikes litigant who has filed multiple cases in this District. *See Waterman v. Harred*, No. 23-3182-JWL, 2023 WL 6037884, at *1 (D. Kan. Sept. 15, 2023) (explaining that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) but that in this case, the Prison Litigation Reform Act's imminent-danger exception to the three-strikes

---

[1] Given the deficiencies addressed below, the Court would reach the same conclusion regardless of any reply filed in support of the Motion.

rule applied). He filed this case nearly a year-and-a-half ago on July 26, 2023, and he has filed four more cases while this case has been pending.[2] ECF No. 1. Because Plaintiff proceeds in forma pauperis ("IFP") and is also a prisoner who seeks relief against a governmental entity or officer, his pleadings are subject to statutory screening. *See* ECF No. 13 at 2 (show-cause order citing 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)).

In response to a show-cause order noting various deficiencies, Plaintiff filed an Amended Complaint on November 9, 2023, naming nine Defendants and asserting two claims under 42 U.S.C. § 1983, a retaliation claim and an Eighth Amendment claim stemming from alleged inadequate medical care and treatment Plaintiff had received after injuring his right shoulder. *See generally* ECF No. 17. The Defendants named in the Amended Complaint are the remaining KDOC Defendants and the Medical Defendants—all individuals who worked at or are associated with the El Dorado Correctional Facility ("EDCF"), where Plaintiff was housed at the time. The Amended Complaint also named the warden at the Lansing Correctional Facility ("LCF"), a property officer and a guard at LCF, all of whom have now been dismissed.

In screening the Amended Complaint, the Court found that it failed to state a retaliation claim:

> Plaintiff alleges in his Amended Complaint that "Property Officer Shaw has had my legal box since at least 23rd of October and refused to send it." (Doc. 17, at 4.) He further alleges that he was placed in a crisis medical cell "over anxiety caused by my pills Sigular which have been discontinued. In retaliation all my personal property was left in a four-man cell with three other inmates until Oct 23, 2023." *Id*. at 7. Plaintiff goes on to state, "Had it not been for this 42 U.S.C.

---

[2]  *See Waterman v. Bell*, 24-3220-JWL (filed on December 8, 2024); *Waterman v. Akley*, 24-3168-JWL (filed on September 24, 2024); *Waterman v. Cherokee County, Kan. Board of Commissioners*, 24-3159-JWL (filed on September 13, 2024); *Waterman v. Williams*, 23-3181-JWL (filed the same day Plaintiff filed this case).

> 1983 on EDCF Unit Team and unit managers my property would've been immediately packed up and not left to be stolen." *Id*.
>
> Plaintiff's allegations are conclusory. He does not assert specific facts supporting those conclusions. In fact, he seems to allege that the retaliation had more to do with his reaction to the discontinuation of a medication than the exercise of his constitutional rights. Plaintiff fails to state a claim for retaliation.

ECF No. 34 at 7 (show-cause order).  The Court subsequently dismissed Plaintiff's retaliation claim, which eliminated the three LCF Defendants. ECF No. 38 at 2.

But Plaintiff's Eight Amendment deliberate indifference claim survived screening and proceeded as to the KDOC Defendants and the Medical Defendants. *Id.*  As summarized in a prior screening order, the allegations forming the basis of the Eighth Amendment claim occurred while Plaintiff was housed at EDCF, and they concern alleged inadequate care and treatment for a shoulder injury.  ECF No. 19 at 1-2 (summarizing the allegations in the Amended Complaint pertaining to this claim).

After screening, this case was reassigned to the presently presiding District Judge and the undersigned Magistrate Judge.  On June 18, 2024, the Court entered a Scheduling Order requiring—among other things—that any motion to amend the pleadings must be filed by July 19, 2024; that all discovery requests must be served on or before December 13, 2024; and that any dispositive motions must be filed on or before January 24, 2025.  ECF No. 52.

Since that time, Plaintiff has filed a series of motions aimed at addressing grievances with the care and treatment he has received in the various facilities where he was housed.  *See* ECF Nos. 49, 50, 55, 69, 70, 77, 87, 90.  The Court has denied or found as moot all of these motions, oftentimes reminding Plaintiff to focus on the remaining Defendants and Eighth Amendment claim at issue in this case. *See, e.g.*, ECF No. 94 (denying a motion requesting an immediate transfer out of the Hutchinson Correctional Facility ("HCF") because of alleged mistreatment and medical

3

injuries caused by nonparties and noting that "Plaintiff's problem isn't a new one. Our court has warned plaintiff, time and again, that he can't bring motions . . . that are entirely unrelated to the pending case." (internal quotations omitted)).

Plaintiff filed his present motion to amend on November 21, 2024, which was filed more than four months after the expiration of the deadline for motions to amend the pleadings and within weeks of the December 13, 2024 deadline to serve any discovery requests. ECF No. 52 at 2. The proposed Second Amended Complaint is largely a continuation of Plaintiff's practice of attempting to use this litigation to address ongoing grievances with his conditions of confinement at other facilities he has been housed at, which are unrelated to the relevant time period for his claims in the operative Amended Complaint.

Specifically, the proposed Second Amended Complaint seeks to name seven additional party Defendants associated with at least three different facilities where Plaintiff has been housed. *See generally* ECF No. 89-1. The include: Jarred Watson, identified as an EDCF "RDU" manager—presumably referencing the reception and diagnostic unit at the facility; First Name Unknown ("fnu") Stopp, an HCF physician; (fnu) Roach, an individual associated with HCF "classification"; (fnu) Fox, an individual associated with HCF who also appears to be a named Defendant in a separate case Plaintiff filed while this Motion was pending (*Waterman v. Bell*, 24-3220-JWL, ECF No. 1); Casey Walker, potentially a health services administrator at HCF; John Doe, an LCF physician; and John Doe, identified as the director of health, "Topeka, KS." ECF No. 89-1 at 3.

The proposed amendments appear to concern new claims and allegations as to the proposed newly named Defendants. To the extent the proposed Second Amended Complaint seeks to add allegations or claims as to the existing Defendants, that is not apparent on the face of the proposed

4

Second Amended Complaint and Plaintiff's Motion to Amend does not indicate that this is the case. *See generally* D. Kan. Rule 15.1(a)(1) (requiring that a motion to amend a pleading must "set forth a concise statement of the amendment"). Rather, Plaintiff's Motion explains that he seeks leave to amend "due to ongoing constitutional violations toward plaintiff, new injuries to shoulder by KDOC officials, to seek new relief as conditions have changed." ECF No. 89 at 1.

To the extent the Court understands the proposed Second Amended Complaint, it asserts two claims: an Eighth Amendment deliberate indifference claim (Count I) and a retaliation claim (Count II). Highly summarized, the Eighth Amendment claim contains largely the same allegations as to the existing Defendants, but Plaintiff's proposed amendments include additional factual allegations as to proposed new Defendants regarding the more recent care and treatment provided to Plaintiff with respect to his existing shoulder injury. Plaintiff also alleges that he suffered "another shoulder injury" at HCF when he was placed in a cell "with a five food bean hole[,] forcing me to raise my shoulders and hands a foot in the air to be cuffed up." ECF No. 89-1 at 7. Plaintiff's proposed retaliation claim is premised on allegations that he was improperly transferred to minimum custody at HCF, which "is in direct conflict to this civil suit to retaliate." *Id.* Although somewhat unclear, the Court does not read the proposed Second Amended Complaint as attempting to assert a retaliation claim against the existing Defendants because the factual allegations underlying the retaliation claim concern the proposed new Defendants. *See generally* ECF No. 89-1 at 6-8.

## II.    DISCUSSION[3]

When a party moves to amend the pleadings after the deadline established in the scheduling order, as is the case here, the moving party must demonstrate "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Amended complaints also must comply with the Federal Rules governing joinder of parties and claims. *See Adkins v. Kansas*, No. 24-3120-JWL, 2024 WL 4202369, at *3 (D. Kan. Sept. 16, 2024) (reminding a pro se incarcerated Plaintiff that any amended complaint must "comply with the Federal Rules of Civil Procedure that govern joining claims and defendants in one lawsuit."); *Hawkins v. Bd. of Cnty. Commissioners of Coffey Cnty., Kan.*, No. 17-2687-KHV-ADM, 2019 WL 4034469, at *2 (D. Kan. Aug. 27, 2019) (considering joinder on a motion to amend).

In this case, Plaintiff's proposed amendments largely concern actions taken by proposed new Defendants and events occurring after the relevant time period set forth in the operative Amended Complaint. The Court first explains why the proposed amendments do not comply with the Federal Rules 18 and 20 governing joinder and next addresses why Plaintiff has failed to satisfy the Rule 16(b)(4) good-cause standard. Finally, the Court explains how, applying the Rule 15 standard, Plaintiff has unduly delayed and why allowing the proposed amendment would unduly prejudice Defendants. All these rules support denial of Plaintiff's Motion for the reasons explained below.

---

[3] Pro se litigants "are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does "not act as [an] advocate" for pro se litigants. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

### A. Rules Governing Joinder

Federal Rules of Civil Procedure 18 and 20 govern joinder of claims and permissive joinder of parties. Under Rule 20, defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

"While joinder is encouraged for purposes of judicial economy, 'the Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'" *Adams v. Kincaid*, No. 24-3135-JWL, 2024 WL 4542320, at *4 (D. Kan. Oct. 22, 2024) (quoting *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001)). In other words, "unrelated claims against different defendants belong in different suits." *Id.* (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.")).

The previously assigned District Judge explained the rationale behind requiring strict compliance with the joinder rules in prisoner suits:

> Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

>appeals that any prisoner may file without prepayment of the required fees.").

*Adams*, 2024 WL 4542320, at *4; *see also Waterman v. Conard*, No. 19-3237-SAC, 2020 WL 5642488, at *2 (D. Kan. Sept. 22, 2020) (putting Plaintiff on notice of the same requirements in a prior case).

"[U]nder Rule 18(a), a plaintiff may bring multiple claims against a single defendant" and, "[u]nder Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact." *Adams*, 2024 WL 4542320, at *4. A plaintiff may not, however, "bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action." *Id.*

Plaintiff's proposed Second Amended Complaint does not comply with these standards. This case concerns the alleged inadequate care and treatment provided to Plaintiff by the named Defendants—all individuals employed at or associated with EDCF. *See generally* ECF No. 17. Although the Amended Complaint references certain occurrences in 2022, the bulk of the factual allegations concerning the named Defendants appear to have occurred in 2023, the period when Plaintiff was housed in EDCF. *See generally id.* As stated in the *Martinez* report, Plaintiff resided at EDCF from approximately January 23, 2023, to October 3, 2023. ECF No. 24 at 4.

In contrast, Plaintiff's proposed Second Amended Complaint seeks to join seven new party Defendants and assert claims against them for events that transpired since the time Plaintiff filed the Amended Complaint—all of which concern either other facilities where Plaintiff was recently housed or the decision-making process as to where Plaintiff would be housed. Although Plaintiff proposes to join Jared Watson, identified as an EDCF RDU manager, the allegations concerning Watson do not involve the care and treatment provided to Plaintiff while he was housed at EDCF

8

in 2023. Rather, the proposed pleading alleges that Watson conspired with other proposed Defendants "in retaliation to send me to HCF to either be harmed or force me in segregation." ECF No. 89-1 at 7. The other factual allegations concern the concern other prison facilities where Plaintiff was recently housed—LCF and HCF. Certain factual allegations concern events alleged to have occurred the very month that Plaintiff filed his Motion, long after the relevant events in the operative Amended Complaint. *See, e.g., id*. at 7-8 (noting that Plaintiff had not received a requested accommodation "until 11-7-24 after two sick calls were placed over pain I was suffering" and "[o]n 11-8-2024 Classification Roach took my minimum custody").

The proposed pleading fails to comply with Rules 18(a) and 20(a)(2) because Plaintiff attempts to name new Defendants who do not appear to be connected to the existing claims by a common occurrence or question of fact or law. Moreover, the proposed claims are not related to the existing claims against the current Defendants. Even with respect to the proposed Eight Amendment claim, which is a claim Plaintiff asserts as to the existing Defendants, "joinder will not be allowed based solely on the assertion that the defendants committed the same type of violations in the same way." *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 5642324, at *11 (D. Kan. Sept. 22, 2020) (quoting 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1653 (3d ed. Supp. Apr. 2020)).

Plaintiff's proposed pleading is an attempt to shoehorn separate lawsuits into a case that has been pending for more than a year and is now at the end of the discovery period. Judges have routinely disallowed prisoners from bringing unrelated claims against different defendants that belong in different suits. *See, e.g., Adams*, 2024 WL 4542320, at *4 ("Plaintiff has set forth unrelated claims in his Complaint. Plaintiff raises claims regarding stolen property and retaliation at LCF, the failure to be provided a meal on one occasion at HCF, and his suicide attempt and

9

placement in segregation at EDCF. Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint."); *McLemore v. Saline Cnty. Sheriff's Off.*, No. 15-3202-JAR-DJW, 2016 WL 3522048, at *4 (D. Kan. June 28, 2016) ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in a separate action or actions would allow him to avoid paying the filing fees required for separate actions. It might also allow him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g)."), *aff'd sub nom. McLemore v. Darr*, 736 F. App'x 753 (10th Cir. 2018).

Because the proposed Second Amended Complaint does not comply with the Federal Rules governing joinder, the Court denies Plaintiff's Motion. *See Eravi v. City of Lawrence, Kan.*, No. 5:23-CV-4109-JAR-GEB, 2024 WL 3360447, at *9-10 (D. Kan. July 9, 2024) (denying a motion to amend for lack of compliance with Rule 20(a) among other rules). While Plaintiff could attempt to bring these claims against the proposed Defendants in a separate lawsuit, Plaintiff simply cannot assert those claims in this action.

### B.   Rule 16(b)(4)'s Good Cause Standard

Plaintiff also has not demonstrated good cause for the belated amendments either. "Rule 16(b)(4) is arguably more stringent than Rule 15, permitting scheduling order amendments 'only for good cause and with the judge's consent.'" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019-20 (10th Cir. 2018); *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) (same). If the movant does not establish good cause under Rule 16(b)(4), the Court must deny the motion and need not consider the second step of the analysis—whether to permit amendment under Rule 15. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019); *see also Gorsuch*, 771 F.3d at 1241 (characterizing the showing of good cause as "the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed"). The good-

cause standard "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* at 1240 (brackets in original). A party may satisfy this standard, for example, if it learns of new information through diligent discovery efforts or if the underlying law has changed. *See id.* Nevertheless, if a party knows of the conduct underlying the amendment but simply fails to raise the claims, then they are barred. *Id.*

Plaintiff does not address the good-cause standard, which alone is sufficient reason to deny the Motion. *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, No. 19-2620-JAR-ADM, 2020 WL 3892959, at *3 (D. Kan. July 10, 2020) (noting that defendant had failed to address the good-cause standard and that "[t]his alone is reason to deny the motion"). Although certain events at issue in the proposed Second Amended Complaint occurred after the deadline for amendments to the pleadings in this case, the Court has previously explained why these new claims against new Defendants are improper in this lawsuit under the rules governing joinder. These new factual allegations concerning proposed newly named Defendants, who are not connected to the existing claims, cannot satisfy the good-cause standard.

To the extent the proposed Second Amended Complaint is attempting to assert new claims or factual allegations as to the existing Defendants—which is not apparent—Plaintiff fails to show that he could not meet the existing July 19, 2024 deadline despite diligent efforts. As Defendants argue, Plaintiff has not received any discovery responses from which he could claim new evidence. ECF No. 97 at 4. And none of the factual allegations appear to concern any actions taken by the named Defendants that occurred *after* the deadline for amendments to the pleadings. In sum, Plaintiff has not addressed good the good-cause requirement, nor can the Court discern any basis from which it could find good cause on this record to allow amendments with respect to the remaining claim against the existing Defendants. Although the Motion is deniable on this basis

alone, the Court nevertheless addresses the Rule 15 standard because it provides an additional basis from which the Court could deny the Motion.

### C. Rule 15 Standard

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted." *Wheeler v. Bd. of Directors of Sterling Free Pub. Libr.*, No. 23-2401-EFM-ADM, 2024 WL 1720726, at *3 (D. Kan. Apr. 22, 2024) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

In this case, Defendants oppose the Motion on the grounds of undue delay, undue prejudice, and futility of the amendments. The Court addresses undue delay and undue prejudice below. Because the Court is denying the Motion on multiple grounds, including undue delay and undue prejudice, the Court declines to address futility. In this case, it is unnecessary to screen the proposed claims for futility because the Court has determined that the requested amendment should not be allowed on multiple other grounds.

#### 1. Undue Delay

Delay alone is not enough to deny a motion to amend. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 (10th Cir. 2006). But, at some point, delay becomes undue when it places an

unwarranted burden on the Court or when it becomes prejudicial by placing an unfair burden on the opposing party. *Id.* The above good-cause standard is similar to the undue delay analysis. *S.G. v. Shawnee Mission Sch. Dist., USD No. 512*, No. 20-2078-JAR-ADM, 2022 WL 3646221, at *5, n.46 (D. Kan. Aug. 24, 2022) (citing *Minter*, 451 F.3d at 1205 n.4).

For the reasons explained above, the Court finds that Plaintiff has unduly delayed in seeking to amend as it pertains to any amendments implicating the existing Defendants. Although many of Plaintiff's proposed amendments concern events taking place after the deadline for amendments to the pleadings, the Court has already explained why these proposed amendments fail to comply with the Federal Rules governing joinder. To the extent any amendments pertain to the current Defendants, Plaintiff offers no explanation as to why he waited months after the deadline for motions to amend the pleadings and until the end of the discovery period before seeking to amend.

### 2. Undue Prejudice

Undue prejudice to the nonmoving parties is the most important factor in determining whether to allow an amendment to the pleadings. *Minter*, 451 F.3d at 1207. A party may be unduly prejudiced when an amendment unfairly affects a party in preparing its defense, including when the amendments "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Defendants accurately characterize the proposed Second Amended Complaint as extraordinarily expanding this case after it has been pending for nearly a year-and-a-half and is at the close of discovery. ECF No. 97 at 2. They argue that granting the Motion would amount to allowing Plaintiff to rewrite his complaint in ways that would alter their defenses, including

necessitating new discovery and causing significant delay to a case that is nearly at the summary-judgment stage.  *See id.* at 4-5.

The Court agrees.  In addition to the delay caused by joining numerous additional, new Defendants and the assertion of claims arising from separate occurrences, the Court notes that the identity of many of these Defendants is questionable.  The proposed pleading names two Doe Defendants, which would itself likely require further amendments to formally name these parties and complicate service.  In sum, allowing the proposed amended pleading would be tantamount to starting a new case given the scope of the proposed pleading.

Because the Court finds undue delay and undue prejudice, these are additional bases for the Court to deny the Motion.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint, ECF No. 89, is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 19, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge