# In The United States District Court for the District of Kansas

Brian Waterman
Plaintiff

vs.

Dr. Harrod
Defendant

## Response to Production

Comes now, plaintiff Waterman pro se filing a response to Defendants Harrod, Madgwick, Knipps objection to produce discovery.

1. Medical records pretaining to right shoulder from HCF/EDCF/LCF/LSCF/RDU.

These medical records are covered by HIPPA and must be sought through Centurion first, Then KDOC can have them. This is a tactic to deprive plantiff of medical information for my defense. These records would show the ongoing sick calls for medical care. Also produce no physical therapy was completed.

2. Policies on bottom bunk Restrictions.

A. The defendant do not state how this request is overbroad, unduly burdensome, or how "a bottom bunk restriction policy is a trade secrets.

B. The complaint shows I was injuried due to this policy. or the policy was not used by defendants, causing my injury. Obviously this request was sent to Doctor Harrod. This policy sought is a direct defense for the plantiffs claim. Without this information it would be difficult

-1-

for the courts to determine a reckless disregard standard. if the policy was not followed by medical an Unit Teams then that is a deliberate indifference.

3. Policies on MRI- Orthopedic appointments - physical therapy such as delays- time frame Limitations.
   A. The defendants do state how this request is overbroad, unduly, burdensome, How these policies are trade secrets?
   B. This discovery sought refers to the complaint in delay. These policies would produce that Doctor Harrod and HSA Madgwick after my consoltation with the Orthopedic that a medical hold was to be placed on me until physical therapy was finished.
   C. These policies would produce delay left me in substantial harm, such as pain.

4. Policies on medical follow ups.
   A. would produce no medical follows were done at all.
   B. Defendants do not state how this request is over broad, unduly burdensome. Or How this is a trade secret.
   C. certainly not vague but direct.

5. KDOC contract to Centurion such as providing adequate medical care.
   A. The defendants do not state how this overbroad, unduly burdensome, or how this does not pertain to the case.

6. Policies on extra length hand cuffs/ belly chains restraints in seg.
   A. The defendants do not state how this request is overbroad, unduly burdensome. How this is a trade secret.
   B. This is mentioned in the complaint.
   C. The courts must understand Contemporary standard of care by Centurion. This information would help guide the courts.

7. All form 9 filed and grievances to medical through July 2022 to Nov. 17th, 2024.

A. Medical keeps copies as they are submitted to medical to answer not KDOC.

9. All physical therapy orders from LCF.

A. Once again Centurion is the custodian of medical records.

10. How many physical therapist per prison - And the delay in getting physical therapy done.

A. This would guide the courts in determining if there are physical therapists available an how often. As well as for my defense. If EDCF doesn't have a physical therapist available or if they do how long to get physical therapy?

11. Dr. Gordons responsibility for over seeing medical charts/ Policies.

A. The defendants do not state how this request is vague or overbroad

B. This is a direct question.

C. This information will produce if Dr. Gordon Failed to keep up on medical conditions and care.

12. policies on Serious medical conditions and responsibilities

A. The defendants do not state how this request is overbroad, unduly burdensome. How this is a trade secret to adequately care for individuals their responsible for.

without such information against medical professionals They can argue any medical reason why they delayed care, An allow them to escape liability. Which would totally deprive the plaintiff of any factual material as evidence against the defendants in a medical dispute. These requests are direct and appropriate.

-3-

Obviously the requests for discovery where sent to the Defendants attorney, meant for medical.

If the courts and Centurion-KDOC are uncomfortable with an inmate having such access to KDOC policies then Counsel must be appointed who can view such policies.

ive had medical policies before in <u>Brian Waterman v Cherokee County Jail</u>. These same answers were presented then too, by their attorneys. I was granted the discovery, against medical and their contract with the Cherokee County Sheriffs department.

an obviously my shouldered was injuried and I suffered Harm. Discovery should be granted in favor of the Plaintiff to prepare for Summary Judgment in order to produce a lack of Contemporary standard of care, a reckless disregard for serious medical conditions. This discovery will show they went outside the scope of their medical policies which caused me substantial pain an delay in medical care.

### Certificate of service

| | |
|---|---|
| Clerk of Court | Brian Waterman 126456 |
| U.S. Dist. Courthouse | HCF/A2-137 |
| 500 state Ave | P.O. Box 1568 |
| Kansas City KS 66101 | Hutchinson KS 67504 |

-4-