**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRIAN MICHAEL WATERMAN,

    Plaintiff,

    v.

GORDON HARROD, *et al.*,

    Defendants.

Case No. 23-3182-DDC-RES

## <u>ORDER</u>

This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's Response to Production and Response to Interrogatories. ECF Nos. 112 and 113. Defendants Gordon Harrod, Sarah Madgwick, and Kelly Knipp have filed a response brief opposing Plaintiff's Response to Production. ECF No. 116. The Court rules without awaiting further briefing because—to the extent the filings could be construed as motions—they are deniable on their face for the reasons explained below.

Plaintiff has filed what appear to be responses to Defendants' written discovery responses and objections. The filings potentially could be construed as attempted Golden Rule letters intended to meet and confer pursuant to Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. These types of communications should be sent to Defendants directly and should not be filed with the Court, just as discovery requests and responses should not be filed with the Court. *See generally* D. Kan. Rule 26.3(a) (explaining that discovery requests and responses should not be filed); D. Kan. Rule 37.1(a) (noting that if a pre-motion discovery conference is requested, the "court will inform the parties whether any information, other than a nonargumentative statement of the nature of the dispute, should be submitted or filed in advance of this conference. Unless otherwise

requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior to this telephone conference.").

In the second sentence of his Response to Interrogatories, Plaintiff states: "This motion is pro se." ECF No. 113 at 1. To the extent either filing could be construed or was intended as a discovery-related motion, such as a motion to compel, the Motions are denied for lack of compliance with both the applicable Federal Rules and Local Rules. Plaintiff does not state that he has exhausted his obligation to meet and confer with Defendants regarding their responses before raising any issues with the Court, and he has not requested a pre-motion discovery conference with the assigned Magistrate Judge prior to filing any discovery-related motion. *See* Fed. R. Civ. P. P. 37(a)(1) (requiring a certification that a moving party has in good faith conferred or attempted to confer); D. Kan. Rule 37.2 (requiring meaningful efforts to confer, which requires "that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so"); D. Kan. Rule 37.1(a) ("Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer in D. Kan. Rule 37.2, the party intending to file a discovery-related motion must contact the court to arrange a telephone conference with the judge and opposing counsel."). As Defendants state in their response brief, "Plaintiff's Motion contains no certification that he conferred with Defendants' counsel about the objections set out in Defendant's responses to Plaintiff's Interrogatories. And in fact, he did not do so." ECF No. 116 at 1.

Although it is not apparent that the filings are motions, the Court would deny them because neither document confirms that the parties have exhausted their meet-and-confer obligations to discuss the discovery responses and Plaintiff did not request a discovery conference in advance of filing any discovery-related motion.

**IT IS THEREFORE ORDERED** that to the extent Plaintiff's Response to Production (ECF No. 112) and Response to Interrogatories (ECF No. 113) could be construed as motions, they are **DENIED**.

**IT IS SO ORDERED.**

Dated: January 10, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge