IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    Plaintiff,

v.

(FNU) HARRED, et al.,

    Defendants.

Case No. 23-3182-DDC-RES

## MEMORANDUM AND ORDER

"Who," "what," "when," "where," and "why" often determine court rulings. And when those five Ws are hard to pin down, it's difficult for a court to grant any meaningful relief (even when relief is warranted). Here, plaintiff Brian Michael Waterman brings a 42 U.S.C. § 1983 claim alleging deliberate indifference to his medical needs while incarcerated. *See generally* Doc. 17 (Am. Compl.). He sues medical and corrections staff at the El Dorado Correctional Facility (EDCF)—part of the Kansas Department of Corrections (KDOC). *See generally id.* But across multiple motions in this case, Mr. Waterman's five Ws are a moving target.

Time and again, Mr. Waterman has sought injunctive relief from the court. And time and again, the court has denied his requests. Mr. Waterman has asked the court to enjoin non-parties to the action. *See* Doc. 53 at 2 ("Plaintiff seeks prospective relief based on speculative reasons from nonparties."); Doc. 67 at 3 ("Plaintiff seek[s] injunctive relief . . . against a nonparty in this litigation."); Doc. 94 ("[T]he court reminds plaintiff: He must not seek relief against persons (or entities) who are not parties to this action."). And he's demanded relief from parties who can't provide it. *See* Doc. 67 at 3 (recommending the court deny Mr. Waterman's motion for medical

care, in part, because state correctional defendants had no authority to provide the requested relief at a county jail).

Mr. Waterman also has moved for relief "largely or wholly unrelated to the claims in the case." Doc. 80 at 3. He's asked the court to transfer him out of confinement at multiple correctional facilities. *See* Doc. 16 at 4 ("Petitioner prays this court to issue an immediate transfer[.]"); Doc. 17 at 10 (Am. Compl. ¶ 2.1.) (seeking a transfer to "Larned or Elseworth for medical care, to prevent retaliation"); Doc. 49 at 1 (requesting a transfer from Cherokee County Jail to the "RDU");[1] Doc. 69 at 2 (not clearly requesting a transfer but noting that "the defendants and the court push to have me back at Ellsworth quickly"). And he's alleged—among other things—injuries to his shoulder, denied medical treatment and accommodations, hindered access to the courts, stolen mail, and overcharges on his bank account. *See, e.g.*, Doc. 14 (Motion to Order Warden Jesse Hoses and Unit Manager Williams to Stop Denying Plaintiff Access to the Courts); Doc. 16 at 2 (alleging KDOC officials "tampered with" and refused to send Mr. Waterman's outgoing mail); *id.* (alleging "KDOC is refusing to issue me boxers, socks, towel, or shirts"); Doc. 20 at 1 ("For the past year Central Bank Business Manager David Ferris has been over charging payments[.]"); Doc. 50 at 1 (alleging harassment through inadequate medical care); Doc. 87 at 1 (asserting HCF employees denied Mr. Waterman a mattress and extra-length handcuffs, exacerbating his shoulder injury).

Mr. Waterman's two pending motions present a new list of grievances. Mr. Waterman has filed a Motion for the Courts to Intervene (Doc. 99) and a Motion for Immediate Transfer (Doc. 104). This time, the *who* is the EDCF defendants and their "friends [or] coworkers" at

---

[1] The court assumes "RDU" stands for "Reception & Diagnostic Unit" at EDCF. *See* Doc. 53 at 1 n.1 (Magistrate Judge Schwartz reaching this conclusion because Mr. Waterman's filings failed to specify what he meant by "RDU").

Hutchinson Correctional Facility (HCF).  Doc. 99 at 1–2; Doc. 103 at 1 (emphasizing that Mr. Waterman currently resides at "Hutchinson Correctional Facility").  The *what* is an immediate transfer and an end to alleged "retaliation, mistreatment, [and] medical abuse[.]"  Doc. 99 at 5; Doc. 104 at 1.  And the *why* is "defendants Little, Buchanan, Scolari, Gordon Harred, Madgwick, [and] Knipp conspiring with [their] co-workers at HCF" and retaliating against Mr. Waterman by denying him a mattress, extra-length handcuffs, clean clothes, and cleaning supplies, and "blowing sewer" into his cell.  Doc. 99 at 1, 3; *see also* Doc. 104 at 1 (alleging "extraordinary pain" and refusal of clean clothes, cleaning supplies, and mattress).

Although Mr. Waterman's five Ws keep shifting across his many motions, his result doesn't.[2]  Once again, the court reminds Mr. Waterman that his motions must connect to the claims asserted in his Complaint.  In short, the Amended Complaint he's filed to commence this case can't function as an open forum—one where Mr. Waterman can air his newest grievance with KDOC or its representatives.

## I.    Background

Mr. Waterman frequents our court.  Under the Prison Litigation Reform Act (PLRA), he is a three-strikes litigant who has filed a number of cases in this judicial district.  *See* Doc. 101 at 1–2 (outlining plaintiff's litigation history).[3]  But despite Mr. Waterman's 20 some other strikes,

---

[2]    Because Mr. Waterman appears pro se, the court construes his pleadings liberally and holds him "to a less stringent standard than formal pleadings drafted by lawyers."  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court can't assume the role of Mr. Waterman's advocate.  *Id.*  And Mr. Waterman still must comply with procedural rules.  *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).  The court also can't "construct a legal theory on [Mr. Waterman's] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[3]    Mr. Waterman's 20 other cases, including five filed since this litigation began, are:  *Waterman v. Westhoff*, No. 18-3035-SAC (filed Feb. 16, 2018); *Waterman v. Tippie (Tippie I)*, No. 18-3092-JWB-KGG (filed Apr. 12, 2018); *Waterman v. Tippie (Tippie II)*, No. 18-3135-JWB-KGG (filed May 31, 2018 and consolidated with *Tippie I*); *Waterman v. CBM Foods*, No. 20-3108-SAC (filed Apr. 10, 2020); *Waterman v. Tippie (Tippie III)*, No. 18-3295-JTM-GEB (filed Dec. 14, 2018); *Waterman v. Conard (Conard I)*, No. 19-3093-SAC (filed May 17, 2019); *Waterman v. Conard (Conard II)*, No. 19-3237-SAC

the court concluded Mr. Waterman had satisfied the imminent danger exception to the three-strikes rule here. Doc. 6 at 2–3 (explaining that Mr. Waterman had pleaded "that he is in imminent danger of suffering serious physical harm"). So, the court permitted Mr. Waterman to proceed on this suit against a number of defendants who work at EDCF.[4] *Id.*

### A. Amended Complaint

Mr. Waterman presented two claims in his Amended Complaint, but just one survived. His surviving claim alleges an Eighth Amendment violation for defendants' deliberate indifference to his medical needs. Doc. 17 at 4 (Am. Compl. ¶ C.1.A.1.). Mr. Waterman alleges an injury to his right shoulder and that physical therapy wasn't completed from July 2022 to November 2023. *Id.* (Am. Compl. ¶ C.1.A.2.). According to Mr. Waterman, he filed internal grievances, but received no relief. *Id.* He also alleges defendants delayed his MRI, removed his bottom bunk restriction, and neglected to follow his extra-length handcuff requirement. *Id.* at 5–6 (Am. Compl. ¶ C.1.A.2.).

---

(filed Nov. 20, 2019); *Waterman v. Advanced Correctional Healthcare (ACH I)*, No. 20-3119-SAC (filed Apr. 23, 2020); *Waterman v. Groves (Groves I)*, No. 20-3154-SAC (filed June 3, 2020); *Waterman v. Degroot*, No. 20-3243-SAC (filed Sept. 24, 2020); *Waterman v. Bd. of Comm'ns of Cherokee Cnty., Kan. (Cherokee Cnty. I)*, No. 20-3320-SAC (filed Dec. 30, 2020); *Waterman v. Tippie (Tippie IV)*, No. 21-3097-SAC (filed Apr. 1, 2021); *Waterman v. Advance Correctional Healthcare (ACH II)*, No. 21-3142-SAC (filed June 10, 2021); *Waterman v. Groves (Groves II)*, No. 21-3206-SAC (filed Sept. 2, 2021); *Waterman v. Schnurr*, No. 22-3071-SAC (filed Apr. 10, 2022); *Waterman v. Williams*, No. 23-3181-JWL (filed July 26, 2023); *Waterman v. Akley*, No. 24-3168-JWL (filed Sept. 24, 2024); *Waterman v. Bd. of Comm'ns of Cherokee Cnty., Kan. (Cherokee Cnty. II)*, No. 24-3159-JWL (filed Sept. 13, 2024); *Waterman v. Bell*, No. 24-3220-JWL (filed Dec. 8, 2024); and *Waterman v. Zmuda*, No. 24-3239-JWL (filed Dec. 29, 2024).

[4]   Defendants Harrod (inaccurately styled in Complaint as "Harred"), Knipp, and Madgwick (Medical Defendants) are employed by Centurion of Kansas LLC. Doc. 24 at 4–5 (*Martinez* Report). They provided Mr. Waterman medical care at the times relevant to Mr. Waterman's Complaint. *Id.* Defendants (fnu) Buchanan, Scolari, and (fnu) Little (KDOC Defendants) were employed at EDCF at times relevant to Mr. Waterman's Complaint. *Id.* at 5.

B.  **Present Motions**

Now incarcerated at HCF, Mr. Waterman adds to his list of complaints in his Motion for the Courts to Intervene (Doc. 99) and Motion for Immediate Transfer (Doc. 104). He alleges defendants persist in harassing, mistreating, punishing, and retaliating against him. Doc. 99 at 1. He asserts that HCF employees removed his minimum custody and placed him in segregation. *Id.* at 2. He complains that he was denied a mattress, medical care, extra-length handcuffs, clean clothes, and cleaning supplies. *Id.* at 3. And, he says, HCF is "blowing sewer" into his cell. *Id.* He claims he received just one session of physical therapy for his torn shoulder, "prolong[ing] his] suffering." *Id.* at 4. What's more, he alleges officials at HCF handcuff him in a manner forcing him to raise his injured shoulder. Doc. 104 at 1 ("Warden Dan Schnuur and HCF Doctor have caused me to [retear] my right shoulder. They have placed me in a seg cell with a five foot bean hole. Forcing me to cuff up from the back[,] raise my shoulders up a foot[,] an[d] squeeze them together."). He says they've denied him a medical cell and removed his pain medication. *Id.* at 1–2. Finally, he alleges, his legal work was stolen from him and sent "back down stairs." *Id.* at 2.

The court takes up both motions, together, below.[5]

II.  **Motion for the Courts to Intervene (Doc. 99) and Motion for Immediate Transfer (Doc. 104)**

Mr. Waterman again seeks relief for his "day-to-day grievances" at Kansas correctional facilities. *See Tippie IV*, 2021 WL 4318069, at *9 ("Plaintiff [Waterman] is cautioned to refrain from filing motions regarding his day-to-day grievances with staff at the [Cherokee County Jail] when they are unrelated to the claims in this case."). This time, he does it in two motions—filed

---

[5]  Because Mr. Waterman's motions seek similar relief, present similar allegations, and suffer similar deficiencies, the court takes them up together.

just two weeks apart—that seek largely the same relief. *See generally* Doc. 99 (motion for the court to intervene, move Mr. Waterman to different housing, and order a stop to all retaliation); Doc. 104 (motion for immediate transfer to another facility). He asks the court to transfer him to a different, albeit unspecified facility that he later identifies as "ECF."[6] Doc. 99 at 5; Doc. 104 at 1. He asks the court to order an end to "all retaliation, mistreatment, [and] medical abuse[.]" Doc. 99 at 5. He argues that a transfer to ECF "would stop the retaliation." Doc. 104 at 1. And he asserts that by denying his efforts to postpone discovery, the court has shown favoritism to defendants and discriminated against "poor [and] indigent litigants." Doc. 99 at 4.

According to defendants, Mr. Waterman "speculates that the current defendants, who he alleged work at [EDCF], are somehow controlling the staff at HCF and causing the HCF staff to retaliate against him." Doc. 103 at 2. And defendants argue that Mr. Waterman improperly raises claims that have nothing to do with his Complaint, which is impermissible under the Prison Litigation Reform Act (PLRA). *Id.* Defendants also assert that Mr. Waterman's Motion for the Courts to Intervene is an attempt to "circumvent the Court's order denying his" motion to amend the complaint. *Id.* Defendants never responded to Mr. Waterman's Motion for Immediate Transfer (Doc. 104), however.

Mr. Waterman's motions expressly request immediate injunctive relief. *See* Doc. 99 at 5; Doc. 104 at 1. Based on Mr. Waterman's requested relief, the court liberally construes his motions as requests for a preliminary injunction.[7] The court must deny these motions for a

---

[6] The court assumes ECF refers to Ellsworth Correctional Facility.

[7] Our court frequently has construed Mr. Waterman's and other pro se litigants' motions in this manner. *See* Doc. 67 at 3 (construing motion asking court to compel Cherokee County Jail to treat Mr. Waterman's medical needs as motion for preliminary injunction); *Groves I*, No. 20-3154-SAC, 2021 WL 4318067, at *1 (D. Kan. Sept. 23, 2021) (construing Mr. Waterman's "Motion to Have Sgt. Montanye be Allowed to do her Job" as motion for preliminary injunction "[b]ased on the nature of the relief sought"); *Tippie I*, No. 18-3092-JWB-KGG, 2021 WL 764569, at *4 (D. Kan. Feb. 26, 2021) (construing Mr.

6

familiar reason: Mr. Waterman's allegations in these motions involve conduct unrelated to the claims in his Amended Complaint.

A.       **Allegations Unrelated to Complaint**

A preliminary injunction "movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks and citation omitted). The court has reminded Mr. Waterman—many, many times—to confine his motion practice to the scope of his Complaint. *See* Doc. 94 ("Our court has warned plaintiff, time and again, that he can't bring motions that are entirely unrelated to the pending case." (quotation cleaned up)). But it seems that Mr. Waterman has learned a bit about this problem. In his Motion for the Courts to Intervene (Doc. 99), he alleges that the KDOC and medical defendants collaborated with individuals at HCF to punish and retaliate against him. Doc. 99 at 1. So, instead of directing his ire strictly at nonparties, he loops in the defendants this time. *See id.* In his Motion for Immediate Transfer (Doc. 104), he mentions several nondefendants at HCF by name. Doc. 104 at 1–2. But "KDOC officials" are identified generally. *Id.* Mr. Waterman doesn't name the defendants. *See generally id.*

Nonetheless, Mr. Waterman's allegations in these motions still don't bear the requisite nexus to his live claims in this case. Mr. Waterman merely has an Eighth Amendment claim for deprivation of medical care remaining against the EDCF-affiliated defendants. *See* Doc. 17 at 4 (Am. Compl. ¶ C.1.A.1.); Doc. 38 at 2 (dismissing First Amendment retaliation claim). He now

---

Waterman's "Motion for Relocation from Cherokee County Jail" as motion for preliminary injunction); *Srader v. United States*, No. 23-3178-JWL, 2023 WL 5835029, at *9 (D. Kan. Sept. 8, 2023) (construing pro se detainee's "Affidavit in Support of Order to Show Cause" requesting immediate action as a motion for preliminary injunction); *Moore Bey v. Douglas Cnty. Corr. Facility*, No. 08-3036-JAR, 2008 WL 2783140, at *2 (D. Kan. July 15, 2008) (construing motion to prevent defendants from "starving him" as motion for preliminary injunction).

alleges grievances about his incarceration and conduct performed by individuals at HCF—not EDCF. *See generally* Doc. 99; Doc. 104. Mr. Waterman attempts to connect his current motions' allegations to the Amended Complaint by this thin thread: "defendants Little, Buchanan, Scolari, Gordon Harred, Madgwick, Knipp conspiring with their co-workers at HCF to punish, retaliate, [and] mistreat [Mr. Waterman] unconstitutionally[.]" Doc. 99 at 1. But Mr. Waterman never reinforces this thin thread with any factual allegations. And this singular conclusory allegation about conspiring is all that ties his current motions to his Amended Complaint. Our court has concluded that the court, at the preliminary injunction stage, "need only accept as true plaintiff's 'well-pleaded *factual* contentions, not his conclusory allegations.'" *Strope v. McKune*, No. 03-3310-JAR, 2006 WL 83115, at *1 (D. Kan. Jan. 4, 2006) (emphasis added) (quoting *Hall*, 935 F.2d at 1110 and adopting rule for 12(b)(6) motions on preliminary injunction motion).

What's more, the court already explicitly denied Mr. Waterman's earlier attempt to loop in HCF staff. Mr. Waterman tried to amend his Amended Complaint to include similar allegations against parties at HCF. *See* Doc. 89-1 at 3 (seeking to file second amended complaint including four HCF-affiliated defendants); *id.* at 5–8 (alleging harms occurring at HCF). But the court denied that motion. Doc. 101 at 14. United States Magistrate Judge Schwartz concluded that Mr. Waterman's proposed Second Amended Complaint failed to comply with the joinder standards in Federal Rules of Civil Procedure 18 and 20. *Id.* at 8. Rule 18 generally allows plaintiffs to bring "as many claims as it has against an opposition party." Fed. R. Civ. P. 18(a). But to join other defendants, plaintiff must assert a right to relief against them "jointly, severally, or. . . arising out of the same transaction, occurrence, or series of transactions or occurrences" or where common questions of law and fact will arise. Fed. R. Civ. P. 20(a)(2). As Judge Schwartz

concluded, "[p]laintiff attempts to name new [d]efendants who do not appear to be connected to the existing claims by a common occurrence or question of fact or law." Doc. 101 at 9. And "the proposed claims are not related to the existing claims against the current [d]efendants." *Id.* Now, Mr. Waterman appears determined to add those same rejected claims, but in a different way. But he can't use the current motions to shoehorn his requested relief against individuals at HCF into this case. *Cf. Nat. Am. Ins. Co. of Cal. v. Cigna Prop. & Cas. Cos.*, 144 F.R.D. 117, 118 (D. Kan. 1992) (denying motion for voluntary dismissal without prejudice when plaintiff was trying to circumvent effect of court's denial of motion to amend complaint).

Mr. Waterman's allegations reveal no connection—save one conclusory allegation—between the present motions and his Amended Complaint. So, the court can't grant his requested relief.[8]

## III.   Conclusion

The court is mindful of Mr. Waterman's pro se status. But the court has reminded Mr. Waterman, time and again, to confine his motions to the scope of his Amended Complaint. Mr.

---

[8]   Mr. Waterman also mentions his inability to view digital discovery while in segregated custody at HCF. *See* Doc. 99 at 4. And he later appears to allege that corrections officials at HCF are not allowing him to receive litigation documents. *See* Doc. 104 at 2 (alleging "A3 unit Team has told 3rd shift to keep sending my legal work back down stairs"). The court liberally construes Mr. Waterman's motions.

But the docket indicates that defendants sent Mr. Waterman paper discovery responses. *See* Doc. 102 at 1 (certificate of service on Mr. Waterman of Medical Defendants' responses to interrogatories and requests for production); Doc. 114 at 1 (notice of service on Mr. Waterman of response to discovery requests). Defendants also assured the court: they would continue to mail paper discovery responses. *See* Doc. 103 at 3. And Mr. Waterman responded to defendants' objections to his discovery requests. *See* Doc. 112; Doc. 113. So, there's no basis for the court to conclude Mr. Waterman was deprived of access to litigation documents.

And even if the court reached that conclusion, it wouldn't change the result here. Mr. Waterman's allegations about conduct at HCF aren't connected to defendants. The court can't grant relief that isn't connected to the case's Amended Complaint.

Waterman has failed to heed that instruction. The court can't advocate for Mr. Waterman, and it can't grant his requested relief in these motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Intervene (Doc. 99) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Immediate Transfer (Doc. 104) is denied.

**IT IS SO ORDERED.**

**Dated this 28th day of January, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**
