**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BRIAN MICHAEL WATERMAN,

      Plaintiff,

      v.

GORDON HARROD, *et al.*,

      Defendants.

Case No. 23-3182-DDC-RES

## <u>ORDER</u>

This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's Motions for a Discovery Conference.  ECF Nos. 125, 128.  Defendants have filed a consolidated response brief to Plaintiff's first-filed Motion.  ECF No. 127.  As explained in greater detail blow, because the Court cannot discern any issue ripe for a discovery conference, the Motions are denied.

**I.     Plaintiff's First-Filed Motion for a Discovery Conference, ECF No. 125**

On February 9, 2025, Plaintiff filed a motion requesting a discovery conference concerning discovery served on Defendants.  ECF No. 125.  The Motion broadly identifies the following issues: (1) Plaintiff is experiencing mail delays at the facility where he is housed; (2)  Defendants Gordon Harrod, M.D., Sarah Madgwick, and potentially Kelly Knipp (the "Centurion Defendants") had not responded "to my correspondence mailed over discovery" and had made "no attempts for a phone conference with me"; and (3) Defendants Jennell Buchanan, Nicole Scolari, and Zachary Little (the "KDOC Defendants") are "slow playing discovery" and providing "one excuse after another why they need more time" and "dragging discovery out until summary judgment motions." *Id.* at 1.

Under D. Kan. Rule 37.1(a), a party should only request a discovery conference "after satisfying the duty to confer or to make a reasonable effort to confer in D. Kan. Rule 37.2[.]" Additionally, the local rule requires that any request for a discovery conference be accompanied by "a nonargumentative statement of the nature of the dispute." Based on the information contained in Plaintiff's Motion, it was not apparent that the parties had exhausted their meet-and-confer obligations, and it was not clear what specific discovery disputes were at issue. To that end, on February 10, 2025 (the day after Plaintiff filed his first Motion), the Court directed Defendants to file a consolidated response brief addressing: "1) Defendants' understanding of the discovery requests and responses that may be at issue; and (2) the parties' efforts to meet and confer regarding these discovery disputes." ECF No. 126.

Defendants timely complied, and the response brief addresses each issue raised in Plaintiff's Motion. *See* ECF No. 127. Specifically, Defendants explain that "[c]ounsel for KDOC Defendants (on behalf of all defendants) spoke with Plaintiff on February 11, 2025[,] to discuss Plaintiff's concerns regarding the discovery and mail delays." *Id.* at 1. Defendants identify the following discovery requests served by Plaintiff and provide the updates below as to the status of Defendants' discovery responses:

- "Plaintiff issued a first round of discovery requests to Centurion Defendants on or around December 4, 2024. Centurion Defendants objected to those requests. Plaintiff filed a motion to compel responses, which was denied by the Court for Plaintiff's failure to comply with the local rules. Centurion Defendants have not received any communications from Plaintiff since the Motion to Compel was denied." *Id.* at 1-2.

- "Plaintiff issued First Discovery Requests to KDOC Defendants on or around November 25, 2025. KDOC Defendants served responses to those requests on January 9, 2025 (Doc. 114). Plaintiff confirmed that he received these responses." *Id.* at 2.

- "Plaintiff Issued Second and Third Discovery Requests on or about December 3, and 12, 2024.  KDOC Defendants served responses and produced documents responsive to those requests on January 23, 2025 (Doc. 123).  Plaintiff explained that he has not received these responses or documents.  Counsel for KDOC Defendants have not received any mail from Plaintiff regarding these discovery requests. . . .  Accordingly, counsel for KDOC Defendants agreed to re-mail those responses.  In fact, counsel asked KDOC staff to print documents and hand-deliver the responses and documents to Plaintiff on February 11, 2025[,] to avoid any possibility of additional mail delay. Counsel for KDOC Defendants received confirmation from KDOC staff that Plaintiff had received copies of KDOC Defendants' responses and document production responsive to Plaintiff's Second and Third Discovery Requests by 4:50 p.m. on February 11, 2025."  *Id.*

Defendants' response brief appears to most of the issues raised in Plaintiff's Motion.  The KDOC Defendants have addressed issues regarding alleged mail delays and have provided Plaintiff with additional copies of discovery responses that he contends he did not receive.

One issue appears to remain.  The Centurion Defendants stated that they have not received any communications from Plaintiff regarding discovery requests since the Court denied Plaintiff's motion to compel on January 17, 2025.  *See generally* ECF No. 127.  Although the Court's prior order denied the motion, that order made clear that Plaintiff's "filings potentially could be construed as attempted Golden Rule letters intended to meet and confer pursuant to Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2."  ECF No. 117 at 1.  It is unclear if counsel for the Centurion Defendants followed up with the pro se incarcerated Plaintiff regarding these letters to attempt to quickly resolve any lingering discovery issues.

Because Plaintiff and the Centurion Defendants may not have exhausted their meet-and-confer obligations with respect to any disputes concerning the Centurion Defendants' discovery responses, a discovery conference with the court is premature.  However, the Court directs counsel for the Centurion Defendants to contact Plaintiff by phone on or before **February 21, 2025**, to

3

meet and confer regarding the Centurion Defendants' responses to Plaintiff's opening discovery requests.

Because all of the issues for which Plaintiff requested a discovery conference have either been adequately addressed by the KDOC Defendants or are not yet ripe for a discovery conference because the parties have not exhausted their meet-and-confer obligations, the Motion is denied.[1]

## II.    Plaintiff's Second-Filed Motion for a Discovery Conference, ECF No. 128.

Plaintiff filed a second motion for a discovery conference on February 12, 2025—less than an hour after Defendants filed their response brief to the first Motion and before the Court had ruled on the first Motion.  ECF No. 128.  The Motion requests a discovery conference to discuss topics falling into the below three categories.

*First*, the Motion requests a discovery conference "to dispute discovery" provided by the KDOC Defendants to Plaintiff just days before.  *Id.* at 1.  To be clear, Plaintiff must meet and confer with the KDOC Defendants regarding any issues with the discovery responses provided to him on February 11, 2025, *before* requesting a discovery conference with the Court.  *See* D. Kan. Rule 37.1(a).  Additionally, any motion for a discovery conference must briefly describe the nature of the dispute.  *Id.*  A statement that Plaintiff plans to "dispute discovery" is not sufficient to put the Court or the KDOC Defendants on notice as to which discovery responses and objections are at issue.

---

[1]    Defendants also state that they do not oppose a reasonable extension to the dispositive motion deadline to ensure Plaintiff has sufficient time to review information provided to him on February 11, 2025.  ECF No. 127 at 2.  The Court does not read Plaintiff's first-filed Motion as requesting any extension of this deadline.  Because the Motion does not seek an extension, Plaintiff's Motion does not establish good cause for any extension of this deadline.

Typically, a party requesting a discovery conference identifies a specific discovery request at issue—i.e., Defendants' response to Request for Production No. 7—and explains why there is an ongoing discovery dispute about the response or objection.  From the face of Plaintiff's Motion, it is unclear what discovery requests remain at issue and the nature of the dispute regarding any such requests.  As far as the Court can discern, Plaintiff appears to disagree with Defendants' denial of Request for Admission No. 6.  ECF No. 128 at 1.  Plaintiff's mere disagreement with a denial, however, is not a proper basis to request a discovery conference with the Court because denials are specifically allowed under Fed. R. Civ. P. 36(a)(4).

*Second*, the Motion also restates the same issues as to the Centurion Defendants' failure to meet and confer with Plaintiff, as addressed above.  ECF No. 128 at 1.  Again, because Plaintiff and the Centurion Defendants have not exhausted their meet-and-confer obligations with respect to any disputes concerning the Centurion Defendants' discovery responses, a discovery conference is premature.

*Third*, the Motion raises additional issues concerning mail delays and issues related to individuals who are not parties to this case—going so far as to request that the Court sanction mailroom employees, who again are not parties in this litigation.  ECF No. 128 at 3.  These are not proper topics for a discovery conference.  A discovery conference is intended to efficiently address issues that may otherwise be raised in discovery-related motions—i.e., a motion to compel a party to fully respond to a written discovery request and similar motions.

For the above reasons, Plaintiff's second-filed Motion is also denied.  The Court cannot discern any specific discovery dispute that is ripe for a discovery conference at this time.  The Court again discourages Plaintiff from filing multiple motions seeking relief that overlaps with already pending motions.

**IT IS THEREFORE ORDERED** Plaintiff's Motions for a Discovery Conference, ECF Nos. 125 and 128, are **DENIED**.

**IT IS FURTHER ORDERED** that counsel for the Centurion Defendants must contact Plaintiff by phone on or before **February 21, 2025**, to meet and confer regarding the Centurion Defendants' responses to Plaintiff's opening discovery requests.

**IT IS SO ORDERED.**

Dated: February 14, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge