In The United States District Court for the District of Kansas

Brian Waterman
Plaintiff

vs.                                    Case no. 23-cv-3182-DPC-RES

Doctor Harrod
Defendant

## Plaintiff's motion for summary Judgement

Comes now, plaintiff waterman prose Pursuant to rule 56, Fed. R. Civ. P. plaintiff waterman requests this court to grant him summary Judgement as to the liability of the defendants Doctor Harrod, HSA Madqwick, Aprn Knipp, Unit Team Little, Unit Team scolari, Unit Manager Buchanan for the damages of medical abuse, cruel an unsual punishment, punitive and malicious acts of $3,500.00 por compensation by each defendant and $3,500.00 for punitive by each defendant. Plus court cost and attorney fees. A total of $21,000.00 compensation and total of 21,000.00 for punitive. Plus 30 hours of attorney fees for research, paper for a total of $3,000.00 and filing fees.

The reasons are there for set forth in plaintiffs declaration and Brief insupport of this motion.

## Undispute facts

1. Doctor Harrod Gordon is the Docter for Centurion, LLC fo Eldorado Correction facility. See Dr. Gordons affidavit in Martinez report.

—1—

2. I Brian Waterman am an inmate in the custody of the department of Corrections.

3. I had seen Doctor Gordon Harrod several times over the course of my incarceration at EDCF for my torn shoulder. See medical records.

4. Doctor Harrod had reviewed my medical records which consisted of X-ray of right shoulder, MRI results of partial tear of right shoulder, see medical records, affidavit of Doctor Harrod, affidavit of waterman.

5. Doctor Harrod, Gordon. had kept my bottom bunk restriction only from Jan 2023 until August 2023. On August 1st. 2023 It was taken and a recommendation only entered by Dr. Harrod and Aprn Knipp. See medical records on b/b.

6. As A result I was forced on top bunk to pull my weight off over 200 lbs up. Causing me to reinjury my shoulder and shoot pain all the way up to my elbow. See Amended complaint and Affidavit of waterman, medical records.

7. Doctor Harrod also did not follow up on a timely orthopedic consultation, after MRI showed partial tear in March of 2023. I had to file several grievances on that issue. See grievance.

8. From March to August 23rd 2023 a five month peroid I was denied to see the onsite orthopedic to assess my torn shoulder and he could only order physical therapy. Physical therapy is the only treatment to heal a partial Tear of the rotar cuff. Physical therapy must be administered before surgery can be determined. Doctor Harrod also delayed my physical therapy. See affidavit of waterman, complaint Amended. medical records.

9. Because of the lengthy delay to see the onsite orthopedic I did not get to start physical therapy at EDCF. see medical records.

-2-

10. There is no undisputed fact that inmates have a right to adequate and competent medical care that is not arbitary or malicious, which does not present a danger to the inmate. See IMPP 16-107D.

11. Doctor Harrod also ignored the medical records and x-ray of my left knee with bone spurs. For Bottom bunk restriction and bottom run, no stairs. See affidavit and medical records.

12. There was multiple medical factors that Doctor Harrod ignored when taking my bottom bunk restriction only, on August 1st, 2023. Affidavits of Harrod and Knipp Martinez report, medical records, affidavit of waterman, and Amended complaint.

### undisputed facts of Knipp's liability

1. Aprn Knipp works for Centurion Medical LLC at Eldorado Correctional facility in A cell at the time. See affidavit of Kelly Knipp Martinez report, affidavit of waterman. medical records.

2. Plaintiff waterman was a inmate at Eldorado Correctional Dacility in RHU cell house A.

3. Knipp listened to Unit Team Little to take my bottom bunk only restriction dispite substantial medical records and a serious medical condition to my right shoulder a partial tear. See Affidavit of waterman, Amended complaint, medical records, Affidavit of Knipp Martinez report.

4. Knipps reckless disregard placed me on top bunk forcing me to pull myself up, my weight at 200 lbs causing me to reinjury or add injury to my existing medical condition. See Affidavit of waterman, affidavit of knipp, Affidavit of Little, Amended complaint.

-3-

undisputed facts of
UT Littles liability

1. Zackary Little was a unit Team in cell house A at the time of Incident works for Kansas Department of Correction. Affidavit.

2. Plaintiff waterman is an inmate at Eldorado Correctional facility at time of the incident. see Affidavit of waterman

3. On August 1st 2023 unit Team Little went to Aprn Kelly Knipp and requested she take my bottom bunk only restriction so he did not have to move Inmate Nick shealdon as we both had bottom bunk only restrictions. See Affidavit of waterman, Amended complaint. Martinez response.

4. Unit Team Zackary Little deliberately Interefered in my medical care which caused me a serious medical Injury to my right shoulder. See Affidavit of waterman, Amended complaint.

undisputed facts of UT
Scolari Liability

1. Nocole Scolari is a unit Team at Eldorado Correctional facility an worked in A cell hause for the department of Corrections. See Scolari affidavit.

2. Plaintiff waterman is a inmate at Eldorado Correctional facility at the time of the Incident. See Complaint, Affidavit of waterman.

3. UT Scolari Came to my cell on August 3rd 2023 told me I had to move up top, that I did not have a bottom bunk restriction, that Inmate Nick shealdon required the bottom bunk. I was refused to be moved. I explained to her my right shoulder had a partial tear I was waiting for orthopedic assessment and physical therapy. See Complaint, affidavit of waterman. Medical records.

-4-

4. UT Scolari left and went to consult with UTM Buchanan. Scolari came back told me she an Buchanan will place me in a MRA cell. Take all my property, put me in boxers if I did not move up on Top bunk. So I complied with her direct orders. See affidavit of Waterman. See grievance on Scolari Emergency grievance.

5. After two sick calls and Filing to the federal courts was Nick Shealdon Moved and I granted bottom bunk once again.

6. Complying with UT Scolari and Buchanans order to sleep on top bunk I reinjuried my right shoulder by pulling myself up. causing great pain in my shoulder, shooting pain down to my elbow. I was left on Top bunk for several days afterwards. See Complaint Amended, Affidavit of Waterman. medical records.

undisputed facts of UTM
Buchanans liability.

1. Jennell Buchanan was a Unit Team Manager for A cell house at the time of the Incident an is employed by KDOC.

2. Plaintiff Waterman was a inmate at Eldorado Correctional facility in A cell house at time of the Incident.

3. In July of 2023 Nick Shealdon was placed in my cell we both had bottom bunk restriction only in the same cell. Buchanan and Scolari forced me on top bunk after being informed of my right shoulder injury. Buchanan ordered I be placed in a MRA cell if I did not comply with Scolari's direct order. That all my property be taken, and placed in my boxers. See affidavit of waterman, Amended complaint.

4. UTM Buchanan had hundreds of cells to explore for options for Bottom bunk. A1, A2, B1, B2, C1 cell segregation cell houses, But refused. Buchanan alleges in Affidavit and Admissions medical was consulted to keep me on top bunk with a partial tear in right Shoulder. See Admissions.

5. Buchanan did not respond to emergency grievance. Buchanan did fail to move Nick Whealdon or my self when learned that we both had bottom bunk restrictions. Buchanan did violate KDOC policies by having two bottom bunk restrictions housed in the same cell. See grievances no answered on August 3rd, 2023. See Admissions. See affidavit of waterman. Medical records of reinjury from being forced on Top bunk.

6. As a result of being forced to pull myself a 200lbs person up I reinjuried my shoulder right or caused further injury. sharp pain all the way to my elbow. See medical records, Affidavit of waterman, Amended Complaint.

Undisputed facts of
HSA Madqwicks liability

1. HSA sarah Madqwick is employed at Eldorado Correctional facility at the time of incidents. See Affidavit of Madqwick

2. plaintiff waterman was an inmate at Eldorado Correctional facility. at the time of the incident, see Affidavit of waterman.

3. Sarah Madqwick scheduled my MRI, is responsible for inmates health care appointments and needs. See medical records, IMPP 16-107D.

4. Madqwick did not timely schedule my orthopedic assessment, nor place any medical hold on me. after assessment was completed on Aug 23rd 2023 for physical therapy See medical records, affidavit of waterman, grievances, affidavit of madqwick.

—6—

5. Madgwicks substantial delay in scheduling a onsite orthopedic visit left me in substantial pain, which lead to further right shoulder injury. See IMPP 16-107D. grievances, affidavit of Waterman.

## Brief Insupport

"The blantat inadequacey of health care is perhaps the most appalling despite the fact that courts have recognized that inmates have a fundamental right to receive needed care" Estelle v. Gamble, 429 u.s. at 103-05, 97 S.ct. 285; Battles v. Anderson, 376 F.supp. at 424. An Inmate relies on prison officials to treat his medical needs; if the authorities fail to do so, those needs will not be met. In less than serious cases, denial of medical care may result in pain and suffering, which no suggests would serve any penologicial purpose" C.F. Gregg v. Georgia, 428 u.s. 153, supra, at 173,196 S.ct. 2909, 2924-25, 49 L.ED. 2d. 859 for a deliberate Indifference may be proven by showing that prison officials intentionally, denied, delayed access to or interfered with an inmates necessary medical care" Estelle v. Gamble, 429 u.s. 97, 104 (1979); Jones v. Hannigan 959 F.supp. 1400, 1406 (D.Kan. 1997) "where the symptoms such that a prison employee knew the risk to the Inmate and chose (recklessly) to disregard it" Verdicia v. Adams, 327 F.3d 1188, 1193 (10th Cir. 2003)

In situations where treatment was delayed rather than denied altogether, the tenth Circuit requires showing that the inmate suffered "substantial harm" as a result of the delay" Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000)

-7-

The substantial harm requirement may be satisfied by life long handicap, permanent loss, or considerable pain" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(Quoting Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)

The Supreme Court has insisted upon actual knowledge "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the Inference" Farmer v. Brennan, 511 U.S. 825, 837 (1994)" Inmates frequent complaints of severe pain" Webb v. Hamidullah, 281 F. App'x 159, 166-67 (4th Cir. 2008) "Obvious risk" when a risk is obvious it is circumstantial evidence of an officials awareness of serious medical need" Self 439 F.3d at 1231-32.

In Oxendine v. Kaplan, the court held a doctor who ordered daily infirmary visits and was aware of gangrenous black hand tissue for two weeks, yet only prescribed Tylenol with codeine was deliberately Indifferent." 241 F.3d 1272, 1277 & n.7 1278-79 (10th Cir. 2001) There the doctor provide some care, but failed to treat the condition properly and delayed referral to a specialist. Id. at 1277, n.7 1279. " should defendants view prevail everytime, Institutional doctors could shield themselves from constitutional liability by simply prescribing any mild over-the-counter pain reliever, regardless of symptoms.

It was evidently arbitary to force me on top bunk, and Threaten me with a punitive slam cell, As well as to deliberately delay much needed medical care.

A 'material fact' is one that might affect the outcome of the suit under governing law. A genuine issue exists if evidence is such that a reasonable

Jury could return a verdict for the plaintiff. Here the facts are undisputable, and the plaintiff is entitled to Judgement as a matter of law. Celotex corp., v. Catrett, 477 U.S. 317, 323, (1986); Savant homes, inc, v. Collins, 809 F.3d 1133, 1137, (10th Cir. 2016) It is undisputed that I have been in considerable pain from a untreated Torn right shoulder for 32 months, and may require surgery. I haven't seen a KDOC orthopedic since Eldorado in Kansas Department of corrections custody. That my range of motion is still limited.

## Relief Sought

Compensation of: $21,000.00. from each named defendant. $3,500.00.

Punitive damages: $21,000.00. From each named defendant.

Injunctive Relief: visit with Orthopedic for consultation for surgery to right shoulder, and timely physical thurapy afterwards.

Attorney fees of $3000.00 for 30 hours of legal research and cost. under 28 U.S.C 1988.

As well as court cost of filing fees.

This motion with Affidavit and exhibits is handed in to Unit Team Florez in A2 RHU cell house at Hutchinson Correctional facility on March 7th, 2025 to be E-filed to the United States District Court house 500 kan state Ave, Kansas City, KS 66101

## Certificate of Service

Clerk of Court
U.S. Dist. Courts
500 state Ave
Kansas City, KS 66101

Brian Waterman 126456
HCF/A2-137
P.O. Box 1568
Hutchinson, Ks 67504