IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRIAN MICHAEL WATERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:23-cv-03182-JWL |
| | ) | |
| GORDON HARROD, M.D., SARAH | ) | |
| MADGWICK, KELLY KNIPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS GORDON HARROD, M.D., SARAH MADGWICK, AND KELLY KNIPP'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT

COME NOW Defendants Gordon Harron, M.D., Sarah Madgwick, and Kelly Knipp ("Defendants"), through counsel, offer their Reply to Plaintiff Brian Michael Waterman's ("Plaintiff") Response to Defendants' Motion for Summary Judgement (Doc. 148). Under L.R. 6.1(d)(1), the Court should strike or alternatively, not consider Plaintiff's Response to Defendants' Motion for Summary Judgement due to Plaintiff's failure to comply with the applicable filing deadlines, failure to request an extension for such deadlines and for further reasons set forth below.

## ARGUMENT AND AUTHORITIES

1.    Plaintiff's filing must be disregarded, or, in the alternative, stricken, because it is untimely, was filed without leave of Court, introduces new claims that are not pled in his complaint, and requests relief the Court lacks authority to grant.

2.    Plaintiff's untimeliness is clear. Defendants served and filed their Motion for Summary Judgment and accompanying Memorandum in Support on March 7, 2025 (Docs.

138 & 139). Local Rule 6.1(d)(1) unequivocally requires the non-moving party to file any response within twenty-one (21) days of service, or, alternatively, to move for an enlargement of time before the expiration of the original deadline. Plaintiff did neither. Instead, he waited until May 21, 2025—seventy-five (75) days after service—to file his response. Fed. R. Civ. P. 6(b)(1)(B) allows a court to extend a deadline after it expires only upon a showing of excusable neglect, but Plaintiff has not sought such relief and only provides the excuse that kool-aid was knocked over the motion. (Doc. 148, p. 2). Because the response is facially non-compliant, the Court should strike it and deem Defendants' Motion for Summary Judgment unopposed.

3.      Even if the Court were inclined to overlook Plaintiff's procedural default, the substance of his filing provides no basis to deny summary judgment. Rather than confining himself to the claims pled in his complaint, Plaintiff attempts to inject entirely new theories that appear nowhere in his pleadings. A response brief is not the proper vehicle to amend a complaint. See Fed. R. Civ. P. 15(a) (governing amendments) and settled authority holding that a party may not raise new claims in opposition to summary judgment. The Court should disregard these theories in their entirety.

4.      Plaintiff's brief also seeks affirmative relief, requesting "a medical transfer to low medium ECF." (Doc. 148, p. 2). The Federal Rules do not permit a party to secure injunctive relief on a mere response.

WHEREFORE, Defendants Gordon Harron, M.D., Sarah Madgwick, and Kelly Knipp respectfully request that the Court strike Plaintiff's May 21, 2025, response as untimely and noncompliant with Local Rule 6.1(d)(1) or alternatively, decline to consider

any arguments or evidentiary submissions contained therein and for such other relief as the

Court deems appropriate.

SANDBERG PHOENIX & von GONTARD
P.C.


By: */s/ Katrina L. Smeltzer*
Katrina L. Smeltzer, #26623
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816.627.5332
816.627.5332 (Fax)
ksmeltzer@sandbergphoneix.com
*Attorneys for Defendant Gordon Harrod, MD,*
*Sarah Madgwick and Kelly Knipp*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June 2025, the foregoing was filed electronically with the Clerk of the Court to be served by Operation of the Court's electronic filing system upon the following:

Whitney L. Casement
Katherine E. Simpson
Stevens & Brand, L.L.P.
wcasement@stevensbrand.com
ksimpson@stevensbrand.com
*Attorneys for KDOC Defendants*

I hereby certify that on the 4th day of June 2025 the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Brian Waterman, 126456
Hutchinson Correctional Facility
HCF/A2-137
P.O. Box 1568
Hutchinson, Kansas 67504
*Pro Se Plaintiff*

*/s/ Katrina L. Smeltzer*_____