**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRIAN MICHAEL WATERMAN,

     Plaintiff,

     v.

GORDON HARROD, *et al.*,

     Defendants.

Case No. 23-3182-DDC-RES

## ORDER

     This matter comes before the Court on pro se Plaintiff Brian Michael Waterman's Motion for the Courts to Court Order Medical Care.  ECF No. 156.[1]  For the reasons explained below, the Motion is denied.

     As reflected on the docket, Plaintiff is currently incarcerated at the Ellsworth Correctional Facility.  Plaintiff's Motion, to the extent the Court understands the Motion, addresses in part the care he is receiving at that facility.  Defendant's lawsuit, however, relates to care he received at the El Dorado Correctional Facility.  *See, e.g.,* ECF No. 124 at 1.

     Plaintiff's Motion is the latest in a long line of motions denied by the Court in which Plaintiff has raised "grievances about his incarceration and conduct performed by individuals" at facilities outside of the El Dorado Correctional Facility and by individuals who are not defendants in this lawsuit.  *See id.* at 8.  As the District Judge has stated: "Time and again, Mr. Waterman has sought injunctive relief from the court.  And time and again, the court has denied his requests."

---

[1]  The Court liberally construes Plaintiff's pro se filings and holds him to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of Plaintiff's advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Id.* The Court then detailed the litany of motions Plaintiff has filed seeking various forms of relief from non-parties and for issues unrelated to the claims in this specific lawsuit. *Id.* at 1-3.

Plaintiff's current Motion is even less clear as to the relief Plaintiff requests or the legal authority entitling Plaintiff to any such relief. In one portion of the Motion, Plaintiff suggests that he may file a new civil lawsuit. *Id.* at 2 ("Or I file a new civil suit on ECF medical staff for interfering in prescribed orders by [an] acting physician."). The Motion also references the need for discovery. *Id.* at 2-3 ("At this juncture, the federal courts have jurisdiction to grant additional discovery the physical therapist orders. . . If this goes to trial[,] I will be having my lawyer as the federal courts normally grant one request [for] discovery of HCF medical files of the physical therapists, and further medical orders by superior medical professionals." *Id.* Plaintiff also references a potential amendment to the pleadings. *Id.* at 3 (suggesting that if this case goes to trial, Plaintiff will "then ask[] to amend my complaint"). And in the closing paragraph, titled "Relief Sought," Plaintiff requests "[a] court order granting Orthopedic consultation, to have defendants and [their] agency follow all medical orders[,] to give the courts weekly updates on my status for a hearing to discuss my medical care." *Id.* at 3.

The Motion fails to cite any legal authority entitling Plaintiff to any of the potential relief he requests, particularly at this stage of the litigation.[2] Discovery in this case is closed and

---

[2]    As the District Judge previously stated: "The court is mindful of Mr. Waterman's pro se status. But the court has reminded Mr. Waterman, time and again, to confine his motions to the scope of his Amended Complaint. Mr. Waterman has failed to heed that instruction. The court can't advocate for Mr. Waterman, and it can't grant his requested relief in these motions." ECF No. 124 at 9-10; *accord Moore Bey v. Douglas Cnty. Corr. Facility*, No. 08-3036-JAR, 2008 WL 2783140, at *4 (D. Kan. July 15, 2008) (ruling on a summary judgment motion and explaining that plaintiff had provided "no legal authority or discussion showing that the uncontroverted facts entitle him to relief on any theory" and because of this, the court declined "to construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Defendants have filed summary judgment motions. *See* ECF No. 52 (Scheduling Order stating that all discovery requests must be served by December 13, 2024); ECF Nos. 138, 142 (summary judgment motions). The deadline for motions to amend the pleadings passed in July 2024, and the Court previously denied a motion to amend in December 2024 in part because the request was four months after the pleading-amendment deadline. *See* ECF No. 52 (imposing a July 19, 2024 deadline to amend pleadings); ECF No. 101 (December 19, 2024 Memorandum and Order denying Plaintiff's motion to amend). As Plaintiff knows, D. Kan. Rule 15.1 requires that a party moving to amend the pleadings must "attach the proposed pleading," which Plaintiff did not do. D. Kan. Rule 15.1(a)(2); *see also* ECF Nos. 80 at 4; 86 (informing Plaintiff of D. Kan. Rule 15.1(a)'s requirements).

To the extent Plaintiff's Motion could be construed as seeking injunctive relief, the Court notes that Plaintiff is well aware of how to file a motion for preliminary injunction. Plaintiff previously filed a motion for injunctive relief that was titled as a "Motion for Preliminary Injunction" and set forth arguments relevant to the legal standard the Court considers on a motion for a preliminary injunction. *See* ECF No. 16. In the present Motion, Plaintiff does not explicitly seek injunctive relief, and he does not brief the legal standard governing motions for a preliminary injunction, despite his knowledge of this standard.

While Plaintiff is proceeding pro se, he still must comply with the applicable federal and local rules. Fed. R. Civ. P. 7(b)(1)(B)-(C) requires that all motions must "state with particularly the grounds for seeking the order" and "state the relief sought." Defendant has failed to state with

particularly the relief he is requesting, and his Motion is without any legal basis for such relief.

Consequently, this Motion is denied.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for the Courts to Court Order

Medical Care, ECF No. 156, is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 26, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

---

[3] Nothing in this order prevents Plaintiff from filing a subsequent motion related to the claims and defenses in this litigation or the Defendants named in this lawsuit. But the Court cautions Plaintiff that where he knows the legal standard governing his request for relief—either because he has previously briefed it or because the Court has previously issued a ruling setting out that legal standard—any forthcoming motion should address that legal standard.